UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

    Plaintiffs,

v.                                        Case No.: 8:22-cv-00986-TPB-JSS

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

    Defendants.
_____/

## DEFENDANT CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.'S REQUEST FOR JUDICIAL NOTICE

Defendant, Church of Scientology Flag Service Organization, Inc. ("FSO"), by and through undersigned counsel and pursuant to Rule 201 of the Federal Rules of Evidence, respectfully requests that, in connection with FSO's Motion to Compel Arbitration, or in the Alternative, to Dismiss Pursuant to Rule 12(b)(6) filed contemporaneously herewith, this Court take judicial notice of certain documents identified below, copies of which are attached as **Exhibits 1-5.** In support, FSO states:

    1.    Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of a fact that is not subject to reasonable dispute because it is either "(1) generally known within the trial court's territorial jurisdiction or (2) can be accurately

and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

2. Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(2). And "[t]he court may take judicial notice at any stage of the proceeding." *Id.* at 201(d).

3. A court may take judicial notice of a foreign ship's place of registry "because it is a matter of public record, and is capable of accurate and ready determination from such records." *Spector v. Norwegian Cruise Line Ltd.*, No. CIV.A. H-00-2649, 2002 WL 34100212, at *1 n. 1 (S.D. Tex. Sept. 9, 2002), *aff'd in part, rev'd in part on other grounds and remanded*, 356 F.3d 641 (5th Cir. 2004), *rev'd on other grounds*, 545 U.S. 119, 125 S. Ct. 2169, 162 L. Ed. 2d 97 (2005).

4. As such, FSO requests that the Court take judicial notice, as an adjudicative fact, of the Certification of the Consul General of the Republic of Panama, which confirms that the Freewinds is a foreign ship registered in the Public Registry of the Republic of Panama. A true and correct copy of this Certification is attached to the Declaration of Kenneth Weber filed in support of Defendant Church of Scientology Flag Ship Service Organization, Inc.'s Motion to Compel Arbitration or, in the Alternative, to Dismiss the Complaint, as Exhibit N. The document is reattached here for the convenience of the Court as **Exhibit 1**.

5. A court may also take judicial notice of articles in newspapers, on websites, or in other similar documents, "for the limited purpose of determining which statements the documents contain (but not for determining the truth of those

statements)." *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 n. 4 (11th Cir. 2015); *see also Turner v. Wells*, 879 F.3d 1254, 1272 n. 5 (11th Cir. 2018) (citing *Osheroff* and explaining that the court could "take judicial notice of videos produced or articles written about [plaintiff] that were filed by the [d]efendants[,]" but it could not "consider them for the truth of the matters they assert."); *United States ex rel. Bernier v. InfiLaw Corp.*, 311 F. Supp. 3d 1288, 1291 (M.D. Fla. 2018) (extending rule to information publicly available on websites). Moreover, these documents can be properly considered by a court for the purposes of a Rule 12(b)(6) motion to dismiss. *Osheroff*, 776 F.3d at 812 n. 4.

6.  Therefore, FSO requests that this Court take judicial notice, as an adjudicative fact, of the following documents for the limited purpose of determining that the documents contain the statements made therein, but not for determining the truth of such statements:

    a. The magazine article entitled "I Was Tom's Scientology Servant," dated December 19, 2011, which is attached to the Harris Declaration as **Exhibit 2**.

    b. The article entitled "Woman 'imprisoned' on Scientology cruise ship," most recently updated on November 29, 2011, which is publicly available at the url https://www.abc.net.au/news/2011-11-28/woman-27imprisoned27-on-scientology-cruise-ship/3700390 and attached to the Harris Declaration as **Exhibit 3**;

3

c. The article entitled "Scientology's Cruise Ship as Prison: The Voice Interviews Valeska Paris (UPDATED and CORRECTED)," dated November 29, 2011, which is publicly available at https://www.villagevoice.com/2011/11/29/scientologys-cruise-ship-as-prison-the-voice-interviews-valeska-paris-updated-and-corrected/ and attached to the Harris Declaration as **Exhibit 4**;

d. The online blog post entitled "Keepin' It Real on Father's Day" dated June 20, 2010, which is publicly available at the url https://markrathbun.blog/2010/06/20/keepin-it-real-on-fathers-day/ and attached to the Declaration of Charles M. Harris offered in support of this Request for Judicial Notice ("Harris Declaration") as **Exhibit 5**.

Respectfully Submitted,

/s/ *Charles M. Harris, Jr.*
CHARLES M. HARRIS, FBN 967459
BRIGID A. MERENDA, FBN 320500
Trenam Law
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Tel: 727.896.7171
Fax: 727.822.8048 (Facsimile)
charris@trenam.com
bamerenda@trenam.com
gkesinger@trenam.com
ranctil@trenam.com
*Attorneys for Defendants, Church of Scientology Flag Service Organization, Inc. and Church of Scientology Flag Ship Service Organization, Inc.*

## CERTIFICATE OF SERVICE

I certify that on July 12, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a true and correct copy to all counsel of record.

/s/ *Charles M. Harris, Jr.*
Attorney
