# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID MISCAVIGE, CHURCH OF SCIENTOLOGY INTERNATIONAL; RELIGIOUS TECHNOLOGY CENTER (RTC); INTERNATIONAL ASSOCIATION OF SCIENTOLOGISTS ADMINISTRATIONS (IASA); CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. (FSO); and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC. (FSSO),<br><br>Defendants. | Case No: 8:22-cv-986-TPB-JSS |

**PLAINTIFFS' MOTION TO EXTEND DEADLINE
TO PERFECT SERVICE ON DAVID MISCAVIGE**

Plaintiffs GAWAIN BAXTER, LAURA BAXTER, and VALESKA PARIS ("Plaintiffs") respectfully move for an extension of 90 days to effect service on David Miscavige from July 28, 2022, until October 26, 2022.

Plaintiffs brought this action on April 28, 2022, and the summons was issued on April 29. Pursuant to Fed. R. Civ. P. 4(m), a summons must be served within 90 days of issuance. Accordingly, the summons currently expires on July 28, 2022.

{00230850 }

"If the plaintiff shows good cause . . . the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  Plaintiffs have not yet perfected service on Miscavige, but good cause exists for an extension of time for service because Plaintiffs have engaged in diligent efforts attempting to serve Miscavige and are continuing to do so. Furthermore, Plaintiffs' investigation and attempts to serve Miscavige suggest that Miscavige is intentionally concealing his location and evading service, further warranting an extension of time for service.

## I. PLAINTIFFS' EFFORTS TO PERSONALLY SERVE MISCAVIGE

Plaintiffs have perfected service on and counsel have entered appearances for all corporate Defendants in this litigation (Defendants RELIGIOUS TECHNOLOGY CENTER, IAS ADMINISTRATIONS, INC., CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC., and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC.) ("the Scientology entities")). The individual Defendant, David Miscavige, however, has not entered an appearance. Plaintiffs have undertaken diligent efforts to locate and attempt personal service upon Miscavige, as detailed below. Plaintiffs submit that their efforts have been unsuccessful because Miscavige has deliberately obscured his whereabouts and is evading service.

Plaintiffs' diligent efforts to serve Miscavige have been ongoing and persistent since the issuance of the Summons until the filing of this motion.

Plaintiffs' efforts include hiring three process servers across two states. Plaintiffs first personal service attempt was on May 31, just days after the Summons was issued. As of July 28, 2022, the process servers have made thirteen separate personal service attempts at multiple locations in Florida and California from May through July.

Scientology security guards, however, prevented the process servers from entering any of the Florida addresses during every attempt at personal service. The guards refused to answer questions, provide information around Miscavige's whereabouts, confirm whether he has an office or resides at the locations, or even whether a Corporate Defendant has offices at such locations. For example, Plaintiffs' process server attempted to effect personal service at 118 N. Ft. Harrison Avenue, Clearwater, Florida, on July 26. RTC's website lists the address as a "Religious Technology Center Flag Ship Service Organization Office."[1]  Miscavige is RTC's Chairman of the Board and Defendant FSO owns and/or manages the building. When Plaintiffs' process server approached the location, a security guard immediately stopped him outside of the main entrance. The process server asked about the whereabouts of David Miscavige. The guard stated he did not know where Miscavige is currently living or where he works and refused to provide any

---

[1] *See* RELIGIOUS TECHNOLOGY CENTER, *Contact Information*, https://www.rtc.org/contacts.html, (last visited July 28, 2022).

{00230850 }

information. The guard would not even confirm whether RTC was located in the "Religious Technology Center Flag Ship Service Organization Office" and just repeatedly kept stating, "I don't know."

Plaintiffs' diligent efforts to serve Miscavige also include working with a private investigation company. Plaintiffs' counsel began looking for an investigator in May and spoke with multiple investigators. Plaintiffs have employed the current investigators since June 26, 2022 and continue to employ them. The investigators have conducted comprehensive proprietary database and open-source intelligence research. The investigators also surveilled multiple locations and observed Plaintiffs' process server attempt personal service at different locations, including at the "Flag Building" located at 215 S. Ft. Harrison Avenue, Clearwater, Florida where Plaintiffs' investigation suggests Miscavige's primary office is located, atop one of the building's turrets, and 551 N. Saturn Ave, Clearwater, Florida, a guarded, gated compound which Plaintiffs' investigation suggests is Miscavige's current residence.

