UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

    Plaintiffs,

v.

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

    Defendants.

_____/

Case No.: 8:22-cv-00986-TPB-JSS

## DECLARATION OF WARREN MCSHANE IN SUPPORT OF DEFENDANT RELIGIOUS TECHNOLOGY CENTER, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Pursuant to 28 U.S.C. § 1746, I, Warren McShane, hereby declare under penalty of perjury that the following is true and correct:

1.    I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The matters set forth in this Declaration are based on my personal knowledge and I could and would competently testify thereto if called upon to do so.

2. I submit this Declaration in support of Religious Technology Center's ("RTC") Motion to Dismiss Plaintiffs' First Amended Complaint for lack of personal jurisdiction.

3. In 1983, I became a Director and Officer of Defendant RTC and in 1993, I became its President. I am responsible for the day-to-day activities and operations of RTC. I am responsible for the creation and execution of all legal agreements and contracts both internally and externally, including all trademark registrations and licenses.

4. RTC is a church of the Scientology religion. RTC was formed in 1982 and was assigned ownership of the Scientology trademarks by the Founder of Scientology, L. Ron Hubbard. RTC is responsible for the protection of the religion by ensuring adherence to the standard application of Mr. Hubbard's Scriptures, and ensuring that only authorized church organizations use the religious marks.

5. The Scientology religion is based on a vast body of religious writings by L. Ron Hubbard, the Founder of the religion. All but a small percentage of Mr. Hubbard's original written and recorded works have been published and made generally available. Among the unpublished works is a small body of special writings by Mr. Hubbard known as the "Advanced Technology," which contains confidential and proprietary information. This Advanced Technology is only available to Scientologists who have attained all prerequisite requirements per the Scientology Scripture. RTC owns the Advanced Technology as well as the trademarks of the Scientology religion. The religious services based on the

Advanced Technology are only available in seven specific Scientology churches ("Advanced Churches"). These seven Advanced Churches are located around the world and are licensed by RTC to use the Advanced Technology. RTC receives a licensing fee associated with the Advanced Technology from these Advanced Churches and uses such fee for religious and charitable purposes. RTC has a small number of staff located in these seven Advanced Churches to ensure that the Advanced Technology is ministered exactly per the Scientology Scripture.

6. Plaintiffs erroneously allege RTC is subject to "general and/or specific personal jurisdiction" in Florida. (ECF No. 79, ¶ 6.) None of the grounds advanced by Plaintiffs establish jurisdiction over RTC because they are false.

7. RTC is a resident of California, not Florida. RTC is a religious non-profit, tax-exempt corporation organized under the laws of the State of California. RTC has its principal place of business in California, is managed and governed from California where the vast majority of its officers, management and staff are located. RTC's headquarters are located at 1710 Ivar Avenue, Suite 1100, Los Angeles, California.

8. RTC does not engage in any business or business venture in Florida, as Plaintiffs allege. RTC is a religious organization, not a business, and does not have any shareholders.

9. Mr. Miscavige serves as Chairman of RTC's Board and is the ecclesiastical leader of the Scientology religion.

10. RTC is not required to maintain, and does not maintain, a registered agent for service of process in Florida.

11. RTC owns no real property in Florida.

12. RTC does not maintain any bank accounts in Florida.

13. RTC is not registered to, nor is it required to be registered to, conduct business in Florida.

14. RTC does not have any clients or customers that it serves in Florida or anywhere else.

15. From its offices in the seven Advanced Churches around the world, RTC engages in religious, not business, activities for the purpose of ensuring the orthodox ministration of the Advanced Technology. RTC's religious activities in Florida are also carried out by a skeleton staff in Clearwater, Florida.

16. RTC does not derive any fees from the licensing of the Scientology trademarks, as Plaintiffs allege. (ECF No. 79, ¶ 18.)

17. RTC does not own or control any churches of Scientology or "Scientology-affiliated entities and organizations" through issuing licenses, as Plaintiffs allege. (ECF No. 79, ¶ 18.)

18. RTC accomplishes its religious purpose by authorizing the use and supervision of the Scientology religious trademarks through a no-fee license with Church of Scientology International ("CSI"). CSI issues licenses to Scientology churches, missions, and field ministries around the world to use the Scientology religious trademarks without fees.

19. RTC is a separate and distinct legal entity from the Church of Scientology Flag Service Organization, Inc. ("FSO"), a Florida corporation. RTC does not own and has no ownership interest in FSO. Furthermore, RTC and FSO do not share any corporate officers or directors. RTC does not share, and has never shared, an office with FSO.

20. RTC is a separate and distinct legal entity from the Church of Scientology Flag Ship Service Organization, Inc. ("FSSO"), a Delaware non-profit religious corporation registered to do business in Florida. RTC does not own and has no ownership interest in FSSO. Furthermore, RTC and FSSO do not share any corporate officers or directors. RTC does not share, and has never shared, an office with FSSO as alleged by Plaintiffs.

21. RTC, whether acting alone or otherwise in concert with one or more of the Defendants as alleged in Plaintiffs' Complaint, never coerced Plaintiffs to join the Sea Org and never coerced or forced the Plaintiffs to provide unpaid labor and services aboard the *Freewinds* or at the Flag Base. (ECF No. 79, ¶ 2.) RTC never ordered, demanded, requested or otherwise required Plaintiffs to do anything. (ECF No. 79, ¶¶ 2-3.)

22. RTC never employed or paid any of the Plaintiffs. Plaintiffs have never been in debt to RTC for any reason.

23. RTC has never employed anyone named Javier Martinez, as Plaintiffs allege. (ECF No. 79, ¶ 93.)

I declare under penalty of perjury of the laws of the United States that my statements herein are true and correct.

Executed in Los Angeles, California this 23 day of August, 2022.

_____
Warren McShane