UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWAIN BAXTER, LAURA
BAXTER and VALESKA PARIS,

    Plaintiffs,

v.      Case No: 8:22-cv-986-TPB-JSS

DAVID MISCAVIGE, CHURCH OF
SCIENTOLOGY INTERNATIONAL,
INC., RELIGIOUS TECHNOLOGY
CENTER, INC., IAS
ADMINISTRATIONS, INC.,
CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.
and CHURCH OF SCIENTOLOGY
FLAG SHIP SERVICE
ORGANIZATION, INC.,

    Defendants.
_____/

## ORDER

Plaintiffs move the court for issuance of a summons directed to Defendant David Miscavige through the Florida Secretary of State to perfect substituted service upon Miscavige pursuant to Fla. Stat. § 48.161. (Motion, Dkt. 93.) Upon consideration, the Motion is **GRANTED**.

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Florida law, in certain circumstances, permits service of a defendant who

conceals his or her identity by serving the Florida Secretary of State. *See* Fla. Stat. §§ 48.161(1), 48.181(1); *see also EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210, 2011 WL 46119, at *1 (M.D. Fla. Jan. 6, 2011) (instructing plaintiff how to perfect service of process through substituted service). To support substituted service under Fla. Stat. § 48.161, "the plaintiff must allege in his complaint the ultimate facts bringing the defendant within the purview of the statute." *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (citing *Wiggam v. Bamford*, 562 So. 2d 389, 390 (Fla. Dist. Ct. App. 1990)). In other words, the plaintiff must allege "the nonresidence or concealment of the defendant." *Id.*

Here, the court finds Plaintiffs' allegations sufficient to allege concealment by Miscavige. Plaintiffs allege that they expended significant efforts to locate Miscavige, including employing a private investigation firm, conducting public records database searches, and contacting individuals affiliated with Defendants. (Dkt. 79 ¶ 7.) Plaintiffs also allege that they have made at least 14 attempts to personally serve Miscavige at various addresses and were unsuccessful each time. (*Id.* ¶ 8.) Plaintiffs further allege that Miscavige has taken affirmative steps to conceal his whereabouts and avoid service, including by directing security personnel at his residence and place of business to prevent Plaintiffs' process servers from effectuating service. (*Id.* ¶ 9.) Finally, Plaintiffs allege that Miscavige and his agents have refused delivery of four requests to waive service. (*Id.* ¶ 10.) Based on these allegations, the court finds that Plaintiffs have met the requirements for substitute service. *See, e.g., United States v. Shiffman*, No. 6:20-cv-1747-PGB-DCI, 2021 WL 4208697, at *3 (M.D. Fla. Apr. 16,

2021) (holding that United States met its burden of showing substitute service was appropriate where it made 10 unsuccessful attempts to personally serve defendant); *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812, at *1 (M.D. Fla. Aug. 2, 2011) (holding that the plaintiff was warranted in its use of substituted service after multiple attempts to serve the defendant at his home and after surveillance of the defendant's home).[1]

Accordingly, it is **ORDERED**:

1. Plaintiffs' Motion for Issuance of Summons (Dkt. 93) is **GRANTED**.
2. The clerk is directed to issue the summons attached to the Motion (Dkt. 93-1).

**ORDERED** in Tampa, Florida, on September 9, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] Plaintiffs are reminded that "statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. Am. Tripoli, Inc.*, No. 2:04-cv-485, 2007 WL 2071529, at *2 (M.D. Fla. July 17, 2007); *see also Kasby v. Upper Deck Bar & Grill, LLC,* No. 6:11-cv-152ORL36GJK, 2012 WL 13141504, at *3 (M.D. Fla. Sept. 26, 2012) (describing the proper procedure for effectuating substitute service) (quoting *EHR Aviation, Inc.*, 2011 WL 46119, at *1).