# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | : Case No: 8:22-cv-986-TPB-JSS <br> : |
| DAVID MISCAVIGE, CHURCH OF SCIENTOLOGY INTERNATIONAL; RELIGIOUS TECHNOLOGY CENTER (RTC); INTERNATIONAL ASSOCIATION OF SCIENTOLOGISTS ADMINISTRATIONS (IASA); CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. (FSO); and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC. (FSSO), | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## Plaintiffs' Motion for Order Declaring Defendant David Miscavige Served with Process and in Default

Plaintiffs Gawain Baxter, Laura Baxter, and Valeska Paris respectfully move the Court for an Order declaring Defendant David Miscavige served with process and entering default against him on the docket, pursuant to Federal Rule of Civil Procedure 55(a). Plaintiffs engaged in diligent efforts to locate and personally serve Miscavige, and when those efforts failed due to his intentional concealment of his location and evasion of service, Plaintiffs

served Miscavige by substitute service of process upon the Florida Secretary of State pursuant to Fla. Stat. § 48.161.  Plaintiffs have fully complied with the requirements of that statute, Miscavige has been served and he is in default.

### I.     FACTS

On April 28, 2022, Plaintiffs filed a complaint against Miscavige pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§1581-1597.  Plaintiffs filed an Amended Complaint on August 2, 2022, containing allegations concerning Miscavige's deliberate attempts to evade service, bringing Miscavige within the purview of the Florida substituted service statute. See Fla. Stat. § 48.161. On September 9, 2022, the Court entered an order finding that the Amended Complaint adequately alleged facts supporting the conclusion that Miscavige was evading service, and directing the Clerk to issue a summons for Miscavige in care of the Florida Secretary of State.  (Dkt. 97).

A. Plaintiffs' Investigation and Attempts at Personal Service

Plaintiffs' have engaged in diligent efforts to locate Miscavige for personal service, and to ascertain a mailing address for him at which waiver requests and notices may be sent.  This includes public records searches, review of court dockets in other cases in which service has been attempted, inquiries of former Sea Org members, and searches of public information on

2

the internet.  (Dkt. 141 ¶¶ 4-6, 8-13).  In addition, Plaintiffs requested that

Defendants provide either Miscavige's location or at least his mailing

address, but Defendants declined to provide any information.  (Dkt. 141 ¶

14).  Plaintiffs' investigation and service attempts are further outlined in

Plaintiffs' motions for extensions of the deadline to effect service upon

Miscavige (Dkt. 76, 98), the First Amended Complaint (Dkt. 79), and

Plaintiffs' Affidavit of Compliance with Fla. Stat. § 48.161 (Dkt. 141).[1]

Throughout the decades during which Miscavige has been the head of

Scientology, he has resided and worked in properties owned by Defendants.

(Dkt. 141 Ex. 1 Rinder Dec. ¶15).  Plaintiffs are informed that Miscavige

relocated to the Clearwater, Florida area, where he now works and resides,

including regularly appearing at Scientology events.  (Declaration of Aaron

Smith-Levin ¶12, attached hereto as Exhibit B).  (Dkt, 141. Ex 2).  Plaintiffs

have found no information reflecting Miscavige being located anywhere other

than Florida during the past two years.  Plaintiffs' process servers attempted

to personally serve Miscavige at five Clearwater, Florida addresses: 551 N.

Saturn Avenue, the residential complex in which Defendants maintain a

residence for Miscavige; 118 N. Ft. Harrison Avenue, a building listed on an

---

[1] In addition to attempting to personally serve Miscavige, Plaintiffs sent Miscavige requests to waive service, each containing a complete set of the documents required in Fed. R. Civ. P. 4(d), via both Federal Express and U.S. Postal Service Priority mail. (Dkt. 79 ¶ 10). All attempts to deliver were refused.

