# EXHIBIT 3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield
Judicial Assistant: J. Jimenez
Courtroom Assistant: None

CSR: None
ERM: None
Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

---

**NATURE OF PROCEEDINGS:** Court Order re Motions to Compel

According to the first amended complaint, Defendants stalked, harassed, invaded the privacy of Plaintiffs and Plaintiffs' families, and intentionally inflicted emotional distress on Plaintiffs, who are four women sexually assaulted by Defendant Daniel Masterson, a "field staff member" or recruiter for Church of Scientology and Religious Technology, which organizations are allegedly lead by Defendant David Miscavige (collectively "Defendants"). Defendants' conduct was allegedly to retaliate against Plaintiffs for reporting the alleged sexual assaults to the police.

Plaintiffs allege Defendant Masterson, a high-ranking member of Church of Scientology and Religious Technology, sexually assaulted Plaintiff Chrissie Bixler at various times between 1996 and 2002 while the two were dating and cohabitating. Plaintiffs allege David Miscavige, Church of Scientology, and Religious Technology and their agents coerced, by threats of violence and ostracization, Plaintiff Bixler not to report the sexual assaults to law enforcement. In 2016, Bixler reported the assaults by Masterson to the Los Angeles Police Department ("LAPD"). Following Bixler's 2016 report to the present, Plaintiffs Bixler and Bixler-Zavala suffered various trespasses, invasive surveillance, stalking, threats of violence, defamation, sexual harassment, destruction of property – particularly pets, identity theft, assaults using automobiles, harassing phone calls, text messages, and social media messages, and wire taping; all purportedly from agents of the Defendants. Plaintiffs allege this conduct is designed to dissuade Bixler from, and punish Bixler for, cooperating with law enforcement.

Plaintiffs allege that: in September 2002 Masterson drugged and sexually assaulted Plaintiff Jane Doe #1; and in April 2003 Masterson drugged and sexually assaulted Jane Doe #1 while strangling her and threatening her with a firearm. Agents for Defendants attempted to coerce, with threats of violence and ostracization, Jane Doe #1 to not report the sexual assaults to law enforcement. In June 2004, Jane Doe #1 reported the sexual assaults to the LAPD. Agents of Defendants coerced Jane Doe #1 to sign a non-disclosure agreement regarding the sexual

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

| | |
|---|---|
| Judge: Honorable Steven J. Kleifield | CSR: None |
| Judicial Assistant: J. Jimenez | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

---

assaults. In 2016, Jane Doe #1 asked the LAPD to reopen the investigation into Masterson's sexual assaults against her. Following Jane Doe #1's 2016 request to the present, Jane Doe #1 suffered harassing phone calls, text messages, and social media messages, stalking, witness tampering, invasive surveillance, defamation, various trespasses, larceny, property damage, identity theft, threats of violence, assaults, sexual harassment, and wire taping; all purportedly from agents of the Defendants. Plaintiffs allege this conduct is designed to dissuade Jane Doe #1 from, and punish Jane Doe #1 for, cooperating with law enforcement.

On August 22, 2019, Plaintiffs Chrissie Carnell Bixler ("Bixler"), Cedric Bixler-Zavala ("BixlerZavala"), Jane Doe #1, Marie Bobette Riales ("Riales"), and Jane Doe #2 (collectively, "Plaintiffs") filed a complaint against Defendants Church of Scientology International ("CSI") and Church of Scientology Celebrity Centre International ( "CCI"), Defendant Religious Technology Center ("RTC"), Defendant Daniel Masterson ("Masterson"), Defendant David Miscavige and Does 1-25 (collectively, "Defendants") for (1) stalking in violation of Civ. Code § 1708.7, (2) physical invasion of privacy in violation of Civ. Code § 1708.8, (3) constructive invasion of privacy in violation of Civ. Code § 1708.8, (4) intentional infliction of emotional distress, and (5) loss of consortium.

