UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

    Plaintiffs,

v.                                      Case No.: 8:22-cv-00986-TPB-JSS

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.;

    Defendants.
_____/

**DEFENDANT DAVID MISCAVIGE'S TIME-SENSITIVE MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE FIRST AMENDED COMPLAINT**

Defendant David Miscavige, through undersigned counsel and pursuant to Local Rule 3.01(a) and Federal Rule of Civil Procedure 6(b),[1] files this Time-

---

[1] Mr. Miscavige has made only a special appearance in this action without submitting himself to the jurisdiction of this Court. *See* Doc. 163 at 1; *see also* Doc. 153 at 1. By this motion, Mr. Miscavige specially appears only to seek the requested relief herein. He does not consent to the jurisdiction of the Court, and he reserves his right to challenge (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) failure to state a cause of action, (6) statute of limitations, (7) arbitrability and all other defenses available to him.

1

Sensitive Motion for an Enlargement of Time to Respond to the First Amended Complaint, and in support states:

1. This motion is time-sensitive because the deadline for Mr. Miscavige to answer or to otherwise respond to Plaintiffs' First Amended Complaint is currently set for March 7, 2023, but this motion, which asks for an enlargement of that deadline until, and including, twenty-one (21) days from the date of the Court's ruling on Mr. Miscavige's forthcoming objections to Magistrate Judge Julie S. Sneed's Order (to the extent that the Court overrules the objections), will not become ripe for disposition under the Middle District of Florida's normal briefing schedule for motions until after that deadline. *See* Local R. M.D. Fla. 3.01(c) ("A party may respond to a motion within fourteen days after service of the motion."). Mr. Miscavige respectfully asks the Court to rule upon this motion by Tuesday, February 28, 2023.

2. On December 13, 2022, Plaintiffs moved the Court for an order declaring Mr. Miscavige served by means of substituted process under Section 48.161, Florida Statutes, and directing the Clerk to enter a default against Mr. Miscavige (Doc. 152).

3. Entering a special appearance through counsel, Mr. Miscavige opposed that motion (Doc. 163).

4. On February 14, 2023, the Magistrate Judge entered an order granting-in-part and denying-in-part the motion (the "Order") (Doc. 170). In relevant part, the Magistrate Judge held that Mr. Miscavige was "properly served

with the Amended Complaint (Dkt. 79) through substitute service on the Florida Secretary of State pursuant to Federal Rule of Civil Procedure 4 and sections 48.181 and 48.161 of the Florida Statutes." Doc. 170 at 27. As such, the Magistrate Judge directed Mr. Miscavige to answer or to otherwise respond to the Amended Complaint within 21 days of the Order. *Id.*

5. Thus, the deadline for Mr. Miscavige to respond to the First Amended Complaint is Tuesday, March 7, 2023.

6. However, Mr. Miscavige will be filing timely objections to the Order (the "Objections"), on the grounds that the Order is clearly erroneous and contrary to law. *See* Fed. R. Civ. P. 72(a).

7. Mr. Miscavige now seeks an enlargement of the deadline for him to respond to the First Amended Complaint until, and including, twenty-one (21) days from the date of the Court's ruling on Mr. Miscavige's Objections, to the extent that the Court overrules the Objections.

8. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1).

9. Here, good cause exists for the requested enlargement under Rule 6(b).

10. First, Mr. Miscavige currently faces a situation in which he must prepare a response to the First Amended Complaint without knowing whether the

3

Court will sustain the Objections and set aside the Order deeming him served. Mr. Miscavige and his counsel will expend significant time and effort in preparing a response to First Amended Complaint while also preparing the Objections to be timely filed. However, Mr. Miscavige and his counsel will needlessly expend that time and effort if the Court sustains the Objections. The requested enlargement will allow Mr. Miscavige, along with the Court and Plaintiffs, to conserve time and resources.

11. Second, without the requested enlargement of time, the mere passage of time will effectively deny Mr. Miscavige the relief he seeks in objecting to the Order of the Magistrate Judge, subjecting him to irreparable harm. Without the enlargement of time, Mr. Miscavige will be required to participate in these proceedings, with all attendant burdens, including answering or moving to dismiss the Amended Complaint, as though he has been properly served and made a litigant, though he contends he was not.

12. Third and relatedly, if Mr. Miscavige responds to the First Amended Complaint before the Court addresses his Objections, Plaintiffs may argue that he has subjected himself to the Court's jurisdiction before the Court rules on the Objections, thereby defeating the Objections' purpose of challenging the Magistrate Judge's conclusion that he was served.

13. Therefore, good cause exists to grant the requested enlargement of time.

**WHEREFORE,** Defendant David Miscavige requests that this Court grant this Motion and enter an order enlarging the time for him to respond to the First Amended Complaint until, and including, twenty-one (21) days from the date of the Court's ruling on Mr. Miscavige's Objections, to the extent that the Court overrules the Objections.

### LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Local Rule 3.01(g), I hereby certify that counsel for Defendant David Miscavige has conferred with Plaintiffs' counsel regarding the relief sought herein via e-mail and telephone. Plaintiffs declined to consent to this Motion unless Mr. Miscavige agreed to waive his right to seek an extension or stay in the event of any subsequent appeal. As that condition was unacceptable, Mr. Miscavige was forced to seek relief from the Court without Plaintiffs consenting to that relief. Plaintiffs oppose the relief requested herein.

Respectfully submitted,

Dated: February 23, 2023

/s/ William J. Schifino, Jr.
William J. Schifino, Jr., Esq.
Florida Bar No. 564338
Justin P. Bennett, Esq.
Florida Bar No. 112833
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
Facsimile: (813) 228-6739
Email- wschifino@gunster.com
Email- jbennett@gunster.com

Joseph M. Terry
Krystal C. Durham

Williams & Connolly LLP<br>
680 Maine Street, S.W.<br>
Washington, D.C. 20024<br>
(202) 434-5000<br>
<br>
*Attorneys for David Miscavige*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was electronically filed on February 23, 2023, with the Clerk of Court via the Court's CM/ECF system which will send a notice of electronic filing and copy to all counsel of record.

*/s/ William J. Schifino, Jr.*
