**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

      Plaintiffs,

v.                                  Case No.: 8:22-cv-00986-TPB-JSS

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

      Defendants.

_____/

**OBJECTION OF NON-RESIDENT CORPORATE DEFENDANTS TO**
**PORTIONS OF MAGISTRATE JUDGE'S ORDER RE SERVICE**

Defendants Church of Scientology International ("CSI"), Religious

Technology Center ("RTC"), and IAS Administrations ("IASA") (collectively, "Non-

Resident Corporate Defendants"), submit this Objection to the Magistrate Judge's

Order of February 14, 2023 (ECF 170) deeming Defendant David Miscavige served

with the First Amended Complaint ("Order"). The Non-Resident Corporate

Defendants object to any statement, finding, or conclusion in the Order being

accorded any weight in connection with their pending motions to dismiss for lack

of personal jurisdiction or otherwise considered probative concerning, or binding on the Non-Resident Corporate Defendants in any respect.[1]

## I.     Factual Background.

On August 23, 2022, the Non-Resident Corporate Defendants filed the Jurisdictional Motions, with each joining in the motions of the others. The Non-Resident Corporate Defendants disputed all allegations in the First Amended Complaint ("FAC") about their supposed presence in Florida and argued, among other things, that they conducted no business in Florida, that Plaintiffs' claims did not arise from any conduct occurring in Florida, and that Mr. Miscavige was not their "agent" in Florida or directing their activities from Florida. The Non-Resident Corporate Defendants submitted evidence in support of these points. (ECF 87.1, 88.1, and 89.1.) Plaintiffs filed oppositions to the Jurisdictional Motions on September 13, 2022. (ECF 107-111.) At the hearing of November 17, 2022, the Court stated that the Jurisdictional Motions were before it and that a ruling would be forthcoming.

On December 13, 2022, Plaintiffs filed a motion to have Defendant David Miscavige deemed served and his default entered. (ECF 152 – "Service Motion".) No part of the Service Motion was directed to the Non-Resident Corporate Defendants or sought any relief against them. (*Id.*) On December 27, 2022, counsel

---

[1] This Objection is submitted without prejudice to, or waiver of, the threshold personal jurisdiction challenges raised by the Non-Resident Corporate Defendants in each entity's Motion to Dismiss for Lack of Personal Jurisdiction. (*See* ECF 87 (IASA), ECF 88 (RTC), ECF 89 (CSI) (collectively, "Jurisdictional Motions").)

for Mr. Miscavige specially appeared and filed an opposition to the Service Motion, with supporting evidence. (ECF 163 and 163.1-.10.)

On January 20, 2023, Magistrate Judge Sneed heard arguments on the Service Motion. On February 14, 2023, Magistrate Judge Sneed issued the Order. The Order summarizes and relies upon certain allegations in the FAC, including allegations that the Non-Resident Corporate Defendants conduct business in Florida, that they are agents of Mr. Miscavige in conducting such business, and that the claims of the FAC arise from conduct of the Non-Resident Corporate Defendants occurring within Florida, and are attributable to Mr. Miscavige as their putative agent. (ECF 170 at 20-24.) The Non-Resident Defendants had disputed those same allegations and submitted evidence rebutting them in their Jurisdictional Motions. To date, Plaintiffs have not come forth with competent evidence to refute the jurisdictional evidence presented by the Non-Resident Corporate Defendants. The Order was confined to the question of whether Mr. Miscavige had been served. (ECF 170 at 1.) It did not refer to the Jurisdictional Motions or to any of the evidence submitted in connection with them.

## II.    The Order Cannot Have Any Effect on the Pending Jurisdictional Motions.

The effect of an order by a court is limited to the issues considered and adjudicated by the court as part of its order. *Wingard v. Emerald Venture Fla. LLC*, 438 F.3d 1288, 1294 (11th Cir. 2006) ("While it is true that in some instances a court may preclude the prospective relitigation of an issue without rendering an

express, written ruling on that issue, the final decision's putative preclusive effect hinges on its representing a *full* consideration of a *fully litigated* issue.") (emphasis in original). Further, an order cannot preclude litigation of an issue except where the order resolved an "identical issue" between "the same parties." *Id.*, at 1293.

