UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

    Plaintiffs,

v.                                            Case No.: 8:22-cv-00986-TPB-JSS

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

    Defendants.
_____/

**OBJECTION OF DEFENDANTS FLAG SERVICE ORGANIZATION, INC. AND FLAG SHIP SERVICE ORGANIZATION, INC. TO PORTIONS OF MAGISTRATE JUDGE'S ORDER RE SERVICE (ECF 170)**

    Defendants Church of Scientology Flag Service Organization, Inc. ("FSO") and Church of Scientology Flag Ship Service Organization, Inc. ("FSSO"), submit this Objection to Magistrate Judge's Order of February 14, 2023 (ECF 170) deeming Defendant David Miscavige served with the First Amended Complaint ("Order"). FSO and FSSO object to any statement, finding, or conclusion in the Order being considered probative concerning or binding on them in any respect.

## I.  Factual and Procedural Background.

On August 23, 2022, FSO and FSSO filed motions to compel arbitration or, in the alternative, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motions to Arbitrate or Dismiss"). (ECF 84 & 85.) The Motions to Arbitrate or Dismiss are pending before the Court.

On December 13, 2022, Plaintiffs filed a motion to have Defendant David Miscavige deemed served and his default entered ("Service Motion"). (ECF 152.) No part of the Service Motion was directed to FSO or FSSO or sought any relief against either of them. (*Id.*) On December 27, 2022, counsel for Mr. Miscavige specially appeared and filed an opposition to the Service Motion, with supporting evidence. (ECF 163 & 163.1-.10.)

On January 20, 2023, the Magistrate Judge heard arguments on the Service Motion. On February 14, 2023, the Magistrate Judge issued the Order. The Order summarizes and relies upon certain allegations in the First Amended Complaint ("FAC"), including allegations that FSO, FSSO, Defendant Church of Scientology International ("CSI"), Defendant Religious Technology Center ("RTC"), and Defendant IAS Administrations ("IASA"), the "Corporate Defendants," are Mr. Miscavige's alleged agents and that Mr. Miscavige is alleged to control and direct the Corporate Defendants. (ECF 170 at 19-20 (citing FAC allegations).) The Order also accepts as true additional allegations concerning FSO, FSSO, and IASA's alleged activities in Florida.

(*Id.* at 20 (citing FAC allegations).) The Order recites additional, disputed factual allegations. (*See, e.g.*, *id.* at 18-24.) The Order expressly states that it is accepting as true the FAC's factual allegations "for purposes of determining whether the complaint's allegations support substitute service of process," and "constru[ing] all reasonable inferences in favor of the plaintiff." (*Id.* at 12.)

However, certain portions of the Order are ambiguous as to whether the Magistrate Judge is merely accepting the allegations as true or making express factual findings. For instance, the Order states "[t]he Amended Complaint and record evidence" establish Mr. Miscavige conducted business "through his agents the Organizational Defendants." The Order then identifies FSO, FSSO, CSI and IASA as Mr. Miscavige's "agents" without indicating this is merely an unproven, and in fact, refuted allegation. (*Id.* at 21.) Similarly, the Order recites the FAC's allegations regarding FSO and FSSO's alleged business activities within Florida without qualifying that these activities are, again, merely unproven allegations. (*Id.* at 20.)

While FSO and FSSO believe that a fair reading of the Order is that such allegations are merely accepted as true for the purposes of the Service Motion, due to these ambiguities, FSO and FSSO expressly object to the Order and assert that no part of the Order can be considered probative concerning or binding on them in any respect, as set forth fully below.

## II. The Order Cannot Have Any Effect on FSO and FSSO.

The effect of an order by a court is limited to the issues considered and adjudicated by the court as part of its order. *Wingard v. Emerald Venture Fla. LLC*, 438 F.3d 1288, 1294 (11th Cir. 2006) ("While it is true that in some instances a court may preclude the prospective relitigation of an issue without rendering an express, written ruling on that issue, the final decision's putative preclusive effect hinges on its representing a *full* consideration of a *fully litigated* issue.") (emphasis in original). Further, an order cannot preclude litigation of an issue except where the order resolved an "identical issue" between "the same parties." *Id.* at 1293.

The Service Motion was not directed to FSSO or FSO, they did not submit briefs, and they were not heard in connection with it. As such, there is no "identical issue" between "the same parties" with regard to the Order as to FSO and FSSO. In addition, the Order itself is confined to the issue framed by the motion directed to Mr. Miscavige and his opposition – whether Mr. Miscavige has been served and whether a default should be entered.[1] (ECF 170 at 1.) The Magistrate Judge held that in adjudicating the service issue "the properly pleaded allegations are accepted as true *for the purposes of determining whether the complaint's allegations support substitute service of*

---

[1] This objection does not address whether service was properly effected on Mr. Miscavige, which will be taken up in a separate Objection by Mr. Miscavige's specially-appearing counsel.

4

*process.*" (*Id.* at 12 (emphasis added).) The Order never states that it is "accepting as true" the FAC's allegations for any purpose other than the issue being litigated – service of process. No issue in the Order – whether it is an alleged agency relationship between any of the defendants, FSO and FSSO's alleged business activities within Florida, or any of Plaintiffs' other *unproven and unverified allegations* in the FAC – has been determined as to FSO and FSSO. To the extent the Order purports to find otherwise, FSO and FSSO expressly object.

