# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| GAWAIN BAXTER, et al., | : |
| Plaintiffs, | : |
| v. | : Case No: 8:22-cv-986-TPB-JSS |
| DAVID MISCAVIGE, et al. | : |
| Defendants. | : |

## MOTION TO CERTIFY THE COURT'S MARCH 31, 2023 ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b) AND CLARIFICATION

### INTRODUCTION

In its order granting Defendants' motion to compel arbitration, this Court acknowledged that the conduct alleged by Plaintiffs—which included "considerable, mental, physical, and emotional abuse"—was both "surpris[ing] and shock[ing]." Dkt. No. 188 ("Order") at 15. The Court determined, however, that "the law appear[ed] to require" Plaintiffs to seek relief only through Scientology's internal dispute resolution process, rather than in court. This outcome, too, the Court described as "surprising and shocking." *Id.* But "[u]nder existing law," it concluded, the "Court's hands are tied[.]" *Id.*

Because the Court stayed proceedings pending the outcome of the arbitration, there is no final judgment from which Plaintiffs can appeal until the Scientology arbitration process is complete, which could be several years. But resolving the

1

controlling and disputed questions of law raised by this Court's decision now will save the parties and the court time and resources. Plaintiffs therefore respectfully request that this Court certify the following questions for appeal pursuant to 28 U.S.C. §1292(b): (1) whether Plaintiffs' fraud in the execution and duress challenges to the arbitration agreements must be heard by a Scientology arbitrator, rather than the court; (2) whether forcing Plaintiffs to participate in a Scientology religious arbitration violates their First Amendment right to leave their religion. Plaintiffs also ask the Court to clarify which arbitration terms, of the 12 conflicting agreements presented by Defendants, control for each Plaintiff.

## ARGUMENT

### I. The Court Should Certify an Interlocutory Appeal under 28 U.S.C. §1292(b)

If a district court determines that an order that is "not otherwise appealable" "involves a controlling question of law as to which there is substantial ground for difference of opinion," and that immediate appeal "may materially advance the ultimate termination of the litigation," the court may certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See Henry v. Okeechobee Cnty. Sheriff's Off.*, No. 21-12520, 2023 WL 239817, at *2 (11th Cir. Jan. 18, 2023). Here, there are at least two controlling legal issues that meet the requirements for certification:[1] (1) whether the Court or the arbitrator should decide Plaintiffs' duress and fraud-in-the-execution

---

[1] The Court is not limited to these questions; it has the discretion to certify others.

challenges, and (2) whether forcing Plaintiffs into Scientology arbitration violates their First Amendment right to leave their religion.

### A. Both Issues Present a Controlling Question of Law

Both the question whether the court or the arbitrator must decide Plaintiffs' duress and fraud-in-the execution challenges and the question whether compelling arbitration violates Plaintiffs' First Amendment rights are "pure, controlling question[s] of law" that depend on applying Eleventh Circuit and Supreme Court precedent interpreting the Federal Arbitration Act (FAA) and the First Amendment. *McFarlin v. Conseco Servs. LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). Neither question requires the Court to "delve beyond the surface of the record in order to determine the facts." *Id*. Indeed, these are issues that the court of appeals "can decide quickly and cleanly without having to study the record." *Id*.

### B. There is a Substantial Ground for Difference of Opinion on Both Issues

For there to be a "substantial ground for difference of opinion," the issue must be "difficult and of first impression" or the courts must be "split on the issue." *Smiley v. Costco Wholesale Corp.*, 2019 WL 4345783, at *2 (M.D. Fla. Sept. 12, 2019). Here, the controlling legal questions present difficult issues that have not been addressed by the Eleventh Circuit and on which there is a split both within the Eleventh Circuit and between the Eleventh Circuit and other courts.

1. There is Substantial Ground for Difference of Opinion on Whether the Court or Arbitrator Should Decide Plaintiffs' Duress and Fraud in the Execution Challenges

In its Order, the Court noted that Plaintiffs' position that the arbitration agreements were unenforceable because they were signed under duress "appears to be a strong argument," but concluded that the law on the issue of whether it or the arbitrator must decide Plaintiffs' duress and fraud-in-the-execution challenges "is not a model of clarity." The Court ultimately held that it was bound by Supreme Court precedent to send the case to the arbitrator, noting that result was "surprising and shocking." Order at 14-15.

Necessary to the Court's holding were two legal conclusions on which the parties' briefs had cited conflicting Supreme Court and Eleventh Circuit case law. First, the Court held that duress and fraud in the execution were challenges to the "validity" of the arbitration agreement, rather than formation challenges that must be decided by a court. Order at 14. Second, it interpreted the Supreme Court's *Buckeye* and *Prima Paint* decisions to require that a challenge to an arbitration agreement must be decided by the arbitrator if "there are no factual allegations specific to the arbitration provisions themselves." *Id.* (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)). There is "substantial ground for difference of opinion" on both those issues. 28 U.S.C. § 1292(b).

