UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS, | : :  CIVIL ACTION : : |
| *Plaintiffs,* | : : NO. 8:22-cv-00986 |
| v. | : : |
| DAVID MISCAVIGE; CHURCH OF SCIENTOLOGY INTERNATIONAL, INC.; RELIGIOUS TECHNOLOGY CENTER, INC.; IAS ADMINISTRATIONS, INC.; CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.; and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC., | : : : : : : : : : : |
| *Defendants.* | : : |

**MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 54(B)
DUE TO INTERVENING CHANGE IN CONTROLLING LAW**

On May 23, 2024, the Supreme Court of the United States unanimously decided *Coinbase, Inc. v. Suski*, wherein it explained that a party seeking to avoid arbitration need not challenge an arbitration provision on grounds unique to that provision and may instead challenge the provision on grounds that apply equally to the whole contract of which the arbitration provision is a part. 144 S.Ct. 1186, 1194 (2024) (attached as Exhibit A). The Supreme Court unanimously clarified its

1

previous opinions in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), and *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), explaining, in key part:

> [A] party seeking to avoid arbitration must directly challenge the arbitration or delegation clause, not just the contract as a whole. But this rule does not require that a party challenge *only* the arbitration or delegation provision. Rather, where a challenge applies "equally" to the whole contract and to an arbitration or delegation provision, a court must address that challenge. Again, basic principles of contract and consent require that result. Arbitration and delegation agreements are simply contracts, and, normally, if a party says that a contract is invalid, the court must address that argument before deciding the merits of the contract dispute.

144 S.Ct. at 1194 (citations omitted).

In light of that intervening change in the law, Plaintiffs move for reconsideration of this Court's March 31, 2023 order compelling arbitration of their claims against Defendants,[1] including its decision that the threshold issue of whether

---

[1] Although the Court stayed this entire case after compelling arbitration, it is Plaintiffs' position that the order compelling arbitration does not apply to Defendant David Miscavige for three reasons. First, the Court's order compelling arbitration referenced the Defendants that "have moved to dismiss or to compel arbitration," Order at 4, but Miscavige never responded to the Complaint, let alone moved to dismiss or compel arbitration. Second, the FAA does not allow a court to *sua sponte* compel arbitration of claims against a party who has not moved for it. *See, e.g.*, 9 U.S.C. § 4; *Lation v. Fetner Props. Inc.*, No. 17-cv-3276 (JPO), 2017 WL 6550691, at *2-3 (S.D.N.Y. Dec. 22, 2017) (refusing to compel arbitration for particular defendant who had not requested it); *Kalenga v. Irving Holdings, Inc.*, No. 3:19-CV-1969-S, 2020 WL 7496208, at *12 (N.D. Tex. Dec. 20, 2020) (citing *M & B Assoc., Inc. v. Wells Fargo Bank, N.A.*, No. 07-10-0446-CV, 2011 WL 1458169, at *1 (Tex. App. – Amarillo, Apr. 13, 2011)) ("The Court cannot *sua sponte* order claims to arbitration."); *Spriggs v. Hancock Holding Co. Severance Pay Plan*, No. 18-729-SDD-RLB, 2020 WL 364122, at *6 (M.D. La. Jan. 22, 2020) (citing *TWTB, Inc. v. Rampick*, 2016 WL 4131081, at *3 (E.D. La. Aug. 3, 2016)) (the FAA "does not include language allowing courts to *sua sponte* compel arbitration"); *Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d

the arbitration agreements Plaintiffs signed were invalid because they were entered under duress or procured by fraud in the execution is a question for the arbitrator, not the Court, to decide. *See* ECF No. 188 (the "Order") at 13-14 & n.8. Reconsideration is warranted because, under *Suski*, all Plaintiffs' challenges to the arbitration provisions, including their duress and fraud-in-the-execution challenges, must be considered by a court, not an arbitrator, but this Court held, based on the pre-*Suski* Supreme Court precedent that was not a "model of clarity," *id.* at 14, that those challenges must be heard by the arbitrator. At the time, the Court found that result "surprising and shocking," *id.* at 15, but felt that its "hands [were] tied" by existing Supreme Court case law. Now that *Suski* has clarified the controlling law, this Court should grant reconsideration and avoid that "surprising and shocking" outcome by hearing and adjudicating Plaintiffs' challenges to the arbitration agreement. *Id.* In particular, the Court should find as a matter of law that the