In addition to the thirteen personal service attempts and use of a private investigation company, Plaintiffs conducted public records database searches on Westlaw and Lexis that included details on residence, assets, driver's license and voter registration records, and lawsuits regarding David Miscavige. Plaintiffs also investigated addresses and details mentioned in

4

{00230850 }

other litigation involving Miscavige, searched media and public sources to discern details on Miscavige's location, searched social media platforms, called multiple phone numbers listed in public record databases as numbers likely associated with Miscavige, and reviewed RTC, CSI, IASA, FSO and FSSO corporate documents accessible through the California, Florida and Delaware Secretary of State's business search functions.[2] Plaintiffs also sent a total of four requests to waive service, each containing a complete set of the documents required in Fed. R. Civ. P. 4(d), via Federal Express and U.S. Postal Service Priority mail, to David Miscavige c/o Religious Technology Ctr., Inc. 1710 Ivar Avenue, Suite 1100, Los Angeles, California (which is Defendant RTC's headquarters and is listed in public records databases as one of Miscavige's residential addresses) and c/o Church of Scientology, 215 S. Ft. Harrison Avenue, Clearwater, Florida, which Scientology boasts is its spiritual headquarters, is listed on Defendant RTC's website as one of its Clearwater office locations, and according to several knowledgeable sources in Plaintiffs' investigation is where Miscavige's primary office is located. All attempts to deliver were refused.

      Plaintiffs' efforts also include asking defense counsel for information regarding Miscavige's whereabouts. But defense counsel, like the Scientology

---

[2] Miscavige is RTC's Chairman of the Board, and, as alleged in the Complaint, he directly controls RTC and the other Corporate Defendants.

5

{00230850 }

security guards, refuse to provide any information on Miscavige's whereabouts or contact details. On May 17, 2022, Plaintiffs requested from RTC Counsel Christopher Oprison an address to serve a summons or deliver a waiver package to Miscavige, who is RTC's Chairman of the Board. Mr. Oprison replied that his "firm represents RTC only, not Mr. Miscavige in his individual capacity. RTC would not be authorized to provide this information in any event. . . . I do not speak for Mr. Miscavige personally, only RTC, but submit that Plaintiffs should dismiss him from this lawsuit forthwith." During a June 30, 2022, meet and confer, Plaintiffs' counsel asked counsel representing the Corporate Defendants for an address for Miscavige, or for a business address, or a mailing address. Defense Counsel stated they do not have any of that information and that their clients would not be authorized to provide it.

In sum, Miscavige has, so far, frustrated Plaintiffs' good faith and diligent efforts.  However, Plaintiffs are not giving up and, as set forth below, respectfully submit that good cause exists to warrant extending their time to locate and serve Miscavige.

## II.     THE COURT SHOULD GRANT PLAINTIFFS AN ADDITIONAL 90 DAYS TO EFFECT SERVICE

Plaintiffs request an extension of 90 days to effect service on Miscavige until October 26, 2022. Fed. R. Civ. P. 4(m) provides that a court may extend

6

time for service when "good cause" is shown.³ Good cause requires "some showing of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified." *Williams v. Publix Warehouse*, 151 F.R.D. 428, 431 (M.D. Fla. 1993) (internal citations omitted); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (good cause exists "when some outside factor… rather than inadvertence or negligence, prevented service.").