RTC website as one of its office addresses; 215 S Ft. Harrison Avenue,

Scientology's spiritual headquarters (in which Plaintiffs are informed that

Miscavige's primary offices is located); 210 S. Ft. Harrison Avenue, FSO's

Fort Harrison Building, at which Defendants have promoted Miscaviges'

regular appearances at Scientology events; and 200 N. Osceola Avenue, the

Sandcastle building where Plaintiffs are informed RTC maintains offices at

which Miscavige attends meetings.  (See Smith-Levin Decl. ¶¶ 4-12).  At each

of these locations, Defendants' security staff refused to permit Plaintiffs'

process servers to enter and refused to answer any questions about

Miscavige.  (Exs.  3, 5).

There are no publicly available records of any recent residential

address for Miscavige, but his last known address is 6331 Hollywood

Boulevard, Los Angeles, California, which is also the address for Defendant

Churh of Scientology Internaitonal's corporate headquarters.  In 1991 and

1995, Miscavige was cited for traffic infractions in Pinellas County, Florida,

and those records list his address as 6331 Hollywood Boulevard.  (Declaration

of Zahra R. Dean, attached hereto as Exhibit A (the "Dean Declaration"),

Exhibit 1 (1991 and 1995 traffic citation records from Register of Actions for

Pinellas County, Florida)).  Public records searches conducted by Plaintiffs

Counsel through Westlaw and Lexis indicated that 6331 Hollywood

Boulevard is the last known address for Miscavige, (Dkt. 141, ¶¶ 5, 7), as did a search of proprietary databases and open source intelligence conducted by Plaintiffs' private investigator, Keck Investigation Service, LLC. (Dkt. 141, ¶ 9, Dean Declaration, ¶ 3).

Plaintiffs attempted to serve Miscavige at 6331 Hollywood Boulevard, but their process server was turned away by building security. (Dkt. 141, ¶16.f.).  Because he is Defendant RTC's Chairman of the Board, Plaintiffs also attempted to personally serve Miscavige at RTC's headquarters at 1710 Ivar Avenue, Los Angeles, California.  Nobody answered the buzzer. (Dkt. 141, ¶ 16.g.).  Plaintiffs believe these addresses to be separate entrances for the same building.

### B. Substitute Service of Process

On August 31, 2022, Plaintiffs moved the court for issuance of a summons directed to Defendant David Miscavige through the Florida Secretary of State to perfect substituted service upon Miscavige pursuant to Fla. Stat. § 48.161.  (Dkt. 93).  On September 9, 2022, the Court granted Plaintiffs' motion, finding that the Amended Complaint alleged facts supporting the inference that Miscavige was concealing his location to evade personal service. (Dkt. 97.)

On September 14, 2022, Plaintiffs served Miscavige with process through the Florida Secretary of State pursuant to Fla. Stat. § 48.161, by having a process server hand deliver the summons, First Amended Complaint, and a check in the amount of $8.75 to the Secretary of State's office. (Dkt. 141, Exs 6 and 17).

On September 15, 2022, Plaintiffs sent notice of service and copies of the summons and Amended Complaint by U.S. certified mail, return receipt requested, to Miscavige at his last known address, 6331 Hollywood Blvd., Los Angeles, California; as well as 1710 Ivar Avenue, Los Angeles, California (RTC headquarters), and eight additional addresses Plaintiffs' investigation turned up as associated with Miscavige: 551 N. Saturn Avenue, Clearwater, Florida, 33755 (Sea Org residential complex where Miscavige's residence is located); 215 S. Ft. Harrison Avenue, Clearwater, Florida, 33755 (the Scientology Flag Building, where Miscavige's primary office is located); 210 S. Ft. Harrison Avenue, Clearwater Florida, 33755 (FSO's building, the Fort Harrison, where Miscavige appears at weekly Scientology gatherings); 118 N. Ft. Harrison Avenue, Clearwater Florida, 33756 (RTC offices); 200 N. Osceola Avenue, Clearwater, Florida, 33756 (Sandcastle building, where RTC also has offices); 4810 Sunset Boulevard, Los Angeles, California, 90027 (the Church of Scientology of Los Angeles); 1306 L Ron Hubbard Way, Los Angeles, California 90027 (the Church of Scientology Advanced Organization

6

in Los Angeles); and 1721 N. Sycamore Avenue, Los Angeles, California, 90028 (Miscavige's former Los Angeles residence)).