On February 28, 2020, Plaintiffs filed a first amended complaint against Defendants for the same causes of action: (1) stalking in violation of Civ. Code § 1708.7, (2) physical invasion of privacy in violation of Civ. Code § 1708.8, (3) constructive invasion of privacy in violation of Civ. Code § 1708.8, (4) intentional infliction of emotional distress, and (5) loss of consortium.

On October 6, 2020, the Court heard a demurrer and motion to strike portions of the first amended complaint. The Court sustained the demurrer as to Plaintiff Riales's claims in the second cause of action and the motion to strike was granted with respect to attorney's fees and/or penalties, treble damages, and punitive/exemplary damages pursuant to Civil Code §§ 1708.5 (3)(b) and 1782(2).

On April 1, 2020, RTC filed two motions to compel arbitration and CSI and CCI filed two motions to compel arbitration. Oppositions and replies followed. The Court heard argument on Nov. 6, 2020 and took the matter under submission. The Court later vacated the submission and requested further briefing on the application of the Federal Arbitration Act. After briefing and further argument the matter was again taken under submission.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield          CSR: None
Judicial Assistant: J. Jimenez                      ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

---

A. RTC's Motions to Compel Arbitration

(a) Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala and Jane Doe #1

RTC moves for an order compelling Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala and Jane Doe #1 to comply with their written agreements with the Church of Scientology, which requires them to resolve "any dispute, claim or controversy" that may arise between each of them and Church of Scientology Celebrity Centre International ("CC") (in the case of Plaintiffs Chrissie Carnell Bixler and Cedric Bixler-Zavala) and Flag Services Organization, a Church of Scientology in Clearwater, Florida (in the case of Plaintiff Jane Doe #1) or "any other Scientology church, any other organization which espouses, presents, propagates or practices the Scientology religion, or any person employed by any such entity," through internal Ethics, Justice, and binding religious arbitration procedures. RTC also seeks an order staying this matter pending final conclusion of those proceedings. This motion is made pursuant to the Federal Arbitration Act and California Code of Civil Procedure Section 1281.2, et seq., on the grounds that written agreements to arbitrate the entire controversy exist and that Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala and Jane Doe #1 have refused to arbitrate the controversy.

RTC also joins and incorporates the motion filed by CSI.

(b) Plaintiff Jane Doe #2

Defendant RTC also moves for an order compelling Plaintiff Jane Doe #2 to comply with her written agreements with the Church of Scientology Celebrity Centre International ("CC"), which require her to resolve "any dispute, claim or controversy" that may arise between her and CC through internal Ethics, Justice, and binding religious arbitration procedures. RTC is sued herein as an alleged agent of CC and is therefore entitled to enforce the arbitration provisions of Plaintiff's agreement with CC. RTC also seeks an order staying this matter pending final conclusion of those proceedings. This Motion is made pursuant to the Federal Arbitration Act and California Code of Civil Procedure Section 1281.2, et seq., on the grounds that written agreements to arbitrate the entire controversy exist and that Plaintiff Jane Doe #2 has refused to arbitrate the controversy.

RTC again joins and incorporates the motion made by CSI and CCI as to Jane Doe #2.

B. CCI and CSI's Motions to Compel Arbitration

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield  CSR: None
Judicial Assistant: J. Jimenez  ERM: None
Courtroom Assistant: None  Deputy Sheriff: None

---

(a) Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala and Jane Doe #1

CCI and CSI move for an order compelling Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala, and Jane Doe #1 to comply with their written agreements. Those agreements require them to use Scientology internal Ethics, Justice, and binding religious arbitration procedures to resolve "any dispute, claim or controversy" that may arise between each of them and "any . . . Scientology church, any other organization which espouses, presents, propagates or practices the Scientology religion, or any person employed by any such entity." CCI and CSI also seek an order staying this matter pending final conclusion of those proceedings. This motion is made pursuant to the Federal Arbitration Act and California Code of Civil Procedure Section 1281.2, et seq., on the grounds that written agreements to arbitrate the entire controversy exist and that Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala, and Jane Doe #1 have refused to arbitrate the controversy.