The Order involves neither the same parties nor the same issues as the Non-Resident Corporate Defendants' Jurisdictional Motions. The Order itself is confined to the issue framed by the motion directed to Mr. Miscavige and his opposition – whether Mr. Miscavige has been served and whether a default should be entered. (ECF 170 at 1.) The Magistrate Judge held that in adjudicating the service issue "those properly pleaded allegations are accepted as true *for purposes of determining whether the complaint's allegations support substitute service of process.*" (*Id.*, at 12 (emphasis added).) The Order never states that it is "accepting as true" the allegations in the complaint for any purposes other than the issue being litigated – **substitute** service of process.

Nor could it. The Non-Resident Corporate Defendants each challenged the jurisdictional allegations in the FAC with respect to them and supported their objections with jurisdictional evidence. (ECF 87.1, 88.1, and 89.1.) The challenged issues included the Non-Resident Corporate Defendants' lack of business activities in Florida; the absence of any tortious conduct between the Non-Resident Corporate Defendants and Plaintiffs, and that none of the supposed tortious conduct occurred in Florida; and the lack of an agency relation with Mr. Miscavige and the irrelevance of the allegation. (ECF 87 at 8-13, 14-17; ECF 88 at 8-13, 16-17;

ECF 89 at 6-12, 15-16.) At that point, the jurisdictional allegations of the FAC could not be "accepted as true" and the burden shifted to Plaintiffs to establish jurisdiction through competent evidence. *See Venetian Salami Co. v. Parthenais,* 554 So. 2d 499, 502-03 (Fla. 1989); *see also* Jurisdictional Motions, ECF 88 at 4-5 and ECF 89 at 6 (citing authority). Plaintiffs failed to do so.

The Order of course did not consider any of the evidence disputing jurisdictional issues because the question of jurisdiction over the Non-Resident Corporate Defendants was not before the Magistrate Judge. But for that very reason – the non-consideration of the record evidence – the Order's summary of and "acceptance of" supposedly unrefuted allegations in the FAC can have no effect on the pending Jurisdictional Motions or otherwise bind the Non-Resident Corporate Defendants. Given that the Order adjudicated a different issue than the Jurisdictional Motions present, involved a different party (Mr. Miscavige), and did not consider at all the evidence submitted as part of the Jurisdictional Motions, the Non-Resident Corporate Defendants request that the Court sustain this Objection and find that no part of the Order has effect on them.[2]

---

[2] Apart from the statements about whether service on Mr. Miscavige was accomplished – which this objection does not address – the Order's statements about the Non-Resident Corporate Defendants' relation to Mr. Miscavige, activities in Florida, activities with respect to Plaintiffs in particular and the *Freewinds* in general, appear to rely exclusively on *summaries* of allegations. The Order appears to make a finding of fact regarding an agency relation with Mr. Miscavige based on a summary of Plaintiff's allegations. (*See* ECF 170 (Order) at 20-21.) Such a finding of fact is improper for two additional, independent reasons. First, Plaintiffs' allegations are contradicted by the jurisdictional evidence the Non-Resident Corporate Defendants submitted in support of the Jurisdictional Motions, (footnote continued) and which is unrefuted. (*See* Section III.) Second, the Non-Resident Corporate Defendants' agency relation with Mr. Miscavige was neither "fully litigated" nor "fully considered" between "the same parties" and, therefore, was improperly raised for the first time at the January 20 Hearing. *See United States v. Leones,* 553 F.Supp. 3d 1107, 1126-27 (M.D. Fla. 2020) (Sneed, J.) (rejecting arguments not briefed to the court and raised for the first time at a hearing). For these reasons as well, the Non-Resident Corporate Defendants