### III. The Order Could Not Determine These Issues Because They Are Disputed.

Nor could the Order adjudicate the Corporate Defendants' alleged agency relationship with Mr. Miscavige or alleged business activities in Florida. As set forth in the Objection of the Non-Resident Corporate Defendants (CSI, RTC, IASA) to the Order, CSI, RTC, and IASA each submitted evidence in connection with their respective Motions to Dismiss or Compel Arbitration that refutes the FAC's allegations on these issues. (ECF 88 at 8-13, 16-17; ECF 89 at 6-12, 15-16; ECF 87 at 8-13, 14-17; *see also* Non-Resident Corporate Defendants' Objection to Order filed today.) The Order did not consider that evidence because the jurisdictional issues concerning CSI, RTC and IASA were not before the Magistrate Judge, and therefore, the Order cannot affect these issues.

5

Although no motion has yet placed these issues before the Court as to FSO and FSSO, FSO and FSSO likewise dispute Plaintiffs' allegations that the Magistrate Judge accepted as true in the Order.[2] Specifically, FSO and FSSO deny any agency relationship with Mr. Miscavige. Mr. Miscavige is not an employee, officer or director of FSO or FSSO, he is not their agent, and they are not an agent of him. (Declaration of Sarah Heller at ¶ 5 (as to FSO); Declaration of Kenneth Weber at ¶ 5 (as to FSSO).) "Each local church of Scientology is separately incorporated as a religious non-profit corporation and is operated by its own officers and directors." (ECF 89.1 at ¶ 7; *see also* ECF 84.2 at ¶ 4; Heller Decl. at ¶ 2.) In 1993, the IRS recognized all U.S. Churches of Scientology as tax-exempt charitable religious organizations. The IRS specifically recognized each of the Corporate Defendants (CSI, RTC, IASA, FSO and FSSO) as separately exempt, not part of a group exemption, thus finding each to be a separate and distinct entity – neither agents of each other or of any individual. (Heller Decl. at ¶ 3.)

Similarly, the Corporate Defendants *have already refuted* Plaintiffs' allegation that Mr. Miscavige has *de facto* control of the Corporate Defendants as the senior-most officer of the Sea Org. The Sea Org is an unincorporated

---

[2] FSO and FSSO's failure to address and refute other allegations of the FAC repeated by the Order is not an admission that such allegations are true. FSO and FSSO expressly reserve their right to dispute and deny all of the FAC's allegations.

6

religious order; all Sea Org members are "wholly responsible to the Church of Scientology to which they are assigned and responsible, as are all other staff, to the officers and directors of the Church to which they are assigned." (ECF 84.1 at ¶ 16.) Moreover, this disputed allegation is beyond the jurisdiction of this Court to consider. The false allegations about Mr. Miscavige's supposed control of staff members within Churches and his relation to individual corporate Churches in his role as ecclesiastical leader of the Scientology religion plainly involve questions of internal Church governance and interpretations of Church doctrine. It is beyond the jurisdiction of any secular court to consider and adjudicate such questions. *Serbian Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976); *Presbyterian Church in United States v. Mary Elizabeth Blue Hull Memorial Church.* 393 U.S. 440 (1969).

Finally, Plaintiffs' allegation (accepted as true by the Magistrate Judge) that CSI and Miscavige "control a number of trusts, including Flag Ship Trust, which among other things owns the company that owns [] the Freewinds," (ECF 170 at 23 (citing FAC ¶ 19)), is false. **The Flag Ship Trust does not exist; it was dissolved in 2009.** (Weber Decl. ¶ 4.) San Donato Properties Corporation owns the *Freewinds.* (*Id.*; *see also* ECF 84.2 at Ex. J.) In other words, the trust referred to in the FAC was dissolved more than a decade ago.

7

## IV. Conclusion.

For the foregoing reasons, FSO and FSSO respectfully request that this objection be sustained, and the Court order that the Order does not adjudicate any issue as to FSO and FSSO, is not probative as to any fact or circumstance concerning them, and does not bind them in any way.

Respectfully submitted,

/s/ *Charles M. Harris*
CHARLES M. HARRIS (FBN: 967459)
BRIGID A. MERENDA (FBN: 320500)
Trenam Law
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
Tel: 727.896.7171
Fax: 727.822.8048
charris@trenam.com
bamerenda@trenam.com
nhawk@trenam.com
ranctil@trenam.com
*Attorneys for Defendants FSSO and FSO*

/s/ *David B. Weinstein*
DAVID B. WEINSTEIN (FBN: 604410)
weinsteind@gtlaw.com
BRIAN C. PORTER (FBN: 0120282)
brian.porter@gtlaw.com
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
Tel.: (813) 318-5700
Fax: (813) 318-5900

            Secondary email: peg.thomas@gtlaw.com;
            maddie.voigt@gtlaw.com;
            FLService@gtlaw.com

            BRIGID CECH SAMOLE (FBN: 730440)
            brigid.cechsamole@gtlaw.com
            Greenberg Traurig, P.A.
            333 SE 2nd Ave., Suite 4400
            Miami, FL 33131
            Tel.: (305) 579-0500
            Fax: (305) 579-0717
            *Attorneys for Defendant FSSO*

## CERTIFICATE OF SERVICE

I certify that on February 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a true and correct copy to all counsel of record.

            */s/ Charles M. Harris*
            Attorney