First, as to whether duress and fraud in the execution are formation challenges, Plaintiffs cited Supreme Court, Eleventh Circuit, and California precedent holding

4

that duress and fraud in the execution are formation issues that must be decided by the Court, Dkt. 111 at 8 n.15, 9; Dkt. 175 at 3; Dkt. 180 at 2-4,[2] while Defendants cited to cases from both the Eleventh Circuit and other circuits to argue that duress is a challenge to the "validity" of the agreement that must be decided by the arbitrator, Dkt. 174 at 4; Dkt. 181 at 3 & n.3.[3] The Court agreed with Defendants, relying on a Fifth Circuit case for the proposition that courts had treated duress and fraud in the execution as validity issues. *See* Dkt. 188 at 14 (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 637 F.2d 391, 398 (5th Cir. 1981)). The case law cited by the parties and the Court demonstrates that there is a split within the Eleventh Circuit on this issue, as well as a split between this Court on the one hand and other federal courts, including the Supreme Court, on the other. That is more than sufficient to find substantial grounds for difference of opinion.[4] *See In re Managed Care Litig.*, 2002 WL

---

[2] Among other cases, Plaintiffs cited the following in support of the proposition that duress and fraud in the execution are formation issues: *Kindred Nursing Ctrs. Ltd. Partnership v. Clark*, 581 U.S. 246, 255 (2017); *Solymar Invests., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 990 (11th Cir. 2012); *Coleman v. Prudential Bache Secs., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986); *Martinez-Gonzalez v. Elkhorn Packing Co., LLC*, 2019 WL 13119015, at *4 (N.D. Cal. 2019); *Rosenthal v. Great W. Fin. Secs. Corp.*, 926 P.2d 1061, 1074 (Cal. 1996); *Najarro v. Super. Ct. of San Bernadino Cnty.*, 285 Cal. Rptr. 3d 700, 714 (Cal. Ct. App. 2021).

[3] For example, Defendants cited *Barnum v. S2Residential/S2 Capital LLC*, No. 3:20-cv-458-MMH-JBT, 2021 WL 2474404, at *3 (M.D. Fla. Feb. 25, 2021); *Chastain v. Robinson–Humphrey* Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992); *Benoay v. Prudential Bache Sec., Inc.*, 805 F.2d 1437, 1441 (11th Cir. 1986); and *Nat'l Fed'n of the Blind v. The Container Store, Inc.*, 904 F.3d 70, 80-81 (1st Cir. 2018).

[4] Defendants did not address whether fraud in the execution is a formation issue, and Plaintiffs are not aware of case law holding that it is not. But there is still a "substantial ground for difference of opinion" on that issue as well because the Court's conclusion conflicts with other courts in this circuit. *See Nelson v. Whirlpool Corp.*, 2010 WL 147917, at *1 (S.D. Ala. Jan. 11, 2010) ("Although the Court believes it has decided the issue correctly, the existence of contrary decisions from two other district judges in this state indicates there is substantial ground for difference of opinion."). In particular, the Court's decision conflicts with *Sightler v. Remington College*, 2015 WL

1359736, at *2 (S.D. Fla. Mar. 25, 2002) (finding substantial ground for difference of opinion "given the absence of definitive controlling authority in this Circuit, and the contradictory decisions reached by this court and by courts in other circuits").

Second, there is a substantial ground for difference of opinion as to the interpretation and application of *Buckeye* and *Prima Paint* where, as here, a party raises a challenge that applies identically to both the arbitration provision and the contract as a whole. The Court held that, when the Supreme Court said in *Buckeye* that a challenge must be specific to the arbitration provision to avoid being sent to the arbitrator, it meant that Plaintiffs were required to allege factual circumstances unique to the arbitration provision. Order at 14. It rejected Plaintiffs' argument that their duress and fraud-in-the-execution challenges were specific to the arbitration provision because they apply to the arbitration provisions standing alone and do not depend on other provisions of the agreement. *Id.* The Court cited to no Eleventh Circuit case law for its interpretation of *Buckeye*, and each party's brief cited conflicting precedent from analogous contexts to support their positions. *See* Dkt. 181 at 4 (citing *Attix v. Carrington Morg. Servs., LLC*, 35 F.4th 1284, 1304 (11th Cir. 2022)); Dkt. 175 at 7-8 (citing *Parm v. National Bank of California, N.A.*, 835 F.3d 1331, 1334-35 & n.1 (11th Cir. 2016); *Steines v. Westgate Palace LLC*, 2022 WL 18031492, at *5 & n.5 (M.D. Fla.