---

781, 798-99 (N.D. Ill. 2013) (citing *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007)) ("District courts should not *sua sponte* enforce arbitration clauses."). Third, Miscavige himself does not believe that he is a party to the order compelling arbitration. *See* Notice of Non-Participation at 2, *Baxter v. Miscavige*, No. 23-90013 (11th Cir.), ECF No. 39 ("Mr. Miscavige is not a party before the Court[.]"). Miscavige said as much to the Eleventh Circuit *even after* this Court's order concluded that the agreements at issue reflect "an intent to arbitrate disputes … against the Church and its related entities and individuals." Order at 6 n.4.

Accordingly, should the Court grant the motion for reconsideration and lift the stay currently in place, the clock would resume running on Miscavige to respond to Plaintiffs' complaint, either by answering the complaint or filing a motion to dismiss or compel arbitration. Because the Court overruled Miscavige's objections to service on the same day it issued the Order, *see* ECF No. 187, Plaintiffs believe Miscavige must respond within 21 days of the lifting of the stay.

3

arbitration agreements were never formed due to duress, fraud in the execution, or lack of mutual assent. And, if it cannot do so as a matter of law, it should hold a "trial" under the Federal Arbitration Act regarding the formation of the arbitration agreement. *See* 9 U.S.C. § 4.

I.    **Legal Standard for Reconsideration**

Under Federal Rule of Civil Procedure 54(b), the Court's interlocutory order compelling arbitration "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1270 (11th Cir. 2015) (explaining that an order compelling arbitration and staying the case pending arbitration is "interlocutory instead of final"). "[A] motion for reconsideration is typically granted" when there is "an intervening change in controlling law." *Knouse v. Sam's E., Inc.*, No. 2:24-cv-127-SPC-NPM, 2024 WL 1720774, at *1 (M.D. Fla. Apr. 22, 2024) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)); *see also Annunziata v. Sch. Bd. of Miami-Dade Cnty., Fla.*, No. 04-12560, 2005 WL 591205, at *3 (11th Cir. Mar. 4, 2005) (holding that district court did not abuse its discretion in granting motion for reconsideration when a state appellate court decision "represented an intervening change in controlling state law on a required element in the claims of [the plaintiffs]"); *Bryant v. Jones*, 696 F. Supp.

2d 1313, 1320 (N.D. Ga. 2010) (granting motion for reconsideration where intervening decision "established new Eleventh Circuit authority on this unsettled question of law").

  II. **The Supreme Court's Decision in *Coinbase, Inc. v. Suski* is an Intervening Change in the Controlling Law that Warrants Reconsideration**

  Reconsideration should be granted here because the *Suski* decision has an outcome-determinative effect on a key issue in this case: who decides Plaintiffs' challenges to the validity and enforceability of the arbitration agreement. In *Suski*, the Supreme Court clarified the meaning of its statement in *Buckeye Check Cashing, Inc. v. Cardegna*—relied on by the Court here—that a party seeking to avoid arbitration must "specifically" challenge the "arbitration provisions" in a contract. 546 U.S. 440, 446 (2006). The *Suski* court explained that *Buckeye* means that "a party seeking to avoid arbitration must directly challenge the arbitration or delegation clause, not just the contract as a whole[,]" but that *Buckeye* "does not require that a party challenge *only* the arbitration or delegation provision. Rather, where a challenge applies 'equally' to the whole contract and to an arbitration or delegation provision, a court must address that challenge." *Suski*, 144 S.Ct. at 1194 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010)). The Supreme Court explained that this rule stems from the fact that "[a]rbitration and delegation agreements are simply contracts, and, normally, if a party says that a contract is

5

invalid, the court must address that argument before deciding the merits of the contract dispute." *Id.* Applying those principles to the case at issue, the Supreme Court unanimously found that the plaintiff's challenge "was 'directed specifically to' the delegation provision" because the plaintiff had argued that no arbitration agreement existed between the parties and that, as a result, no delegation clause existed either. *Id.* at 1194 n.*.