Plaintiffs' diligent efforts to serve Miscavige, detailed above, establish good cause for extending the time for service. *See, e.g., Wilson v. Transworld Sys., Inc.*, No. 5:00-CV-00135, 2000 WL 1310658, at *1 (M.D. Fla. Sept. 1, 2000) (finding plaintiff demonstrated good cause for an extension of time for service based on her efforts, including six attempts at personal service and investigating the defendant's whereabouts); *Davis v. U.S. Installation Grp. Inc.*, No. 9:12-CV-80392, 2012 WL 4511359, at *2 (S.D. Fla. Oct. 2, 2012) ("Given that Plaintiff has undertaken substantial efforts to locate and perfect service of process on [the defendant], the Court finds that there is good cause under Rule 4(m), and that the service deadline should therefore be extended.").⁴ Requesting an address or contact information from the

---

³ Rule 6(b)(1) likewise generally allows courts discretion to extend time "[f]or cause shown ... at any time . . . with or without motion or notice. . . . "
⁴ *See also*, *Ins. Co. v. Indus. Steel Fabricators*, No. 3:08-CV-00586, 2009 WL 10697072 (M.D. Fla. Feb. 2, 2009) (granting an additional 45-day extension to perfect service and allowing service by publication due to Defendant's evasion of service); *Lepone-Dempsey v. Carroll*

7

{00230850 }

Corporate Defendants' counsel likewise demonstrates Plaintiffs' diligent efforts and therefore supports a finding of good cause to enlarge the time for service on Miscavige. *See, e.g.*, *Capitol Specialty Ins. Corp. v. Rivera*, No. 6:14-CV-01134, 2015 WL 13801896 (M.D. Fla. Feb. 27, 2015) (inquiring whether defense counsel had provided plaintiff with defendant's last known address, which plaintiff had been unable to locate); *Wiggam v. Bamford*, 562 So. 2d 389, 391 (Fla. Dist. Ct. App. 1990) (finding plaintiffs did not show due diligence in attempting to locate the defendant for failure to ask the defendant's attorney about the client's whereabouts, which was an "obvious lead" to determine the defendant's whereabouts).

Plaintiffs are not without recourse and an extension is justified to allow them time to continue their efforts. In addition to continuing to investigate and pursue leads, Plaintiffs will be amending the Complaint no later than

---

*Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) (citing with approval Advisory Committee Note to 1993 Amendment to Rule 4(m) that "[r]elief may be justified, for example . . . if the defendant is evading service"); *Runjaic v. NCL (Bahamas) Ltd.*, No. 15-21133-CIV, 2015 WL 12860318, at *1 (S.D. Fla. July 22, 2015) ("if a plaintiff has undertaken substantial efforts to locate and perfect service of process on a defendant, the Court may find there is good cause under Rule 4(m) to extend the service deadline."); *Valera v. Sanchez Velez*, 814 F. 2d 821, 823-824 (1st Cir. 1987) (good cause found because defendant knew of complaint against him and evaded service); *D'Amario v. Russo*, 750 F.Supp. 560, 563 (D.R.I. 1990) ("Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120-day deadline be extended."); *Zachery v. Thigpen*, 895 F. Supp. 1472, 1474 (M.D. Ala. 1995) (citations omitted) ("courts have found that factors outside a plaintiff's control, such as . . . evasion of service of process," satisfy the "good cause" requirement of Rule 4(m)).

8

August 2, and those amendments will include detailed allegations of all their efforts. Florida and California law permit substitute service of process, which Plaintiffs intend to utilize, and Florida law offers an additional means of substitute process that first requires amending the complaint to set forth Plaintiffs' efforts. *See* Fl. Stat. § 48.161. Plaintiffs believe they can in good faith allege, and support with evidence, sufficient facts to demonstrate that Miscavige is intentionally and impermissibly evading service of process. Once Plaintiffs' reasonable efforts have been exhausted, which do not include scouring the ends of the earth, they will seek remedial relief from the Court. *See, e.g.*, *Luckey v. Smathers & Thompson*, 343 So.2d 53, 54 (Fla. 3d Dist.Ct.App.1977) (defendant had improperly evaded service where, "for the purpose of avoiding all legal matters, [he] secreted himself from the world and lived in isolation in a high security apartment refusing to answer the telephone or even to open his mail" and that "there is no rule of law which requires that the officers of the court be able to breach the self-imposed isolation in order to inform the defendant that a suit is filed against him."); *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-CV-00665, 2011 WL 3296812, at *1 (M.D. Fla. Aug. 2, 2011) (use of Florida substituted service statute § 48.161 was appropriate given that the defendant had concealed his whereabouts to evade service of process); *In Liquid Bits, Corp., et al. v. Trendon T. Shavers and Bitcoin Savings and Trust*, 1:14-CV-22869 (S.D. Fla.