Plaintiffs also sent the notice, summons and Amended Complaint to Miscavige's California counsel, who represents him in litigation challenging substituted "drop" service in state court actions against him and several of the Defendants herein, and requested that the attorney provide those papers to Miscavige.  (Dkt. 141 ¶ 24).

On October 10, 2022, Plaintiffs filed their Declaration of Compliance with Florida Statute Section 48.161 for Substitute Service on David Miscavige and informed the Court that the notice mailed to Miscavige at 6331 Hollywood Boulevard, Los Angeles, California, was in the Postal Service system en route back to Plaintiffs' Counsel.  (Dkt. 141 ¶ 22.f.).  Plaintiffs also provided copies of return receipts returned by the Postal Service and other information about the parcels mailed to Miscavige, and informed the Court that they were awaiting additional documentation from the Postal Service. On December 5, 2022, Plaintiffs filed their Supplemental Declaration with additional return receipts.  (Dkt. 151).  As set forth in the Supplemental Declaration, on November 12, 2022, Plaintiffs' Counsel received the parcel sent to 6331 Hollywood Boulevard from the Postal Service, marked "returned to sender."  (Dkt. 151, Ex. 1).  U.S.P.S. was unable to deliver any of the ten parcels. (Dkt. 141 Ex 7-16 and Dkt. 151 Ex 1-5).

## II.    ARGUMENT

"The rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006).  Neither those rules nor Constitutional requirements of due process place Plaintiffs "entirely at the mercy of elusive defendants . . . who becloud[] [their] whereabouts . . . ." *National Labor Relations Board v. Clark*, 468 F.2d 459, 464 (5th Cir.1972).[2]  "[D]ue process does not require receipt of actual notice in every case," *id.*, and "there is an exception to the statutory service requirements where a party actively evades service by fleeing the process server or purposefully isolating himself." *Mcgee v. Cook*, No. 8:09-CV-2543-T-27TGW, 2011 WL 1365024, at *3 (M.D. Fla. Apr. 11, 2011).  Florida courts strongly disfavor such "gamesmanship."  *Bonafide Properties, LLC v. Bank of New York Mellon*, No. 5:21CV54-TKW-MJF, 2021 WL 1186332, at *1 (N.D. Fla. Mar. 29, 2021). In such circumstances, as is the case here, service of process standards are relaxed and substituted service or notice by other means is permitted.  *United States v. Todd*, No. 3:11-MC-52-J-37TEM, 2012 WL 13136992, at *2 (M.D. Fla. Feb. 7, 2012), *report and recommendation*

---

[2] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) *(en banc)*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*adopted*, No. 3:11-MC-52-J-37TEM, 2012 WL 13136993 (M.D. Fla. Mar. 5, 2012); *see also Mcgee*, 2011 WL 1365024 at 3 (same).[3]

Rule 4 of the Federal Rules of Civil Procedure provides that a defendant can be served with process pursuant to state law. Fed. R. Civ. P. 4(e)(1); *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938 (11th Cir. 1995). Under Florida law, personal service for a defendant who intentionally evades service may be made on the Secretary of State pursuant to Fla. Stat. § 48.161. Plaintiffs bear the burden of proving the defendant's evasion of personal service, and before they can avail themselves of the statutory procedure in § 48.161, they must allege in their complaint (or amended complaint) facts sufficient to support the inference of the defendant's concealment or evasion. (Dkt. 97 at 2) (citing *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (citing *Wiggam v.* Bamford, 562 So. 2d 389, 390 (Fla. Dist. Ct. App. 1990)).