CCI and CSI also join and incorporate the motion by RTC.

(b) Plaintiff Jane Doe #2

CCI and CSI move for an order compelling Plaintiff Jane Doe #2 to comply with her written agreements, which require Plaintiff to resolve through ecclesiastical justice procedures "any dispute, claim or controversy" that may arise between them. Those agreements require Plaintiff to litigate the causes of action she alleges in this lawsuit against CCI and CSI, if at all, through a religious arbitration. CCI and CSI also seek an order staying this matter pending final conclusion of those proceedings. This Motion is made pursuant to the Federal Arbitration Act and California Code of Civil Procedure Section 1281.2, et seq., on the grounds that written agreements to arbitrate the entire controversy exist and that Plaintiff Jane Doe #2 has refused to arbitrate the controversy.

CSI and CCI again join and incorporate the motion made by RTC.

Declaration of Michael Rinder

In Plaintiffs' omnibus opposition, they cite repeatedly to the "Rinder Decl." – the first time it is mentioned is the introduction on page 1, lines 6-8. There was no "Rinder Declaration" submitted with the opposition.

There was a declaration by Michael Rinder submitted by Plaintiffs on September 28, 2020 but it

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

| | |
|---|---|
| Judge: Honorable Steven J. Kleifield | CSR: None |
| Judicial Assistant: J. Jimenez | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

---

appears to be made in support of a motion for an order to serve by publication – it "appears" as such because there is no mention in the declaration of the documents it is meant to support.

Objecting Defendants CSI and CCI also point the Court to a March 6, 2020 declaration by Michael Rinder, which was submitted in support of Plaintiffs' prior opposition to a motion compel arbitration that was taken off calendar (due to the filing of the first amended complaint).

Defendants argue the Court should disregard the March 6, 2020 declaration because Rinder is biased, dedicated to falsely attacking the Church and has no foundation for much of his testimony. CSI and CCI also make specific objections to the declaration.

Plaintiffs were given leave to properly submit the declaration in support of the oppositions to the instant motions. Plaintiffs submitted the same declaration that was submitted on March 6, 2020. Upon review of the declaration Defendants objections to the declaration are sustained. The declaration is filled with unsupported assumptions, foundational deficiencies, irrelevant matters, improper opinions, and arguments.


Motion to Compel Arbitration

Under both Title 9 section 2 of the United States Code (known as the Federal Arbitration Act, hereinafter "FAA") and Title 9 of Part III of the California Code of Civil Procedure commencing at section 1281 (known as the California Arbitration Act, hereinafter "CAA"), arbitration agreements are valid, irrevocable, and enforceable, except on such grounds that exist at law or equity for voiding a contract. (Winter v. Window Fashions Professions, Inc. (2008) 166 Cal.App.4th 943, 947.)

The court first decides whether an enforceable arbitration agreement exists between the parties, and then determines whether the plaintiff's claims are covered by the agreement. (Omar v. Ralphs Grocery Co. (2004) 118 Cal.App.4th 955, 961.)

1. Existence of an Agreement to Arbitrate

"The party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense, such as unconscionability." (Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC (2012) 55 Cal.4th 223, 236.)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---:|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield          CSR: None
Judicial Assistant: J. Jimenez                ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

---

(a) Existence of documents with signatures and arbitration provisions

Defendants present agreements as follows:

1. Jane Doe #2 (Marmelojo Decl. ¶ 10; Exhs. 1-6)

Exhibits 1-6 each at their respective paragraph 9 states "in the event I have any dispute, claim or controversy with the Church including, but not limited to any dispute, claim or controversy arising under this Application/Agreement or in connection with my participation in the Service, which cannot be resolved informally by direct communication, resolution of that dispute, claim or controversy may be pursued solely through the Internal procedures of the Church's Ethics, Justice and Binding Religious Arbitration system. Moreover, I hereby expressly agree that any controversy arising under this Application/Agreement or In connection with my participation in the Service shall be resolved by such Binding Religious Arbitration.