### III.  The Non-Resident Corporate Defendants Object to the Jurisdictional Allegations As Contradictory to the Record.

The foregoing makes clear that the Order cannot be considered for anything other than what it addressed and decided – whether Mr. Miscavige has been served and whether a default judgment has been entered. But to the extent that the Court is inclined to even consider the summary of allegations as germane to any contested fact related to the Jurisdictional Motions, which it should not, the Court must review the Order *de novo*. FRCP 72(b)(3). While magistrate rulings on non-dispositive motions are subject to review for "clear error," *id.*, at 72(a), the Jurisdictional Motions are dispositive motions. Hence any finding of the Magistrate Judge that this Court would consider in connection with the Jurisdictional Motions is subject to *de novo* review. *Id.*, at 72(b)(3).

The evidence and argument in the record submitted as part of the Jurisdictional Motions shows that the Order is simply wrong on the facts and law. As discussed below, the unrefuted jurisdictional evidence establishes that the Non-Resident Corporate Defendants (1) have no business presence in Florida, (2) have engaged in no tortious conduct in Florida, and (3) do not have an "agency" relationship with Mr. Miscavige in his individual capacity such that, as described by Plaintiffs, it would support an agency theory of jurisdiction under an alter ego/piercing the corporate veil theory.

---

join in the objection of Defendants Flag Ship Service Organization and Flag Service Organization filed this same day on this ground.

**(1) No business presence in Florida**: The Order purports to find that Mr. Miscavige is conducting business in Florida because his putative agents – CSI, RTC and IASA – have significant business activities in Florida. (ECF 170 at 19-20.) Neither CSI, RTC, nor IASA are "at home" in Florida for the purposes of general jurisdiction. RTC is a religious non-profit, tax-exempt corporation organized under the laws of California, is headquartered in California, and the vast majority of its staff are located in California. (ECF 88 at 6, ECF 88.1, ¶ 7.) Allegations that certain persons are doing business on RTC's behalf in Florida are false, and RTC's evidence on that point is unrefuted. (ECF 88 at 10-11, ECF 88.1, ¶¶ 22-23.) CSI, likewise, is a religious non-profit tax-exempt corporation organized under the laws of California that has its principal place of business in California. (ECF 89 at 4.) The unrefuted evidence is that "CSI does not conduct business or 'maintain an operational presence' in Florida, and has no office, officers, employees, representatives, or agents in Florida." (ECF 89 at 5, ECF 89.1 ¶¶ 9-12.)[3] IASA is also a non-profit tax-exempt corporation organized under the laws of Delaware and headquartered in California. (ECF 87 at 2, and 78.1 ¶ 2.) All of its corporate decisions are made in and directed from Los Angeles, where all of its officers and directors reside. (ECF 87 at 2, ECF 87.1 at ¶ 5.) Contrary to the allegations of the

---

[3] The record is also undisputed that RTC and CSI are Churches of Scientology and that IASA is a non-profit charitable organization. Under Florida law, they are not "businesses" and thus it was erroneous as a matter of law for the Order to even accept as true the allegation that CSI and RTC were doing business in Florida. *See* Fla. Stat. 205.022(1): *"Business," "profession," and "occupation" do not include the customary religious, charitable, or educational activities of nonprofit religious, nonprofit charitable, and nonprofit educational institutions in this state, ...."*

FAC (which were erroneously accepted as true in the Order), IASA does not administer Scientologists' dues from Florida, does not provide travel services for the *Freewinds'* guests and crew, and derives no pecuniary benefit (in Florida or anywhere) from referrals to the *Freewinds'* travel agent. (ECF 87 at 9, ECF 87.1 ¶¶ 6,7, and 9.)[4] The IASA does not even have a bank account in Florida. (ECF 87.1 ¶ 10.)