---

4459545, at *3 (M.D. Fl. July 21, 2015), which held that "a [fraud in the execution] claim is a contract-formation challenge, so the Court—not an arbitrator—must resolve it." *See also Cancannon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998, 1000 (11th Cir. 1986) (holding that fraud in the execution "is not subject to resolution by arbitration, and the plaintiffs are entitled to a trial on this issue").

6

Dec. 14, 2022); *Spahr v. Secco*, 330 F.3d 1266, 1272-73 (10th Cir. 2003); *Nielsen Contracting, Inc. v. Applied Underwriters, Inc.*, 22 Cal. App. 5th 1096, 1111 (Cal. Ct. App. 2018)). As a result, this is both a difficult issue of first impression in the Eleventh Circuit and there is a split among courts in analogous cases.

> 2. There is Substantial Ground for Difference of Opinion on Whether Forcing Plaintiffs to Participate in a Religious Proceeding Violates Their First Amendment Right to Leave Their Religion

In its Order, the Court dismissed the argument that sending this case to arbitration would violate Plaintiffs' First Amendment rights. But, as the Court acknowledged, another court has held that forcing former Scientologists to participate in Scientology arbitration does violate their First Amendment rights. *Bixler v. Superior Ct. for the State of Cal.*, No. B310559, 2022 WL 167792, at *12-14 (Cal. Ct. App. Jan. 19, 2022). That split between this Court's Order and the *Bixler* case is sufficient alone for the Court to find a substantial ground for difference of opinion.

Although the Court distinguished *Bixler* on the ground that that "[t]he conduct alleged here occurred while Plaintiffs were members of [Scientology]" and "do[es] not implicate conduct after separation," Order at 13, the *Bixler* court did not foreclose application of its holding to conduct that occurred while someone was a member of Scientology. *Bixler*, 2022 WL 167792, at *11 n.20. Thus, there is a direct conflict between this Court's decision and the California Court of Appeals. Moreover, resolving that conflict requires the appeals court to resolve important and difficult issues of first impression in this Circuit, including whether it should recognize a First

7

Amendment right to leave a religion and whether, as Plaintiffs argued in their brief, Supreme Court precedent prohibits implicit waivers of that right, regardless of the underlying basis for their legal claims. *See* Dkt. 111 at 19 & n.19 (citing *Viking River Cruises, Inc. v. Moriana*, 142 S.Ct. 1906, 1919 (2022) and *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 145 (1967)).

  **C. Deciding These Questions Now Would Materially Advance the Outcome of the Litigation**

  The Eleventh Circuit's resolution of these questions now would materially advance the ultimate termination of the litigation. An appeal now would prevent a scenario in which the parties fully litigate the case in arbitration and then, following likely years of arbitration and the ultimate issuance of an award, the Eleventh Circuit decides that the case never should have been arbitrated, either because the Court should have decided the duress and fraud in the execution issues or because the arbitration violated Plaintiffs' First Amendment rights. The parties would then be forced to start at the beginning and litigate those issues in court. Guidance from the Eleventh Circuit on whether this case should be in arbitration is thus important to avoid potentially litigating the case twice.

  Moreover, if the Eleventh Circuit does ultimately conclude after the arbitration that forcing Plaintiffs to participate in Scientology's dispute resolution proceedings violates their First Amendment rights, the violation would have already occurred. Thus, review by the Eleventh Circuit now is necessary to ensure that Plaintiffs' constitutional rights are fully protected.

In short, a decision that produces a "surprising and shocking" result, based on a body of law that is "not a model of clarity," and that the Court reached because it believes that its "hands are tied" is exactly the sort of decision that is ripe for interlocutory appeal. As such, this Court should certify questions under 28 U.S.C. 1292(b) on both issues.

## II. The Court Should Clarify Which Arbitration Provisions Govern

Regardless of whether this case proceeds to arbitration now or is certified for an appeal to the Eleventh Circuit, the Court must identify which of the many inconsistent arbitration provisions controls here.[5] In its Order, the Court rejected Plaintiffs' argument that there was no mutual assent to the arbitration agreements because there were multiple agreements with conflicting provisions, finding that the agreements could be reconciled with each other. *See* Dkt. 188 at 5 n.3. But the Court did not explain how they could be reconciled or which of the conflicting agreements was the basis for compelling arbitration here, leaving the parties without guidance as to which procedures govern their arbitration. Therefore, Plaintiffs request that the Court "identify which terms control the parties' agreement" by resolving any inconsistencies. *Henry v. Pizza Hut of Am., Inc.*, No. 607CV-01128-ORL-DAB, 2007 WL 2827722, at *3 (M.D. Fla. Sept. 27, 2007). *See also Chuc v. City Fibers, Inc.*, Nos. B299854 & B301008, 2021 WL 1959212, at *6 (Cal. Ct. App. May 17, 2021).

---

[5] Under Rule 54(b), a court may "revise interlocutory orders 'at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *United States ex rel. Green v. Inst. of Cardiovascular Excellence, PLLC*, 2016 WL 2866567, at *1 (M.D. Fla. May 17, 2016).