The Supreme Court's holding in *Suski* definitively resolves an issue that the parties here vigorously disputed and that this Court acknowledged was a difficult and close one. Relying on *Buckeye*, Defendants argued that Plaintiffs had not specifically challenged the arbitration agreements because their arguments for invalidity of the arbitration agreement—duress, fraud in the execution, lack of mutual assent, and unconscionability—all applied equally to the whole contracts of which the arbitration agreements were a part, rather than only to the arbitration provisions. ECF No. 84 at 17 n.7; ECF No. 174. Plaintiffs, on the other hand, argued that *Buckeye*'s requirement that they specifically challenge the arbitration provision did not require them to challenge *only* the arbitration provision on a ground unique to that provision that did not apply to the whole contract. ECF No. 111 at 8 n.15; ECF No. 175. The Court ordered supplemental briefing on the application of *Buckeye* to this case and, after analyzing the briefing by the parties, ultimately agreed with Defendants that *Buckeye* prohibited Plaintiffs from challenging the arbitration

6

agreement "as a whole as entered into under duress," and that instead they were required to raise "factual allegations specific to the arbitration provisions themselves." Order at 14. The Court noted that "the law on this issue is not a model of clarity," but found itself bound by "controlling law on this point from the United States Supreme Court," *i.e.*, *Buckeye* and *Prima Paint*, which it concluded "requires the issue of duress to be determined in the first instance by an arbitrator." *Id.* The Court appeared troubled by that result, emphasizing that the fact that, under *Buckeye*, "Plaintiffs are limited to seeking relief through arbitration within the Scientology organization itself, not through the courts," even though they alleged they were forced to sign the agreements under duress, was "surprising and shocking." *Id.* at 15. It concluded that "such a limitation appears to be required under governing law" and that "[u]nder existing law, this Court's hands are tied," so an arbitrator must decide whether the agreements were entered into under duress. *Id.*

At Plaintiffs' request, this Court certified for interlocutory appeal under 28 U.S.C. § 1292(b) the question of "whether Plaintiffs' fraud in the execution and duress challenges to the arbitration agreement must be heard by a Scientology arbitrator, rather than the district court." ECF No. 191 at 6. The Court "emphasize[d] that it did not come to its decision to compel arbitration lightly or easily, and the controlling legal issues present difficult questions that have not been squarely addressed by the Eleventh Circuit or United States Supreme Court." *Id.* at 5. The

7

Court acknowledged that there "is certainly room for disagreement, even if the Court ultimately found Defendants to have the stronger position." *Id.* Nonetheless, before the Supreme Court decided *Suski*, a panel of the Eleventh Circuit summarily denied Plaintiffs' petition for interlocutory appeal, with one judge dissenting.

Now, *Suski* has clarified the controlling Supreme Court case law and resolved the challenging questions that the Court grappled with in its Order and certified for interlocutory appeal, leaving no doubt that Plaintiffs' interpretation of *Buckeye* was the correct one. As *Suski* confirms, the Court cannot send Plaintiffs' challenges to the validity and enforceability of the arbitration agreement to the arbitrator even though Plaintiffs did not "challenge *only* the arbitration . . . provision," and even though their challenges "appl[y] 'equally' to the whole contract and to the arbitration . . . provision." 144 S.Ct. at 1194. In other words, under *Suski*, Plaintiffs did not have to raise "factual allegations specific to the arbitration provisions themselves," as this Court required. Order at 14. It was sufficient that, like the plaintiffs in *Suski*, they argued that no enforceable arbitration agreement existed because no enforceable agreement existed at all. 144 S.Ct. at 1194 n.*; *see also, e.g.*, ECF No. 111 at 3-4 (Plaintiffs' brief arguing that the "arbitration agreements" specifically were void because no contract was ever formed due to duress, fraud, and lack of mutual assent). Thus, given the intervening change in the law, this Court should reconsider its Order compelling arbitration of the issue whether Plaintiffs entered into a valid arbitration

8

agreement, including whether the agreement was entered into under duress or as a result of fraud in the execution.