9

{00230850 }

Aug. 8, 2014) (granting plaintiffs request to effect alternative service on an evasive defendant through an attorney that had previously accepted service of pre-suit legal documents on the defendant's behalf and was representing the defendants in a parallel lawsuit, but was not retained to represent the defendant in the instant matter); *Williams v. Publix Warehouse*, 151 F.R.D. 428, 433 (M.D. Fla. 1993) (finding good cause for plaintiff's failure to effect service within the allotted period and ordering that the defendant notify the court of either agreeing to waive service, agree to accept service by mail, or insist on service by U.S. marshal); *Goldstein v. Laurent*, 2010 WL 4237582, at *5 (S.D.N.Y. Oct. 15, 2010) (ordering attorney in action with access to information to provide the last known address of the defendant); *Holmes v. United States*, 2008 WL 111320, at *3 (W.D. Okla. Jan. 8, 2008) (ordering United States to provide last known address of the doctor whose acts plaintiff alleged U.S. was liable for where plaintiff had been unable to identify the doctor's address). Furthermore, if Miscavige continues to evade service, "actual notice of a complaint, coupled with good faith attempted service, may be sufficient to confer personal jurisdiction, especially when a defendant has acted to evade service." *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 671 (S.D. Fla. 1985). The "rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject

to the court's jurisdiction." *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006).

In light of their diligent and good faith efforts, and Plaintiffs' intent to bring Miscavige before this Court, an extension of the time to serve this slippery defendant or seek relief or assistance from the Court is both necessary and appropriate. *See Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, No. 2017 WL 11026834, at *5 (M.D. Fla. Aug. 17, 2017) (holding that plaintiffs' repeated attempts to serve the defendant and plaintiff's desire for the action to continue justified extending the time of service, even when it appeared that plaintiff lacked diligence in effecting service). Plaintiffs' substantial efforts to serve Miscavige, and their intent to continue their diligent efforts (including, if necessary, seeking the assistance of this Court), demonstrate good cause for an extension pursuant to Rule 4(m).

## III. <u>CONCLUSION</u>

For the above reasons, Plaintiffs respectfully request that the Court grant a 90-day extension of the Miscavige summons deadline, until October 26, 2022.

## LOCAL RULE 3.01(G) CERTIFICATION

Plaintiffs have been unable to contact Defendant Miscavige and do not know of any counsel representing him in this matter. Plaintiffs therefore ask that they be excepted from Local Rule 3.01(g).

Dated:  July 28, 2022                                Respectfully submitted,

/s/ Neil L. Glazer
Neil L. Glazer
Joseph C. Kohn
Zahra R. Dean
Aarthi Manohar
Elias Kohn
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
nglazer@kohnswift.com
jkohn@kohnswift.com
zdean@kohnswift.com
amanohar@kohnswift.com
ekohn@kohnswift.com

Gregory P. Hansel
  (Fla. Bar No. 607101)
Shana M. Solomon
Elizabeth F. Quinby
PRETI FLAHERTY BELIVEAU &
PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com

Theodore Leopold
  (Fla. Bar No. 705608)
Manuel J. Dominguez
  (Fla. Bar No. 0054798)
COHEN MILSTEIN SELLERS
  & TOLL PLLC
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstien.com
jdominguez@cohenmilstein.com

Agnieszka M. Fryszman (#459208)
Brendan Schneiderman (#1780968)
COHEN MILSTEIN SELLERS
  & TOLL PLLC
1100 New York Ave., N.W.,
  Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Warren A. Zimmerman
  (Fla. Bar No. 652040)
WARREN A. ZIMMERMAN, P.A.
4114 Sparrow Ct
Lutz, FL  33558-2727
(813) 230-1465
warren@wzimmermanlaw.com

13

{00230850 }

## CERTIFICATE OF SERVICE

I HEREBY Certify that a true and correct copy of the foregoing Notice of Appearance was electronically filed on July 28, 2022 with the Clerk of Court via the Court's CM/ECF system, which will send a notice of electronic filing and copy to all counsel of record.

*/s/ Neil L. Glazer*
Neil L. Glazer
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700

{00230850 }