The Court has already found that the Amended Complaint alleges sufficient facts to meet this requirement. (Dkt. 97 at 3) (citing *Verizon Trademark Servs., LLC v. The Producers, Inc.*, No. 8:10-cv-665-T-33EAJ 2011 U.S. Dist. WL 3296812 (M.D. Fla. 2011)). As set forth above, Plaintiffs have submitted declarations and exhibits supporting those allegations and

---

[3] This has long been the rule in Florida. *See, e.g.*, *Robb v. Picarelli,* 319 So.2d 645, 647 (Fla. 3d DCA 1975); *Olin Corp. v. Haney*, 245 So.2d 669, 671 (Fla. 4th Dist. Ct. App. 1971); *Liberman v. Com. Nat. Bank of Broward Cnty*., 256 So. 2d 63, 63 (Fla. Dist. Ct. App. 1971).

setting forth additional facts concerning their diligent, but unsuccessful efforts to locate and serve Miscavige.  There is more than enough evidence to demonstrate that he has intentionally concealed his location and erected obstacles to evade personal service of process.  (Dkt. 141 ¶¶ 4-6, 8-14, 16-19, 21-22, 24-25, and Exs 3-5).

According to Michael Rinder, the former head of Defendant's Office of Special Affairs, who was responsible for overseeing all legal matters for Defendants, Miscavige's evasion of service of process is systematic and routine: pursuant to Miscavige's direction, measures are taken to shield him from service of process, including directing security guards to refuse entry to anyone seeking to serve him and to refuse to divulge any information about his whereabouts or to answer any question with anything other than "I don't know, please leave."  (Dkt. 141, Ex. 1, ¶15).  This is precisely what Plaintiffs' process servers encountered in this action, (Dkt. 141, Exs 3-5), and affidavits of service filed in other civil actions show that process servers have encountered similar obstacles.[4]  (Dean Declaration, Exhibits 2-5).

---

[4] In both *Jane Doe v. Church of Scientology International, et al,* 19stcv21210 (Superior Court of the State of California, County of Los Angeles) and *Chrissie Carnell Bixler, et al. v Church of Scientology International, et al,* 19STCV29458 (Superior Court of the State of California, County of Los Angeles), counsel for Miscavige specially appeared and moved to quash the affidavits of service for failing to follow California procedures applicable to substitute "drop" service.  Those procedures are not applicable here.

In evaluating whether a plaintiff's unsuccessful efforts to serve a defendant were adequate enough to justify resort to substituted service, the question is "not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [plaintiff's] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [plaintiff] to effect personal service on the defendant." *Verizon.*, 2011 WL 3296812 at *3 (citations omitted). *See also Gulf Winds Fed. Credit Union v. Bldg. Comm., Inc.*, Case No. 3:07–cv–468/RS–MD 2009 WL 10676622 (N.D. Fla. 2009) (finding "ample evidence on the record of due diligence on the part of [plaintiff] in searching for [defendant]").  Plaintiffs exercised reasonable diligence in their efforts to serve Miscavige and he has intentionally and successfully evaded service. Plaintiffs were thus entitled to serve him through the Secretary of State, which they accomplished by delivering to the Secretary of State a copy of the summons addressed to Miscavige in care of the Secretary of State, along with a copy of the Amended Complaint and a check for the required processing fee.  (Dkt. 141 Exs. 6 and 17).

Once service has been effectuated, the statute requires the following additional steps: "(1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant at his "last known

address"; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance." *See Verizon*, 2011 U.S. Dist. WL 3296812 at *4 (citations omitted).

As described above, Plaintiffs sent notice documents by certified mail to Miscavige at his last known address, 6331 Hollywood Blvd., but it was returned to sender with the unsigned return receipt. (Dkt. 141, Ex. 12; Dkt. 151, Ex. 1). The parcel sent to Miscavige at RTC's corporate headquarters, 1710 Ivar Avenue, was refused on September 19, 2022, and then lost in the Postal Service system. (Dkt. 141, Ex. 13; Dkt. 151, Ex. 4). The Postal Service was unable to deliver any of the other parcels. (Dkt. 141, Exs. 7-16; Dkt. 151, Exs. 1-5).