Any dispute, claim or controversy which still remains unresolved after submission to the IJC shall be submitted to Binding Religious Arbitration in accordance with the published arbitration procedures of Church of Scientology International, which provide that:

a. I shall submit a request for arbitration to the IJC with a copy to the Church, and shall designate one arbitrator with my request;

b. Within fifteen (15) days after receiving the request for arbitration, the Church shall designate an arbitrator. If the Church has not designated an arbitrator within fifteen (15) days, then the IJC shall designate the second arbitrator.

c. The two arbitrators so designated shall select a third arbitrator within fifteen (15) days after the designation of the second arbitrator. If the arbitrators are unable to designate a third arbitrator within the fifteen (15) day period, then the IJC shall choose such arbitrator. Consistent with the Intent that the arbitration be conducted in accordance with Scientology principles of justice and fairness, and consistent with the ecclesiastical nature of the procedures and the dispute, claim or controversy to which such procedures relate, ail arbitrators shall be Scientologists In good standing with the Mother Church.

IN ACCORDANCE WITH THE RELIGIOUS NATURE OF THE SERVICES TO BE PROVIDED, I ACKNOWLEDGE, UNDERSTAND AND AGREE THAT IN NO EVENT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield   CSR: None
Judicial Assistant: J. Jimenez   ERM: None
Courtroom Assistant: None   Deputy Sheriff: None

---

SHALL ANY DISPUTE, CLAIM OR CONTROVERSY ARISING OUT OF MY PARTICIPATION IN THE SERVICE BE SUBMITTED TO A COURT FOR JUDICIAL DETERMINATION. MOREOVER, I UNDERSTAND AND AGREE THAT BY SIGNING AND SUBMITTING THIS APPLICATION/AGREEMENT, I AM WAIVING ANY RIGHT WHICH I MAY HAVE TO HAVE SUCH DISPUTES, CLAIMS OR CONTROVERSIES DECIDED IN A COURT OF LAW, BEFORE A JUDGE OR A JUDGE AND JURY."

It appears Plaintiff's signature (blocked out to protect privacy rights) are on the final page of each document.

2. Plaintiff Bixler-Zavala (Marmelojo Decl. ¶ 8; Exh. 14);

Exhibit 14 at paragraph 6(a) states: "My freely given consent to be bound exclusively by the discipline, faith. Internal organization, and ecclesiastical rule, custom, and law of the Scientology religion In all matters relating to Scientology Religious Services, In all my dealings of any nature with the Church, and In all my dealings of any nature with any other Scientology church or organization which espouses, presents, propagates or practices the Scientology religion means that 1 am forever abandoning, surrendering, waiving, and relinquishing my right to sue, or otherwise seek legal recourse with respect to any dispute, claim or controversy against the Church, all other Scientology churches, all other organizations which espouse, present, propagate or practice the Scientology religion, and all persons employed by any such entity both In their personal and any official or representational capacities, regardless of the nature of the dispute, claim or controvert."

Paragraph 6(d.) states: "should any dispute, claim or controversy arise between me and the Church, any other Scientology church, any other organization which espouses, presents, propagates or practices the Scientology religion, or any person employed by any such entity, which cannot be resolved informally by direct communication, 1 will pursue resolution of that dispute, claim or controversy so\e\y and exclusively through Scientology's internal Ethics, justice and binding religious arbitration procedures, which include application to senior ecclesiastical bodies, including, as necessary, final submission of the dispute to the international justice Chief of the Mother Church of the Scientology religion, Church of Scientology international ("IJC") or his or her designee."