   **(2) No tortious conduct in Florida:** The Order recites allegations that the Non-Resident Corporate Defendants engaged in tortious conduct within Florida and thus Mr. Miscavige also engaged in such conduct as they are his putative agents. But the Non-Resident Corporate Defendants categorically denied through affidavits that they ever engaged in any tortious conduct against Plaintiffs in Florida or anywhere. (ECF 88 at 10-11, ECF 88.1 ¶¶ 21-23; ECF 89 at 12-13 and 89.1 ¶ 16; ECF 87 at 10-12 and 87.1 ¶¶ 5, 7 and 9.) That jurisdictional evidence is unrefuted by competent evidence by Plaintiffs. The Order points to allegations of Plaintiffs' activities in Florida when they were minors as support for the proposition that Plaintiffs' claims arise from conduct in Florida (ECF 170 at 23), but Plaintiffs' own subsequent filings make clear that these allegations cannot give rise to their claims. As conceded in Plaintiffs' Opposition to FSO's Motion to Dismiss (ECF 107, at 12, n. 7), all of Plaintiffs' claims depend on events occurring

---

[4] The Order repeats allegations in the FAC that Mr. Miscavige receives a "pecuniary benefit" from the IASA dues. The Plaintiffs did not raise this allegation in any of their oppositions to the Jurisdictional Motions or in their Service Motion. The allegation itself is an immaterial allegation as IASA has placed into evidence unrebutted evidence that it does no business in Florida. It follows then, that Mr. Miscavige could never be receiving any pecuniary benefit from its alleged business in Florida. In any event, the allegation is patently false. (*See* Declaration of Mislav Raos hereto, ¶ 5.)

*after 2008*. The "Florida" events described in the Order allegedly occurred a decade before that. (ECF 85 at 6-10.)

The Order also summarizes a vague allegation from the FAC that CSI controls "a number of trusts, including Flag Ship Trust, which among other things owns the company that owns the *Freewinds*." (ECF 170 at 23.) CSI denied the allegation in its Jurisdictional Motion, pointing out that the FAC did not explain whether it was the trustee or beneficiary of the supposed trust, what "control" meant, what supposed company the FAC was talking about, and what any of this had to do with liability for the claims or with Florida, given that Plaintiffs admitted that the *Freewinds* was always in international waters. (ECF 89 at 20.) In any event, the trust is a red herring, having been dissolved before the claims at issue supposedly arose. (*See* Declaration of Kenneth Weber in support of objections of FSO and FSSO filed this day.)

**(3) No agency:** The Order's finding of service on Mr. Miscavige depends on the allegations that the Non-Resident Corporate Defendants were engaged in substantial business in Florida and tortious conduct in Florida, and that therefore substitute service has been accomplished because they allegedly are Mr. Miscavige's agents in Florida. As shown above, the Non-Resident Corporate Defendants have contested the first two propositions with unrebutted evidence, so the question of agency is immaterial: the Non-Resident Defendants do not engage in substantial business in Florida and did not engage in any tortious conduct in Florida. As such, substitute service cannot be deemed on any of their supposed

agents. But, in any event, the Non-Resident Corporate Defendants have contested

the issue of agency. As they pointed out, each Church of Scientology is "separately

incorporated as a religious non-profit corporation and is operated by its own

officers and directors." (ECF 89.1, ¶ 7.) As CSI and IASA have shown, Mr.

Miscavige is not an employee, officer or director of either of them, and all of their

affairs and operations are directed from California. (ECF 87.1 ¶¶ 5-7; ECF 89.1 ¶¶

9, 12-13.) And while Mr. Miscavige is Chairman of the Board of RTC, RTC has only

a "skeleton staff" in Florida (which does not include Mr. Miscavige), has no agents

in Florida, and does not operate or own any business in Florida, and is directed

entirely from California. (ECF 88.1 ¶¶ 10-15, 19-20.) RTC submitted evidence that

it is "managed and directed from California" – not Florida. (ECF 88 at 9; ECF 88.1

¶ 7.)