The Federal Arbitration Act (FAA), which provides the sole statutory basis for the Court to stay proceedings and compel arbitration here, allows the Court to do so only "under **an agreement** in writing" and "in accordance with **the terms of the agreement**." 9 U.S.C. § 3 (emphasis added); *see also* 9 U.S.C. § 4 (court "shall make an order directing the parties to proceed in arbitration in accordance with **the terms of the agreement**") (emphasis added). That is because "arbitration is a matter of consent," and the Court can compel arbitration only if the parties have entered into a valid agreement to arbitrate their disputes. *Viking River*, 142 S.Ct. at 1923; *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (stating that "arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration").

Here, the arbitration provisions in the various agreements directly conflict with each other, making it impossible for Plaintiffs to arbitrate their claims without further guidance from the Court. For example, the Enrollment Agreements provide for arbitration by a panel of three Scientologist arbitrators selected by both parties, while the Departure Agreements and Covenants provide that the International Justice Chief (IJC)—a single Scientology employee—will conduct the arbitration. *Compare* Dkt. 84 Weber Decl. Exs. A, B, G *with* Exs. C, D, E, F, I. *See, e.g.*, *Ragab v. Howard*, 841 F.3d 1134, 1138 (10th Cir. 2016) (finding no mutual assent because of conflicts between agreements on arbitration selection procedure). There is simply no way to reconcile those two procedures. Likewise, the Enrollment Agreements have no appeals process,

while the Departure agreements provide that the petitioner "may request a Board of Review from the LRH Communicator International." *Compare* Dkt. 84 Weber Decl. Exs. A, B, G *with* Exs. E, F. Again, it would be impossible for the parties to comply with both those terms. Indeed, Plaintiffs currently have no guidance as to how to initiate the arbitration or how to select an arbitrator. *See also* 9 U.S.C. § 5 (requiring that a provision in an agreement for selection of an arbitrator or arbitrators "shall be followed," or, if there is no such provision, the court shall "designate and appoint an arbitrator or arbitrators").

If any one arbitration agreement must govern the parties here, it is the Departure Agreements, as "it is a well settled principle of law that the later contract supersedes the former contract as to inconsistent provisions." *N. L. R. B. v. International Union of Operating Engineers Local No 12 AFL-CIO*, 323 F. 2d 545, 548 (9th Cir. 1963); *see also Appelbaum v. AutoNation Inc.*, 2014 WL 1396585, at *3 (C.D. Cal. April 8, 2014) (arbitration agreement signed after confidentiality agreement was superseding "as the later contract"); *Thiele v. Merrill Lynch, Pierce, Fenner & Smith*, 59 F.Supp.2d 1067, 1070 (S.D. Cal. 1999) (finding "under California law, a subsequent written contract alters the terms of a previous contract"). Thus, Plaintiffs request that the Court clarify whether the provisions of the Departure Agreements apply to the exclusion of the other agreements at issue.

## CONCLUSION

For the above reasons, the Court should certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and clarify which agreement governs the parties' arbitration.

## LOCAL RULE 3.01(G) CERTIFICATION

In accordance with Local Rule 3.01(g), Plaintiffs have conferred with Defendants via email about the relief sought herein. Defendants oppose the relief sought in this motion.

Dated: April 28, 2023

Respectfully submitted,

*/s/ Manuel J. Dominguez*
Theodore Leopold
(Fla. Bar No. 705608)
Manuel J. Dominguez
(Fla. Bar No. 0054798)
COHEN MILSTEIN SELLERS
 & TOLL PLLC
11780 U.S. Highway One,
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com
jdominguez@cohenmilstein.com

Agnieszka M. Fryszman
Brendan Schneiderman
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., N.W.
Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Shelby Leighton
Anita Yandle
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
Telephone: (202) 797-8600
sleighton@publicjustice.net
ayandle@publicjustice.net

Joseph C. Kohn
Neil L. Glazer
Zahra R. Dean
Aarthi Manohar
Elias Kohn
KOHN, SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
nglazer@kohnswift.com
zdean@kohnswift.com
amanohar@kohnswift.com
ekohn@kohnswift.com

Gregory P. Hansel
(Fla. Bar No. 607101)
Shana M. Solomon
Elizabeth F. Quinby
PRETI FLAHERTY BELIVEAU &
PACHIOS, CHARTERED, LLP
One City Center
P.O. Box 9546
Portland, ME 04112-9546
Telephone: (207) 791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com

Warren A. Zimmerman
(Fla. Bar No. 652040)
WARREN A. ZIMMERMAN, P.A.
4114 Sparrow Ct
Lutz, FL 33558-2727

                    Telephone: (813) 230-1465
                    warren@wzimmermanlaw.com