Reconsideration is especially necessary here to prevent injustice. As the Court recognized, it is a "shocking" result for Plaintiffs to be forced into Scientology arbitration under an agreement they contend—supported by compelling evidence—was never formed in the first place because it was procured by duress and fraud in the execution. Order at 15. And now that the Supreme Court has clarified that such a result is *not* required by its case law, it would be unjust to uphold it. While compelling arbitration under an agreement that was never formed due to duress or fraud would be unjust in any arbitration, it is especially so here because, since the motions to compel arbitration were decided, new evidence has come to light confirming Plaintiffs' argument that the Scientologist arbitrators—who are controlled by Defendants—will not give Plaintiffs a fair hearing on the issue whether they signed the agreements under duress, including that Plaintiffs will be denied an attorney to represent them and prevented from presenting evidence or witnesses to support their duress argument. *See* Pl.'s Post-Arb. Hearing Status Rep., *Haney v. Church of Scientology Int'l*, No. 19STCV21210 (Cal. Super. Ct. Nov. 6, 2023) (attached as Exhibit B).

Thus, now that *Suski* has clarified that this Court has authority to decide whether the arbitration agreements at issue here are valid, the Court should take the

9

opportunity to avoid a "shocking and surprising" result and ensure that Plaintiffs are not forced to participate in Scientology arbitration unless they freely agreed to do so.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration of the Court's March 31, 2023, Order should be granted, and the Court should decide Plaintiffs' challenges to the validity and enforceability of the arbitration agreement. If the Court cannot find that the arbitration agreements are invalid as a matter of law, Plaintiffs renew their request for discovery and a trial on the issue pursuant to § 4 of the FAA. *See* ECF No. 111 at 20 (requesting that, if the Court "finds that there is a dispute of material fact" as to whether a valid arbitration agreement exists, it "proceed with discovery and trial on any disputed issues of fact regarding arbitrability").

Dated: June 25, 2024

Respectfully submitted,

*/s/* Shelby Leighton
Shelby Leighton
**PUBLIC JUSTICE**
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
sleighton@publicjustice.net

Manuel J. Dominguez
(Fla. Bar No. 0054798)
Theodore Leopold
(Fla. Bar No. 705608)

**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
tleopold@cohenmilstien.com
jdominguez@cohenmilstein.com

Agnieszka M. Fryszman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., N.W., Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Brendan Schneiderman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine St., 14th Floor
New York, NY 10005
(212) 838-7797
bschneiderman@cohenmilstein.com

Joseph C. Kohn
Neil L. Glazer
Zahra R. Dean
Elias A. Kohn
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
jkohn@kohnswift.com
nglazer@kohnswift.com
zdean@kohnswift.com
ekohn@kohnswift.com

Gregory P. Hansel

11

(Fla. Bar No. 607101)
Shana M. Solomon
Elizabeth F. Quinby
**PRETI FLAHERTY BELIVEAU** &
**PACHIOS, CHARTERED, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com

Warren A. Zimmerman
(Fla. Bar No. 652040)
**WARREN A. ZIMMERMAN, P.A.**
4114 Sparrow Ct
Lutz, FL 33558-2727
(813) 230-1465
warren@wzimmermanlaw.com

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), counsel for Plaintiffs contacted counsel for Defendants on June 13, 2024 regarding Plaintiffs' intent to file this motion and requested a meeting to confer regarding the motion. Counsel for Defendants were unavailable until June 24, 2024, and the parties met via Zoom to discuss the motion on that date. The parties were unable to agree on the resolution of the motion. Counsel for Defendants oppose the filing of the motion and the relief sought.

                                                                Respectfully submitted,

                                                                */s/* Shelby Leighton
                                                                Shelby Leighton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed on June 25, 2024, with the Clerk of Court via the Court's CM/ECF system which will send a notice of electronic filing and copy to all counsel of record.

*/s/* Shelby Leighton
Shelby Leighton