Plaintiffs submit that further efforts are not required and would be fruitless. For decades, Miscavige has both resided and worked in properties owned by Defendants. (Dkt. 141, Ex. 1 , Rinder Dec. ¶ 15.). There are no publicly available records associating Miscavige with any address other than a Scientology-owned location. Although the corporate Defendants are clearly in the best position to know, their respective counsel informed Plaintiffs Counsel that their clients declined to provide a mailing address for Miscavige. (Dkt. 141 ¶ 14).[5]

---

[5] As noted above, nor would counsel representing Miscavige in his challenges to service in the California state court actions, and Plaintiffs do not know if he shared the notice papers sent to him with his client, Miscavige.

12

However, while Miscavige and the Defendants have made it virtually impossible to deliver any papers to him, there is no room to doubt that he is aware of this action and the fact that he is named as a defendant in it.  This is a high-profile civil action against the Church of Scientology International and four of its most significant operating entities, and its leader, David Miscavige.  Plaintiffs allege that Miscavige and the corporate Defendants committed serious federal crimes that caused the Plaintiffs to suffer serious injuries.  The case has been widely reported in the media, and the Defendants have issued public statements in response.[6]

Furthermore, Miscavige closely monitors and directly involves himself in legal proceedings involving Scientology.  As former OSA head Michael Rinder attests, Miscavige not only is directly involved in the management of Defendants' operations, but he oversees their legal matters.  (Dkt. 141 Ex. 1). According to declarations from several top-level Scientology officials who report directly to him, Miscavige has long been involved in directing Defendants' legal strategy. As far back as 1986, Miscavige handled legal strategy for lawsuits against Scientology. (Dean Declaration, Ex. 6,

---

[6] See, e.g. Tracey McManus, *3 former Scientology workers sue, saying they were trafficked as children*, TAMPA BAY TIMES, April 28, 2022, https://www.tampabay.com/news/clearwater/2022/04/28/3-former-scientology-workers-sue-saying-they-were-trafficked-as-children/; Sarah Do Couto, *3 ex-Scientology workers sue, claiming they were subject to severe abuse*, GLOBAL NEWS, April 29, 2022 12:14 pm, https://globalnews.ca/news/8796965/scientology-sued-workers-child-trafficking-sea-org/ .

Declaration of Lyman D. Spurlock, pg.4 ¶15).  A senior RTC officer, Anna
Joasem, explained that "having worked for Chairman of the Board
[Miscavige] for 22 years, I know first-hand that Mr. Miscavige has always
been working relentlessly to end all legal battles for the Church so that he
could concentrate his time and energy on the expansion of the Scientology
Religion."  (Dean Declaration, Ex. 7, Declaration of Anna Joasem, p.2 ¶8)
Miscavige's direct involvement in litigation against Defendants includes
directing settlement negotiations "of all legal cases."  (Dean Declaration Ex.
8, Declaration of Greg Wilhere, ¶14).  He has even removed from their duties
subordinates responsible for direct supervision of litigation and stepped into
that role himself, going so far as to "spen[d] all of 1999 and again large
portions of 2000 through to 2003" living in Clearwater to directly supervise
litigation, while continuing "to also put on and hold many major international
events each of those years, all of which were associated with dissemination
and expansion campaigns and properties."  (Dean Declaration Ex. 8 ¶20).

"Mr. Miscavige is Scientology."  (Dean Declaration Ex. 8 p.2 ¶¶2,8).
"And just as Mr. Hubbard was no armchair philosopher, Mr. Miscavige is
always hands-on in getting the job at hand done."  (Dean Declaration Ex. 9,
Mark Ingber Declaration, p.3 ¶10).  It beggars belief that Miscavige could be
anything but fully informed of every detail of this case, let alone the basic

information required to put him on notice so he can appear and defend himself against Plaintiffs' claims.