Subdivision (e) of the same paragraph provides: "Any dispute, claim or controversy which still remains unresolved after review by the IJC shall be submitted to binding religious arbitration in

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield  CSR: None
Judicial Assistant: J. Jimenez  ERM: None
Courtroom Assistant: None  Deputy Sheriff: None

---

accordance with the arbitration procedures of Church of Scientology International which provides that:

i. I will submit a request for arbitration to the IJC and to the person or entity with whom I have the dispute, claim or controversy;

ii. in my request for arbitration, I will designate one arbitrator to hear and resolve the matter;

iii. within fifteen (15) days after receiving my request for arbitration, the person or entity with whom I have the dispute, claim or controversy will designate an arbitrator to hear and resolve the matter. If the person or entity with whom I have the dispute, claim or controversy does not designate an arbitrator within that fifteen (15) day period, then the IJC will designate the second arbitrator;

iv. the two arbitrators so designated will select a third arbitrator within fifteen (15) days after the designation of the second arbitrator. If the arbitrators are unable to designate a third arbitrator within the fifteen (15) day period, then the IJC will choose the third arbitrator;

v. consistent with my intention that the arbitration be conducted in accordance with Scientology principle, and consistent with the ecclesiastical nature of the principles and the dispute, claim or controversy to which those procedures relate, it is my specific intention that all such arbitrators be Scientologists in good standing with the Mother Church."

Plaintiff Bixler-Zavala's signature is on the final page of the document.

3. Plaintiff Bixler (Marmolejo Decl. ¶ 6; Exhs. 8-13);

Exhibits 8-13 contains the same language quoted above for Plaintiff Bixler-Zavala.

Exhibit 12 does not have initials next to the arbitration provisions. The other Exhibits contain Bixler's initials next to the provisions. There is a final page with Bixler's signatures on Exhibit 12 affirming agreement to everything within the contract. There is nothing in the agreement that states that, where there is no initial, the signing party did not agree.

4. Jane Doe #1 (Heller Decl. Exh. 7)

Exhibit 7 to the Heller Declaration at paragraph 6 also has the same language quoted above.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield         CSR: None
Judicial Assistant: J. Jimenez                    ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

---

Exhibit 7 contains what is apparently the signature of Jane Doe #1 with initials on each section.

The existence of the arbitration agreements is not in dispute.

(b) Whether the proposed arbitration is actually a "religious ritual"

At oral argument, Plaintiffs counsel informed the Court that Plaintiffs' primary argument was that the Court could not order the arbitration because it would violate Plaintiff's First Amendment rights. They argue that enforcement of the arbitration agreements would amount to forcing them, who have become non-believers, to participate in a "religious ritual", in violation of the Establishment Clause of the First Amendment to the United States Constitution.

i. First Amendment

The First Amendment to the Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

On the general First Amendment claims, Plaintiffs are correct that the Court cannot compel an individual to participate in a religious ritual. However, Plaintiffs have submitted no evidence to indicate this would happen if the arbitrations were ordered. Nothing in the arbitration agreements describes any religious rituals. Indeed, the declaration of Lynn Farny states that there are no ceremonies, professions of religious belief, or other religious components. (Farny Decl. ¶ 23.)

Plaintiffs state that they are no longer "believers" in Scientology, and therefore cannot be compelled to participate in a church arbitration. There is nothing to indicate that a condition of the arbitration agreement was that the individual signatory must be a "believer" in order to be bound by it. To the extent that the arbitration has a religious component, that was something agreed to by the signatory. Hence, ordering the signatory to participate is not coercive.

Plaintiffs have not shown that ordering them to religious arbitration would require then to practice a ritual in violation of their religious freedoms.

(c) Scope of claims for arbitration

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield          CSR: None
Judicial Assistant: J. Jimenez                       ERM: None
Courtroom Assistant: None                          Deputy Sheriff: None

---

i. Arbitratbility

Defendants argue that the issue of arbitrability must be designated to the arbitration panel.