Furthermore, as RTC pointed out in its Jurisdictional Motion, Plaintiffs

argue that the Court has jurisdiction over it because RTC's supposed principal –

Mr. Miscavige – allegedly is doing business in Florida. (ECF 88 at 15.) RTC showed

that as a matter of law a court cannot exercise personal jurisdiction over a non-

resident instrumentality just because its putative principal allegedly is doing

business in Florida. (*Id.*) The Order thus confuses the theory of jurisdiction: It

assumes that there can be substitute service of Mr. Miscavige because his supposed

agents (RTC and other Non-Resident Corporate Defendants) are doing business in

Florida (ECF 170 at 20-21), while Plaintiffs argued the opposite in opposing the

Jurisdictional Motions – that the Court can exercise jurisdiction over the Non-

Resident Defendants because Mr. Miscavige supposedly is a Florida resident.[5] (ECF 79, ¶¶ 16-20.) As Plaintiffs now appear to concede that Mr. Miscavige is not a Florida resident, their theory for exercising jurisdiction over the Non-Resident Corporate Defendants unravels.

The Order also suggests that the Non-Resident Corporate Defendants are under the *de facto* control of Mr. Miscavige because the FAC alleges that he is the senior most officer of the Sea Org. (ECF 170 at 3.) According to the allegations summarized in the Order, Sea Org members who work for the Non-Resident Defendants are directly under Mr. Miscavige's control and in turn so are the Non-Resident Corporate Defendants. But the Non-Resident Corporate Defendants refuted this allegation as well with unrebutted evidence. The Sea Org is an unincorporated religious order; all Sea Org members are "wholly answerable to the Church of Scientology to which they are assigned and are responsible, as are all other staff, to the officers and directors of the Church to which they are assigned." (ECF 84.1 at ¶ 16.) The allegations of agency are at best disputed. In fact, they are unfounded.

Finally, the false allegations about Mr. Miscavige's supposed control of staff members within Churches and his relation to individual corporate Churches in his role as ecclesiastical leader of the Scientology religion plainly involve questions of internal Church governance and interpretations of Church doctrine. It is beyond

---

[5] Furthermore, the Order does not appear to accept as true the refuted allegation that Mr. Miscavige is a Florida resident. (ECF 170 at 16.)

the jurisdiction of any secular court to consider and adjudicate such questions. *Serbian Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976); *Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Church*. 393 U.S. 440 (1969).

## IV.    Conclusion.

For the foregoing reasons, the Non-Resident Corporate Defendants request that this Objection be sustained and that this Court order that the Order does not adjudicate any issue litigated in the Jurisdictional Motions or otherwise bind the Non-Resident Corporate Defendants in any way.

|  | /s/ *Gustavo J. Membiela*<br>GUSTAVO J. MEMBIELA<br>(FBN: 513555)<br><br>**Winston & Strawn, LLP**<br>200 South Biscayne Boulevard<br>Suite 2400<br>Miami, FL 33131-5341<br>Tel: 305.910.0717<br>Fax: 305.910.0505<br>gmembiela@winston.com<br><br>and<br><br>William H. Forman\*<br>**Winston & Strawn, LLP**<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071-1543<br>whforman@winston.com<br>Tel: 213.615.1992<br>Fax: 213.615.1750<br>*Attorneys   for   Defendant   Church   of Scientology International*<br><br>*\*pro hac vice* motion granted |
|---|---|

| | |
|---|---|
| | */s/Christopher G. Oprison*<br>Christopher G. Oprison (FBN: 0122080)<br><br>**DLA Piper, LLP (US)**<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL 33131-5341<br>Tel: 305.423.8500<br>Fax: 305.437.8131<br>chris.oprison@dlapiper.com<br>*Attorneys for Defendant Religious Technology Center* |
| | */s/Robert V. Potter, Jr.*<br>ROBERT V. POTTER, Jr. (FBN: 363006)<br><br>**Johnson Pope Bokor Ruppel & Burns, LLP**<br>911 Chestnut Street<br>Clearwater, FL 33756<br>Tel. 727.461.1818<br>BobP@jpfirm.com<br><br>*Attorneys for Defendant IAS Administration* |

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection was electronically filed on February 28, 2023, with the Clerk of the Court via the Court's CM/ECF system which will send a true and correct copy to all counsel of record.

*/s/ William H. Forman*
Attorney