The purpose of service of process, whether personal or substituted, is to satisfy the Constitutional due process requirement that the defendant be "give[n] knowledge of the proceedings and an opportunity to be heard[,]" *Ali.* at 464, but "due process does not require receipt of actual notice in every case[.]" *Clark*, 468 F.2d at 464. Where defendants conceal their location and frustrate reasonable efforts to deliver notice of substituted service pursuant to Section 48.161, "[c]ourts may dispense with the filing of a postal receipt . . ." *Wise v. Warner*, 932 So.2d 591, 593 (Fla. Ct. App., Fifth Dist. 2006). Under these circumstances, courts have not hesitated to deem the statutory requirements to have been met and declare the defendant to be on notice of the action and that they have been served. *See, e.g.,United States v. Shiffman*, No. 6:20-cv-1747-PGB-DCI, 2021 WL 4208697, at *4 (M.D. Fla. April 16, 2022) (failure to file return receipt excused and defendant deemed served where defendant concealed location). Where, as here, a defendant who has been served in accordance with Florida Statute 48.161 "fails to plead or otherwise defend" against a lawsuit, the appropriate remedy is entry of default on the docket, pursuant to Fed. R. Civ. P. 55(a). *Hansen Bev. Co. v. Consol. Distribs.*, 11-cv-329-Orl-22DAB,  2012 WL 12903172 at *3 (M.D. Fla. 2012); *Verizon,* 2011 WL 3296812, at *6.  *See also, Frank Keevan & Son, Inc.*

15

*v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 668, 671 (S.D. Fla.1985) (denying motion to set aside default and final default judgment against chair of the board and principal shareholder of corporation who was sued in his individual capacity, where, among other things, it was obvious that the defendant company's lawyer would have notified its chairman that he was named in the lawsuit).

Miscavige cannot be permitted to continue his gamesmanship. Plaintiffs have complied with the requirements of Florida Statute 48.161. The parcel containing the notice mailed to Miscavige at his last known address was returned to sender on November 12, 2022. (Dkt. 151, Ex. 1). Every other parcel was refused and returned. Miscavige has been served and he has "failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(A). Accordingly, the Court should declare Miscavige to be in default.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order declaring Defendant David Miscavige to have been served by means of substituted process as provided in Florida Statute 48.161, and directing the Clerk to enter default against Miscavige on the docket.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiffs have been unable to contact Defendant Miscavige and do not know of any counsel representing him in this matter. Plaintiffs therefore ask

16

that they be excepted from Local Rule 3.01(g).


Dated:  December 13, 2022                 */s/ Neil L. Glazer*
                                          Joseph C. Kohn
                                          Neil L. Glazer
                                          Zahra R. Dean
                                          Aarthi Manohar
                                          Elias Kohn
                                          KOHN, SWIFT & GRAF, P.C.
                                          1600 Market Street, Suite 2500
                                          Philadelphia, PA 19103
                                          Telephone: (215) 238-1700
                                          jkohn@kohnswift.com
                                          nglazer@kohnswift.com
                                          zdean@kohnswift.com
                                          amanohar@kohnswift.com
                                          ekohn@kohnswift.com

                                          Gregory P. Hansel
                                          (Fla. Bar No. 607101)
                                          Shana M. Solomon
                                          Elizabeth F. Quinby
                                          PRETI FLAHERTY BELIVEAU &
                                          PACHIOS, CHARTERED, LLP
                                          One City Center
                                          P.O. Box 9546
                                          Portland, ME 04112-9546
                                          Telephone: (207) 791-3000
                                          ghansel@preti.com
                                          ssolomon@preti.com
                                          equinby@preti.com

Theodore Leopold
(Fla. Bar No. 705608)
Manuel J. Dominguez
(Fla. Bar No. 0054798)
COHEN MILSTEIN SELLERS
 & TOLL PLLC
11780 U.S. Highway One,
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
jdominguez@cohenmilstein.com

Agnieszka M. Fryszman
Brendan Schneiderman
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., N.W.
Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Shelby Leighton
Anita Yandle
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
sleighton@publicjustice.net
ayandle@publicjustice.net

Warren A. Zimmerman
(Fla. Bar No. 652040)
WARREN A. ZIMMERMAN, P.A.
4114 Sparrow Ct
Lutz, FL  33558-2727
Telephone: (813) 230-1465
warren@wzimmermanlaw.com