The enforceability of an arbitration agreement is generally determined by the court. (See Aanderud v. Superior Court (2017) 13 Cal.App.5th 880, 891; Ajamian v. CantorCO2e, L.P. (2012) 203 Cal.App.4th 771, 781.) However, parties may agree to arbitrate gateway questions of arbitrability such as the enforceability of an arbitration agreement and whether claims are covered by the arbitration agreement. (See Rent-A-Center, West, Inc. v. Jackson (2010) 561 U.S. 63, 68-69; Aanderud, supra, 13 Cal.App.5th at 891-92; Ajamian, supra, 203 Cal.App.4th at 781.) "To establish this exception, it must be shown by 'clear and unmistakable' evidence that the parties intended to delegate the issue to the arbitrator." (Ajamian, supra, 203 Cal.App.4th at 781 (citing First Options of Chicago, Inc. v. Kaplan (1995) 514 U.S. 938, 944).)

"'There are two prerequisites for a delegation clause to be effective.'" (Aanderud, supra, 13 Cal.App.5th at 892 (quoting Tiri v. Lucky Changes, Inc. (2014) 226 Cal.App.4th 231, 242).) "'First, the language of the clause must be clear and unmistakable.'" (Id.) "'Second, the delegation must not be revocable under state contract defenses such as fraud, duress, or unconscionability.'" (Id.)

Here, the arbitration agreements do not "clearly and unmistakably" state that the issue of arbitrability, specifically, was to be left to the arbitrators. Defendants argue the agreements do contain such language because they require all claims to be submitted. In support, Defendants cite to Henry Schein, Inc. v. Archer and White Sales, Inc (2019) 129 S. Ct. 524. However, the Supreme Court in that case stated "we express no view about whether the contract at issue in this case in fact delegated the arbitrability question to an arbitrator." (Id. at 531.) The terms of an arbitration agreement were not actually at issue in the case and the court did not find that "any and all" language creates a clear and unmistakable intent to have arbitrators determine arbitrability.

In deciding whether to compel arbitration, courts identify the controversy and then decide whether it is within the scope of the arbitration provisions. (Titolo v. Cano (2007) 157 Cal.App.4th 310, 316.)

"To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, a court should undertake a three-part inquiry." (Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 224 (2d Cir.2001).

---

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
Civil Division
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| 19STCV29458 | December 30, 2020 |
| CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al. | 2:53 PM |

Judge: Honorable Steven J. Kleifield   CSR: None
Judicial Assistant: J. Jimenez   ERM: None
Courtroom Assistant: None   Deputy Sheriff: None

---

"First, recognizing there is some range in the breadth of arbitration clauses, a court should classify the particular clause as either broad or narrow. Next, if reviewing a narrow clause, the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause. Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview. Where the arbitration clause is broad, there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it."

(Id. (emphasis added; internal citations and quotations omitted).)

1. The causes of action

The causes of action in the complaint are for (1) stalking in violation of Civ. Code § 1708.7, (2) physical invasion of privacy in violation of Civ. Code § 1708.8, (3) constructive invasion of privacy in violation of Civ. Code § 1708.8, (4) intentional infliction of emotional distress, and (5) loss of consortium.

Defendants state that Plaintiffs' claims against them as entities are that they were subject to mistreatment pursuant to official Church doctrine after they filed police reports; contentions that they could have prevented the violence against them committed by Masterson; and allegations of traumatic experiences while they were part of the Church. (First amended complaint ¶¶ 70-77, 152,-163, 273, 279, 285, 293.)

The causes of action begin at paragraph 262 of the complaint and incorporate all preceding paragraphs. However, the charging allegations of the causes of action themselves are limited to the alleged harassment Plaintiffs experienced after they came forward regarding the alleged sexual violence.

2. The Arbitration Agreements


Plaintiffs Jane Doe #1, Bixler and Bixler-Zavala agreed to be bound in order to participate in "Religious Services of the Scientology Religion."

"The term "Religious Services," as used in this Contract, means and refers to the beliefs and

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield           CSR: None
Judicial Assistant: J. Jimenez                       ERM: None
Courtroom Assistant: None                        Deputy Sheriff: None

---

practices set forth in the writings and spoken words of LRH on the subjects of Dianetics and Scientology published with the identifying S and double triangle or Dianetics triangle symbol, and all services or application of the principles of Mr. Hubbard provided to me by the ministers or staff of the Church and all other Scientology churches and organizations, including without limitation: "auditing," which is Scientology's unique form of religious counseling encompassing all services on the Scientology Classification, Gradation and Awareness Charts which includes, without limitation, all levels, rundowns, grades, assists, reviews, repairs, seminars, co-audits; all Scientology congregational services of any description; "training," which is the study of the scripture of the Scientology religion on the road to achieving spiritual freedom and salvation and includes without limitation all services identified on the Scientology Classification, Gradation and Awareness Chart, all courses, internships exclusively and cramming; the application of Scientology Ethics and Justice technology, which are both exclusively religious components of the practice of the Scientology religion; the study and the application of the principles contained in the administrative writings of LRH used within the Church; and any and all other services or use of the technology of L. Ron Hubbard, without limitation, provided to me by the ministers or staff of the Church and all other Scientology churches and organizations."

(Marmolejo Decl. Exhs. 7-14; Heller, Exh. 7 sec.2 d.)

The arbitration clauses state that it will cover "any dispute, claim or controversy that arises between me and the Church, any other Scientology church, any other organization which espouses, presents, propagates or practices the Scientology religion, or any person employed by any such entity…" (Id. Sec 6(d).) (emphasis added).

As to Jane Doe #2, the arbitration agreements cover "… any dispute claim or controversy including but not limited to [those] arising under this Application/Agreement or in connection with my participation in the Service…" (Marmolejo Decl. Exhs. 1-6.) There is another statement that "in no event shall any dispute, claim, or controversy arising out of my participation in the service be submitted to a court…" (Id.)

The "Services" in the agreements are as follows: (1) "Personal values + integrity course" (Id. Exh. 1); "purification rundown" (Exh. 2); "[illegible] conduct" (Exh. 3.); "auditing" (Exh. 4); Blank description of Services (Exh. 5); "BSM retrieval" (Exh. 6).

While an arbitration agreement is tied to the underlying contract containing it, and applies "only where a dispute has its real source in the contract [because] the object of an arbitration clause is to implement a contract, not to transcend it" (Litton Fin. Printing Div. v. NLRB (1991) 501 U.S.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

| | |
|---|---|
| Judge: Honorable Steven J. Kleifield | CSR: None |
| Judicial Assistant: J. Jimenez | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

---

190, 205), here, Plaintiffs Bixler, Bixler-Zavala, and Jane Doe #1 signed lifelong agreements to be bound to arbitrate any and all claims against Scientology. The plain words of the contract are that all claims against Scientology will be sent to arbitration.

All of the arbitration agreements apply to any dispute, and are not limited to claims that arise from the contracts. The agreements in the motion to compel cover the instant dispute.

2. Defenses to Enforcement

Plaintiffs argue the agreements are unconscionable. Defendants argue the First Amendment bars any unconscionability claim by a secular court.

In secular arbitration agreements, unconscionability is a valid reason for refusing to enforce an arbitration agreement under CCP section 1281 because it is a reason for refusing to enforce contracts generally. (See Armendariz v. Foundation Health Psychcare Servs. (2000) 24 Cal.4th 83, 113-27.)

The Court here cannot review the arbitration agreements for unconscionability without stepping into a mire of religious doctrine – whether the rules of Scientology are fair as applied to Plaintiffs would require the Court to delve into the doctrines of Scientology. The First Amendment Free Exercise Clause prevents the Court from engaging in that inquiry. As stated by the U.S. Supreme Court in Serbian Eastern Orthodox Diocese v. Milivojevich (1976) 426 US 696:

"The rule of action which should govern the civil courts… I, that, whenever the questions of discipline, or of faith, or ecclesiastical rule, custom or law have been decided by the highest of these church judicatories to which the matter has been carried, the legal tribunals must accept such decisions as final, and as binding on them, in their application to the case before them." 426 U.S. at 709.


Time for Discovery

Plaintiffs request additional time for discovery to "reveal the unconscionability of these arbitration agreements and that Defendants so-called arbitration process is not an arbitration at all." (Opp. p. 17.) As the Court does not address the issue of unconscionability, the request is denied.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

| | |
|---|---|
| **19STCV29458** | December 30, 2020 |
| **CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF SCIENTOLOGY INTERNATIONAL, et al.** | 2:53 PM |

Judge: Honorable Steven J. Kleifield   CSR: None
Judicial Assistant: J. Jimenez            ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

---

Whether the Court Should Deny Arbitration Pursuant to CCP sec. 1281.2 (c)

Plaintiffs request that the Court deny arbitration under CCP sec. 1281.2(c), which gives the Court discretion to deny arbitration when there is pending litigation between either party and a third party that involves issues of law or fact common to the arbitration.

1. Masterson

Plaintiffs argue that the Court should not compel the parties to arbitration because Defendant Masterson did not move to compel arbitration and is not a party to the agreements.

Defendants argue that Masterson is not a "third-party" because Plaintiffs have alleged that he is an agent of theirs and Masterson would therefore be entitled to the enforcement of the agreement.

"[W]hen a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement, the defendant may enforce the agreement even though the defendant is not a party thereto." (Thomas v. Westlake (2012) 204 Cal.App.4th 605, 614.) This creates an "exception[] to the general rule that a nonsignatory ... cannot invoke an agreement to arbitrate, without being a party to the arbitration agreement." (Id. citing Westara v. Marcus & Milichap Real Estate Investment Brokerage Co. Inc. (2005) 129 Cal.App.4th 759, 765.)

Masterson does not object to participating in the arbitration and may therefore participate.

2. Plaintiff Marie Bobette Riales

Plaintiff Marie Bobette Riales did not sign an arbitration agreement with Defendants, and therefore cannot be ordered to participate in the arbitration.

While there may indeed be overlapping issue of fact or law, denying arbitration would have the effect of the Court wading into doctrinal issues, which the Court cannot do. The request to deny arbitration pursuant to CCP sec. 1281.2(c) is denied.

The motions to compel arbitration are granted. The action is stayed as to Plaintiffs Chrissie Carnell Bixler, Cedric Bixler-Zavala, Jane Doe #1, and Jane Doe #2.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 57

**19STCV29458**  December 30, 2020
**CHRISSIE CARNELL BIXLER, et al. vs CHURCH OF**  2:53 PM
**SCIENTOLOGY INTERNATIONAL, et al.**

Judge: Honorable Steven J. Kleifield      CSR: None
Judicial Assistant: J. Jimenez            ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

---

The Motion to Compel Arbitration filed by Church of Scientology International, Church of Scientology Celebrity Centre International on 04/01/2020, Motion to Compel Arbitration filed by Church of Scientology International, Church of Scientology Celebrity Centre International on 04/01/2020, Motion to Compel Arbitration filed by Religious Technology Center on 04/01/2020, and Motion to Compel Arbitration filed by Religious Technology Center on 04/01/2020 are Granted.

Status Conference re Arbitration is scheduled for 06/30/21 at 08:30 AM in Department 57 at Stanley Mosk Courthouse.

There remains the case of Plaintiff Marie Bobette Riales. Earlier in the case the Court denied Defendants' demurrer for improper joinder. Given the order compelling arbitration of the other Plaintiffs' claims, the Court wishes to discuss whether her case should be severed from the claims of the others and proceed independently, or be stayed pending completion of the arbitrations. These matters will be addressed at the case management conference on January 29, 2021. The parties may file a brief on these matters no later than 5 court days before the case management conference, to be no longer than 3 pages.

Clerk to give notice to moving party who is to give notice.

Certificate of Mailing is attached.