# EXHIBIT B

1  Graham E. Berry, State Bar No:128503
   Law Office of Graham E. Berry
2  1935 N. Serrano Ave.
   Los Angeles, CA 90027-1621
3  Tel: (310) 745-3771
4  Email: grahamberryesq@gmail.com

5  Brian D. Kent, Esq. (Pro Hac Vice Admission Pending)
   Gaetono D'Andrea, Esq. (Pro Hac Vice Admission Pending)
6  M. Stewart Ryan, Esq. (Pro Hac Vice Application Pending)
   LAFFEY, BUCCI & KENT, LLP
7  1435 Walnut Street, Suite 700
8  Philadelphia, PA 19102
   Tel: (215) 399-9255 / Fax: (215) 241-8700
9  Email: bkent@laffeybuccikent.com
   Email: GDAndrea@laffeybuccikent.com
10 Email: sryan@laffeybuccikent.com

11 **SEE PAGE 2 FOR ADDITIONAL**
12 **ATTORNEYS REPRESENTING PLAINTIFF**

13 Attorneys for Plaintiff

14

15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16              **COUNTY OF LOS ANGELES-UNLIMITED JURISDICTION**

17 VALERIE HANEY,                          CASE NO.: 19STCV21210
                                           *Assigned to Hon. Gail Killefer, Dept. 37*
18              Plaintiff,
                                           **[ERRATA]**
19     v.
                                           **PLAINTIFF'S POST ARBITRATION**
20 CHURCH OF SCIENTOLOGY                    **STATUS CONFERENCE**
   INTERNATIONAL; RELIGIOUS               **STATEMENT, DECLARATION OF**
21 TECHNOLOGY CENTER; DAVID               **GRAHAM E. BERRY AND EXHIBITS**
   MISCAVIGE; AND DOES 1-25,
22                                         Date: November 6, 2023
                                           Time: 8-30 A.M.
23              Defendants.                Dept: 37

24                                         Complaint Filed: June 18, 2019

25

26

27

28

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2023 2:22 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

<u>Below are additional attorneys representing Plaintiff</u>:

Marci Hamilton, Esq. (Pro Hac Vice Application Pending)
University of Pennsylvania [1]
Fox-Fels Building
3814 Walnut Street
Philadelphia, PA 19104
Tel: (215) 353-8984 / Fax: (215) 493-1094
Email: hamilton.marci@gamil.com

Jeffrey P. Fritz, Esq. (Pro Hac Vice Application Pending)
SOLOFF & ZERVANOS, P.C.
1525 Locust Street, 8th Floor
Philadelphia, PA 19102
Tel: (215) 732-2260 / Fax: (215) 732-2289
Email: jfritz@lawsz.com

## ERRATA

**Page 5:27.** Removed quotation mark after the word Chief.

**Page 6:1.** Replaced the word order with audio.

**Page 6:9.** Inserted quotation mark after the word attorneys.

**Page 6:23**. Inserted square bracket after Jones.

**Page 7:22.** Inserted the word it between if and could.

**Page 8:19.** Replaced the word Defendant's with Plaintiff's.

**Page 10:25 [Berry Declaration]**. Replaced the number 203 with 2023.

**Page 11:17 [Berry Declaration].** Inserted apostrophe between the letters g and s in the word buildings.

**PROOF OF SERVICE:**

Replaced  PLAINTIFF'S RESPONSE TO COURT ORDER TO SHOW CAUSE RE DISMISSAL with <u>ERRATA</u>  PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT, DECLARATION OF GRAHAM E. BERRY AND EXHIBITS

---

[1] This address is solely for delivery purposes. It does not indicate support for any lawsuit or case by the University of Pennsylvania.

**TO THE HONORABLE COURT HEREIN AND ALL PARTIES OF RECORD:**

Plaintiff Valerie Haney hereby submits her "Post Arbitration Hearing" Status Report.

**I.   INTRODUCTION**

    **A.** As will be seen below, the Court's designation of the November 6, 2023, calendar event herein as a "post arbitration hearing status report" is a misnomer. On June 30, 2023 (see Exhibits 5-6), Plaintiff had requested that the "religious arbitration" herein be completed by September 30, 2023. It did not proceed until October 16 and on October 18 the Defendant's three arbitrators continued the hearing until January 10-12, 2024, at which point it is apparent that the arbitration will not have been completed. See, ¶III, T (p. 8 below). At this pace the Arbitration may take more than a year.

    **B.** Plaintiff has filed a First Amended Complaint setting forth claims against Defendants for intentional misrepresentation, concealment, false promise, false imprisonment, kidnapping, stalking, libel, slander, constructive invasion of privacy, intentional infliction of emotional distress, human trafficking, and violation of Labor Code §970.

    **C.** Plaintiff has suffered, and continues to suffer, damages as a result of Defendant's secular conduct. Her pain and suffering, both physical and lifelong emotional/mental health damages, cannot be understated. Plaintiff seeks general, special, punitive & exemplary damages as well as injunctive relief. Additional damages include attorneys' fees and costs, unpaid wages, statutory damages, pre and post judgment interest and double damages pursuant to California Labor Code section 970.

    **D.** Despite Plaintiff's objections and opposition, Defendants successfully petitioned the court for forced "religious arbitration." As shown below, Defendants have not provided Plaintiff with the discovery of requested documents, or to have copies of any documents used by Defendant's during the 2 ½ days of arbitration. Defendants will not allow attorneys for Plaintiff to be present, will not allow Plaintiff to directly examine or to directly cross-exam Defendant's witnesses, will not allow Plaintiff to have a court reporter or videographer record the arbitration, will not provide Plaintiff with a copy of the policies and procedures for the religious arbitration, and from knowing in advance what evidence or witnesses that Defendants will be relying on or calling, and in other ways are violating Plaintiff's due process and other rights.

    **E.** The conduct of the chairman of the three arbitrators, Sarah Heller, in repeatedly and regularly calling the Plaintiff a liar, and permitting their witnesses to accuse Plaintiff of being a liar, merely continues some of the abuse that Plaintiff's First Amended Complaint alleges. For example, Danny Light, her former husband who is still in the CSI Sea Organization, screamed at her that "there's no money in this, and why are these allegations put out? So she can get a payout? Because

1  she won't and [referring to the First Amended Complaint] there's nothing here that's not a lie."

2  **II.   CORRESPONDENCE BETWEEN THE PARTIES 03/14/23-10/06/23**

| Ex # | Date | From | To | Principal Contents |
|---|---|---|---|---|
| 1 | 3/14/23 | CSI | Haney | 3 arbitrators selected. But names withheld. |
| | *3/15/23* | | | *Order to Show Cause re Dismissal Hearing.* |
| 2 | 3/15/23 | Berry | Forman | Berry informs Forman that "[i]n accordance with the Court's order, I have also requested Valerie Haney to send me her Florida address which I will provide you in due course." *But see Ex. 4.* |
| 3 | 6/23/23 | CSI | Haney | Claims not to have Haney's Tampa Address. |
| | 6/23/23 | Forman | Berry | Accuses [falsely] Berry of causing delay by violating a court order. |
| 4 | 6/30/23 | Haney | CSI | Haney states that she had no need to provide address; CSI had it already. Private Investigators had been sitting outside her Florda address and following her around. Then proceeds with a DEMAND LETTER (9 pages). Requests responsive information and documents by 6/30 so that Arbitration can be completed by 9/30/23. |
| 5 | 08/08/23 | Haney | CSI | Please respond to 06/30/23 Demand Letter. Repeats her Request for responsive information and documents by 6/30 so that Arbitration can be completed by 9/30/23. |
| 6 | 08/16/23 | CSI | Haney | Denies having her address. Offers arbitration dates 9/12-14, 10/16-18, 10/24-27, 11/13-15, 11/27-30. Refuses to provide names of arbitrators. Claims Haney knows the Scientology Ethics and Justice procedures. Refuses to provide the names of the 3 arbitrators. Haney is to bring her list of witnesses and evidence to the arbitration. |
| 7 | 08/22/23 | Berry | Forman | Berry responds to Forman's [false] claims re Haney address. |
| pp. 1-2 | 09/05/23 | Forman | Berry | Forman again [falsely] accuses Berry of delaying the arbitration. |
| 8 | 08/26/23 | Haney | CSI | 4 page letter rebuts Forman and ICJ [false] accusations of causing delay. Detailed response to other issues she has with CSI's positions, statements and lack of information. Haney's attorney Guy D'Andrea is no longer available in September. Haney selects defendant's next date of October 16-18, 23. |
| 9 | 09/04/23 | CSI | Haney | 3 page letter from ICJ rejects contents of Haney 08/26/23 letter, sets arbitration for 10/16-18/23 at a CSI address. Still refuses to name the 3 |

| | | | | arbitrators. Haney attorneys may be present but seated in a public space away from the arbitration room. |
|---|---|---|---|---|
| 10 | 09/29/23 | Haney | CSI | Haney rejects CSI misstatements, location of arbitration, the arbitration procedures and exclusions, and her fee of being alone with her abusers in the arbitration room |
| 11 | 10/06/23 | ICJ | Haney | CSI claims that Haney's previous letter attempts to create a false record. |
| 12 | 10/06/23 | Berry | Forman | Berry informs Forman that Haney has moved and has no new address yet in Las Vegas. He provides alternate contact means. |
| 12 | 10/09/23 | Forman | Berry | Forman again attacks Berry. |
| 12 | 10/10/23 | Berry | Forman | Berry responds to Forman, and *inter alia*, states: "There seems little reason for you to be so consistently confrontational with me, making mountains out of molehills. However, since you have stated that your billing rate is $1,295.00 per hour, and your clients are said to have $2-3 billion in reserves, I suppose it financially benefits your firm to do so. Nonetheless, this continuing correspondence by you is what in Scientology is called Developed Traffic ("Dev-T") which is defined to include "a waste of time." |
| 13 | 10/16/23 | Haney | CSI | Haney advises IJC of her temporary mailing and email address. In addition, transmits four copies of six documents for the arbitrators. |

[True and correct copies of Exhibits 1-13 are appended to the attached Berry Declaration]

## III.   THE DEFENDANT'S CONDUCT OF THE 10/16-18/23 ARBITRATION SESSION

Plaintiff's 'Demand for Arbitration' [2] [Exhibit 8] had, *inter alia*, set forth a list of witnesses [¶7] and a preliminary list of exhibits [¶8], and demand for a list of defendant's exhibits, that defendant's promptly provide certain documents [¶8], that her lawyers be permitted to attend [¶9], that she permitted to have a court reporter to record the arbitration and that she be permitted to record

---

[2] CSI's June 23, 2023, letter [Exhibit 3, ¶3] had stated that "… you are required to personally communicate with me regarding any dispute you intend to resolve in accordance with Scientology Ethics, Justice and binding arbitration procedures." The Church of Scientology Flag Service Religious Services Enrollment Application and General Release ¶6 e. i., requires a "request for arbitration" to be submitted to the CSI International Justice Chief. Thereafter, Plaintiff submitted her Demand for Arbitration, *inter alia*, stating that the arbitration was "not at [her] request" but was "… pursuant to a court order…"

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

the proceeding by video and audio means [¶9], that the arbitration not be held upon any Church of Scientology premises [¶10]; that she and her lawyers be immediately provided with copies of the written rules/and or procedures that will govern the arbitration [¶11]. The defendant's totally ignored all of these requests.

The court-ordered 'religious arbitration' (the "arbitration') in this case commenced at 1 p.m. on 10/16/23 at a CSI industrial facility located at 6130 Sheila Street, CA 90040. The plaintiff Valerie Haney was accompanied by two of her attorneys, Guy D'Andrea [3] and Graham Berry ("plaintiff's attorneys"). Plaintiff's attorneys were seated in the building's reception area for the duration of the arbitration. Adjacent were seated two of defendant's attorneys Matthew Hinks and Kendrick Moxon ("defendant's attorneys"). The arbitration was held in a conference room off of the reception area.

**During the course of the October 16-18, 2023, arbitration the following occurred, or did not**:

**A.** On June 30, 2023, in her Demand for Arbitration [Exhibit 4, ¶7] included the following Church of Scientology International Sea Org employees, *inter alia*, "Kristen Caetano (Person who imprisoned Claimant for 3 months - Office of Special Affairs International);" "Emily Jones (Claimant's confederate Sea Org member in Author Services International for 10 years)." During the arbitration Defendants stated that Emily Jones was selected by Plaintiff. This was deceptive. Emily Jones was among a list of names of potential arbitrators thought to be in 'good standing' which Plaintiff had earlier submitted. At the time she submitted her witness list, Plaintiff did not know Defendant's had already selected Emily Jones to be Plaintiff's arbitrator-something Plaintiff would not have done because of her being a both a percipient witness and a confidant of Plaintiff. [4] Plaintiff's June 30, 2023, witness list also included the name of "Amber O'Sullivan (Claimant's security officer after working for David & Shelly Miscavige-Golden Era Productions, Church of Scientology International)."

**B.** After entering the arbitration conference room, Plaintiff was stunned to learn that the arbitration panel comprised: Sarah Heller (Chairperson) [chosen by CSI/RTC], Emily Jones [purportedly chosen by Plaintiff], Kirsten Caetano (Secretary) [the third arbitrator purportedly chosen by Sarah Heller and Emily Jones]. Therefore, the three person Arbitration panel included two members who were either

---

[3] The hearings on plaintiff's out-of-state attorney's Brian Kent, Guy D'Andrea, M. Stewart Ryan, Professor Marci Hamilton, and Jeffrey Fritz's applications for admission *pro hac vice* were vacated by the then trial judge Hon. Richard J. Burdge on January 30, 2020, after he had granted Defendant's Motions to Compel [Religious] Arbitration.

[4] On March 14, 2023, defendant CSI wrote to Plaintiff stating, *inter alia*, "[t]he arbitration panel has now been selected." See, Exhibit 1.

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

witnesses to Plaintiff's alleged abuse or were themselves one of the abusers!

**C.** Thus, from the outset the arbitration was tainted by bias, perceived bias, prejudice and perceived prejudice, and justifiable doubts as to the [arbitrator's] impartiality. The Defendant's representatives included one of Plaintiff's designated witnesses. The arbitration was not held in a neutral location.

**D.** In attendance to represent the Defendants were CSI Sea Org members Chelsea Graves and Amber O'Sullivan. Plaintiff had been precluded from having any representative present. There were also seven bankers boxes of documents.

**E.** Plaintiff was permitted to take notes herself on pad and pen provided by the Defendants.

**F.** Plaintiff provided the Arbitration with the documents listed in Exhibit 13 hereto: **(1)** Plaintiff's 06/30/23 Demand for Arbitration; **(2)** Her First Amended Complaint; **(3)** Her 54 page Declaration of pertinent facts executed 10/15/23 with Exhibits 1-17; **(4)** Declaration of Valerie Haney executed June 27, 2018; **(5)** Corroborating Declaration of Mitch Brisker executed October 13, 2023; **(6)** Corroborating Declaration of Rosemary Chicwak executed October 14, 2023, and **(7)** Corroborating Declaration of Rachel Hastings Adair executed October 16, 2023.

**G.** Plaintiff was not permitted to know the identity of any witnesses being called by Defendants in advance of their actual appearance. Consequently, Plaintiff had no opportunity to prepare any cross-examination. Besides, she was not a lawyer, had no legal training, was brought up in a cult, and was ill-equipped to conduct witness examinations and cross-examinations.

**H.** During the 2 ½ day arbitration session, the arbitration panel questioned the Plaintiff and called as Witnesses: Gary Soter, Esq., (the CSI OSA attorney who obtained Haney's exit agreement, releases and abandonments [5]), Andy Knapp (the CSI Security Guard who videotaped Plaintiff signing the exit releases, etc. in front of Gary Soter, Esq) [6], Diedre Brousseau (Plaintiff's 24 hour CSI security watch/handler during her nearly 90 days 'exit routing' procedure); Murial Dufresne (Deputy Port Captain CSI Gold Base), and Danny Light (CSI Sea Org employee and Plaintiff's former husband).

**I.** Plaintiff was not allowed to question any of the witnesses. If Plaintiff wanted to ask a question of a witness she had to ask the question to the Chairperson who would decide if it could be asked at all, and if the Chairperson decided that the question could asked then the Chairperson would rephrase

---

[5] Plaintiff has testified that when Gary Soter, Esq., introduced himself to her he said that he was there "for her" and that this led her to believe that Gary Soter, Esq., was providing legal representation to her.

[6] Security guard Andy Knapp, who Plaintiff has said was dressed like an LAPD officer, stated that he was wearing an equipment belt which included a knife, pepper spray, handcuffs, flashlight, keys and a radio.

the question as she wished and then ask the witness a rephrased question Plaintiff had requested.

**J.** <u>The Plaintiff was not permitted to touch any of the contents of her Scientology "Ethics" folders</u> that the arbitration panel were using as evidence against her, or to receive copies of any of the documents that the arbitration panel questioned her on.

**K.** <u>The Arbitration panel informed the Plaintiff at the outset of the arbitration that all of her claims in the First Amended Complaint had been rejected as being false</u>. Thus, the three arbitrators had predetermined the outcome of the "religious arbitration" proceeding.

**L.** <u>The arbitration panel chairperson Sarah Heller conducted all of the questioning</u> and presented all of the evidence thereby combining the dual and partial roles of both arbitrator and inquisitor.

**M.** <u>The witnesses were permitted to broadly condemn all of Plaintiff's allegations</u> in the First Amended Complaint as "all lies" and to call Plaintiff a "liar" to her face.

**N.** The First Amended Complaint, *inter alia*, included claims and allegations relating to the Defendant's conduct towards her at the Church of Scientology Flag Service Organization ("Flag" in Clearwater, Florida, where Plaintiff was employed from ages 5 to 26. <u>The arbitration panel excluded any and all evidence as to alleged conduct that had occurred in Florida. Chairperson Sarah Heller stated this was</u> because Flag is a separate corporation and the law suit had been filed in California and not Florida [however, Flag is a junior entity to RTC and CSI, it is also controlled by Defendant David Miscavige, and it does business in California]. The arbitration panel only permitted evidence as to her Scientology employment in CA.

**O.** <u>Defendant's CSI representative Amber O'Sullivan was permitted to interject</u> denials during the questioning of the Plaintiff.

**P.** <u>The arbitration panel refused Plaintiff's request to present her own evidence</u> and witnesses. They claimed that three of the witnesses they examined had been listed as Plaintiff's witnesses. However, it was the panel that called them and limited the Plaintiff's ability to fully question them.

**Q.** <u>The arbitrators spent most of their time</u>: **(1)** examining the Plaintiff as to the arbitration and release provisions of the purported 12 'contracts' she had signed, but refused to permit Plaintiff to have copies (because, they explained, Defendant's attorney Forman had provided them to Plaintiff's attorneys in 2020); **(2)** examining the Plaintiff as to the contents of her 'Ethics' files which are akin to discipline files and criminal rap sheets. During the 2 ½ days, the arbitration panel only questioned Plaintiff upon the files comprising the years 1996-1999. The years 2000-2018 will presumably follow. At this rate, the arbitration will last at least another ten days or more. Plaintiff was not allowed copies of any of these documents.

-8-
PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

**R.**  <u>During the course of the 2 ½ days of arbitration,</u> and during breaks when the Plaintiff was excused from the deposition room, Scientology attorney Moxon was seen entering the arbitration room at least twice with the three arbitrators still present. Scientology attorney Hinks was observed apparently doing so at least once.

**S.**  <u>The arbitration had been conducted</u> on 10/16/2023 ( 1 p.m. to 5 p.m.), 10/17/2023 (10 a.m. to 5-30 p.m.), 10/18/2023 (10 a.m. to 5 p.m.).  <u>No witness testified under penalty of perjury.</u>

**T.**  <u>At the conclusion of Day 3 (10/16/2023) the arbitration panel the arbitrators informed the plaintiff that the arbitration would continue on January 10-12, 2024.</u> The Plaintiff requested that the arbitration continue to proceed from day to day, or at least be continued to a much earlier date. The arbitrators refused on the basis of their schedules being too busy until January 10, 2024. However, each of the arbitrators, and the CIS and RTC client representatives are employed by CSI (or RTC), and as such their schedules are subject to change without notice. <u>Furthermore, defendant David Miscavige controls all Scientology organizations and he can easily change their employment schedules as he wishes.</u> Clearly, the Defendants are following their written policy of "never defend always attack." Another of their practices is to delay, delay, divert and distract. Constant projection is another characteristic. For example: "THE CRIMINAL ACCUSES OTHERS OF THINGS WHICH HE HIMSELF IS DOING." Emphasis in original. Hubbard [Scientology] Communications Office HCO Bulletin of 15 September 1981.

**U.** When the Defendant's scheduled October 16-18, 2023, for the "religious arbitration" herein they gave no notice that the arbitration would not conclude on October 18, 2023, but would continue to be conducted during the year 2024. See Exhibits 6, 8, and 9.

## IV.  CONCLUSION

Based upon the foregoing, the Plaintiff likens the Defendant's "religious arbitration" process to be more akin to an inquisition than a proper and  efficient arbitration pursuant to the Federal Arbitration Act or the California Arbitration  (California Code of Civil Procedure, Title 9, §§1280-1294.4). Not surprisingly, she feels that this "religious arbitration" process is completely unfair, unjust, biased, prejudiced, abusive, and predetermined.


Dated: October 24, 2023.                          Respectfully submitted,

                                                           //Graham E. Berry//

                                                           _____
                                                           Graham E. Berry
                                                           Attorney for Plaintiff

-9-

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

## DECLARATION OF GRAHAM E. BERRY

I, **Graham E. Berry**, declare:

1. I am an attorney duly licensed to practice law before all of the courts of the State of California. I am one of the attorneys of record for Plaintiff in this action.  I have personal knowledge of the facts stated in this declaration, except as to those stated to be upon information and belief, and if called upon to testify, I could and would competently attest to the facts set forth in this declaration from my personal knowledge. As to those facts stated to be based on information and belief I believe them to be true.

2. Attached hereto as <u>Exhibit 1</u> is a true and correct copy of a letter from the Church of Scientology ("CSI") to Valerie Haney ("Haney") dated March 14, 2023.

3. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of an email from me to William H. Forman, Esq., (attorney for CSI) dated March 15, 2023.

4. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of a letter from CSI to Haney dated June 23, 2023.

5. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of a letter from Haney to CSI dated June 30, 2023.

6. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a letter from Haney to CSI dated August 8, 2023.

7. Attached hereto as <u>Exhibit 6</u> is a true and correct copy of a letter from CSI to Haney dated August 16, 2023.

8. Attached hereto as <u>Exhibit 7</u> is a true and correct copy of an email from me to William H. Forman, Esq., dated August 22, 2023.

9. Attached hereto as <u>Exhibit 8</u> is a true and correct copy of a letter from Haney to CSI dated August 26, 2023.

**10.**  Attached hereto as <u>Exhibit 9</u> is a true and correct copy of a letter from CSI to Haney dated September 4, 2023.

**11.**  Attached hereto as <u>Exhibit 10</u> is a true and correct copy of a letter from Haney to CSI dated September 29, 2023.

**12.**  Attached hereto as <u>Exhibit 11</u> is a true and correct copy of a letter from CSI to Haney dated October 6, 2023.

**13.**  Attached hereto as <u>Exhibit 12</u> is a true and correct copy of an email from me to William H. Forman. Esq., and Peggy Dayton, Esq. dated October 6, 2023.

**14.**  Attached hereto as <u>Exhibit 12</u> is a true and correct copy of a email from William H. Forman, Esq., to me dated October 9, 2023.

**15.**  Attached hereto as <u>Exhibit 12</u> is a true and correct copy of an email from me to William H. Forman, Esq. dated October 10, 2023.

**16.**  Attached hereto as <u>Exhibit 13</u> is a true and correct copy of a letter from Haney to CSI dated October 16, 2023.

**17.**  I attended the "religious arbitration" herein and sat outside in the CSI building's reception area for the entire afternoon (1:00 p.m. to approx. 5 p.m.) of October 16, 2023, for the last hour of the arbitration (4:00 p.m. to approx. 5 p.m.) on October 17, 2023, and the entire day (10 a.m. until approx.. 12:30 p.m., and 1:45 p.m. to approx. 5:30 p.m.  of  October 17, 2023. Guy D'Andrea, one of plaintiff's attorneys herein, attended the "religious arbitration" on October 16, 2023, and October 17, 2023. He also sat in the reception area of the CSI building where the arbitration was being held. During October 16-18, 2023, one of RTC's attorneys herein, Matthew Hinks, Esq., and an attorney who regularly represents Scientology entities, Kendrick L. Moxon, Esq., sat immediately adjacent to Guy D'Andrea and me in the reception area of the CSI building where the arbitration was being held.

**18.**  Upon information and belief, during each day (October 16-18, 2023) of the "religious

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

arbitration," plaintiff Valerie Haney took contemporaneous notes during each session. During the breaks at the end of each session Valerie Haney would show me those notes. At the end of each day Valerie Haney would give me the pad with her handwritten contemporaneous notes and as soon as I returned to my office in the early evening I would scan the entire pad as a PDF, thereby freezing the contents. Before doing so I added page numbers, and later affixed a P Tab as to the event and date on the first page, of each pad and then made another PDF copy of each note pad. Valerie Haney and Guy D'Andrea were emailed PDF copies of each day's contemporaneous notes that same evening.  The three pads of Valerie Haney's contemporaneous notes are now preserved in my office safe.

      I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

      Executed this 24th day of October, 2023, in Los Angeles, California.

//Graham E. Berry//

_____

Graham E. Berry

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

# EXHIBIT 1



# CHURCH OF SCIENTOLOGY
### I N T E R N A T I O N A L

## INTERNATIONAL JUSTICE CHIEF

March 14, 2023

Valerie Haney
4804 Laurel Canyon Blvd.
Valley Village, CA 91607-3717

RE: ARBITRATION

Dear Ms. Haney,

I have not received a response to my letter of March 7, 2023, in which I informed
you that an arbitrator from your list of preferred arbitrators has agreed to serve.

I now write to inform you that the two party-selected arbitrators have designated a
third arbitrator. The arbitration panel has now been selected.

As you know, you are required to personally communicate with me regarding any
dispute you intend to resolve using Scientology Ethics and Justice Procedures.

Sincerely,

Mike Ellis
International Justice Chief

# EXHIBIT 2

 Gmail

**Graham Berry <grahamberryesq@gmail.com>**

---

## Haney v. Church of Scientology
2 messages

---

**Graham Berry** <grahamberryesq@gmail.com>                          Wed, Mar 15, 2023 at 11:51 AM
To: "Forman, William H." <WHForman@winston.com>, Margaret Dayton <pedayton@winston.com>, Robert Mangels
<rmangels@jmbm.com>, Matthew Hinks <mhinks@jmbm.com>
Cc: "Brian D. Kent" <bkent@laffeybuccikent.com>, Guy D'Andrea <GDAndrea@laffeybuccikent.com>, Stewart Ryan
<sryan@laffeybuccikent.com>, Robert Thompson <bobby@tlopc.com>, Jeff Fritz <jfritz@lawsz.com>, Marci Hamilton
<marci.hamilton@gmail.com>
Bcc: Graham Berry <grahamberryesq@gmail.com>                         

Dear Mr. Forman:

Further to today's hearing I confirm that, on the record, I withdrew the Plaintiff's Response to Order To Show Cause re
Dismssal and Supporting Declaration and Exhibits of Graham E. Berry filed on Febraury 24, 2023. As I advised the Court,
I will also file a Request that those two documents be withdrawn, along with a proposed order.

Plaintiff is merely withdrawing the two documents because it is not deemed necessary to keep them on the court file and
to engage in a sanctions battle at this time.

I invite you to withdraw your sanctions motion which was attached to a court filing in violation of CCP §§128.5(f)(1)(b) and
(128.7(c)(1). See also, *Broadcast Music, Inc. v. Structured Asset Sales, LLC.*, (2022, 2nd DCA, Div.2) 75
Cal.App. 596, 604; *Transcom Financial, Inc. v. Reid & Hellyer* (2022, 4th DCA) 81 Cal.App. 5th 547, 550-
551.

In accordance with the Court's order, I have also requested Valerie Haney to send me her Florida address
which I will provide to you in due course.

During today's hearing you informed the court that you found me difficult to deal with. I find that remark
strange since we have never communicated by phone or email before (except with regard to the service of
documents). I am sure that if you care to communicate with me directly you will not find me so difficult,
even though I must serve our client's best interests.

Sincerely,

Graham E. Berry

LAW OFFICE OF GRAHAM E. BERRY
1935 N. SERRANO AVENUE
LOS ANGELES, CA 90027-1621
TELEPHONE: (310) 745-3771
CELL PHONE:(310) 902-6381
EMAIL:grahamberryesq@gmail.com

---

**Brian Kent** <bkent@laffeybuccikent.com>                          Wed, Mar 15, 2023 at 12:15 PM
To: Graham Berry <grahamberryesq@gmail.com>



Best,
Brian

Get Outlook for iOS

# EXHIBIT 3



# CHURCH OF SCIENTOLOGY
### I N T E R N A T I O N A L

## INTERNATIONAL JUSTICE CHIEF

June 23, 2023

Valerie Haney
1001 W. Cleveland St.
Tampa, FL 33606-1913

RE: ARBITRATION

Dear Ms. Haney,

*(I recently wrote to you at the same address in Valley Village that I have used for all correspondence with you regarding your pending request for arbitration. My letter was returned by the US Postal Service as undeliverable, stating that you had left no forwarding address. Accordingly, I had my secretary search for any publicly available address for you on the internet using Instant Checkmate, a public records search service. See www.instantcheckmate.com. This service provided three addresses. I am resending my recent correspondence to you at each of these addresses.)*

---

You were ordered by the Court to provide your current mailing address directly to me in order to advance the arbitration you have requested. To date, I have not received a new address. By your failure to provide any means of contact, you are delaying the arbitration panel from beginning to address your request.

As you know, in accordance with your agreements, you are required to personally communicate with me regarding any dispute you intend to resolve in accordance with Scientology Ethics, Justice and binding religious arbitration procedures.

I ask that you provide me with your mailing address or other reliable means of contact (such as e-mail or mail forwarding service) and that you let me know your

2                                                          June 23, 2023

availability for the arbitration that will be held in Los Angeles. You should set aside plenty of time. I will provide that information to the arbitration panel so they may schedule the arbitration.

---

It has been three years and four months since this matter was ordered to arbitration. Moreover, it has now been three months since you were directed to provide me with your current address.

**Once again, I remind you that this arbitration is at your request.** *If you do not wish to proceed with the arbitration, please so advise me.*

Sincerely,

Mike Ellis
International Justice Chief

# EXHIBIT 4

**VALERIE HANEY**

**1001 W. CLEVELAND STREET**

**TAMPA, FL 33606**

June 30, 2023

The International Justice Chief

Church of Scientology International

6331 Hollywood Boulevard

Los Angeles, CA 90028-6329

Re: *Valerie Haney v. Church of Scientology, Religious Technology Center and David Miscavige*

   *Los Angeles Superior Court Case No. 19STCV21210*

To Whom It May Concern:

   I am the plaintiff (the "Plaintiff" or the "Claimant") in the above-captioned case ("the Case") which the court has ordered into mandatory arbitration before 'three Scientologists in good standing.' Despite demands being made by my lawyers, I have not been informed of the identity of those three Scientologists in good standing even though one was supposedly nominated by/for me. I have been waiting for the church to provide me and my attorney's with that information.

   In addition, I have been waiting for the church to provide my attorneys, or me, with copies of the written rules and/or procedures that will govern the arbitration, such as the Scientology Ethics and Justice Procedures referred to in your letter to me dated March 14, 2023. For example, the International Justice Chief provided Luis Garcia with 28 pages of materials regarding policies and procedures to be followed in the Garcia arbitration that occurred in relation to the Florida case *Garcia, et al., v. Church of Scientology Flag Service Organization, Inc., et.al.*

   Notwithstanding the foregoing, I now write to you and demand that the Church promptly commence this arbitration now, and conclude this arbitration by September 30, 2023.

<u>**YOUR LETTER DATED JUNE 23, 2023**</u>

   On June 28, 2023, I received a letter from you dated June 23, 2023. I respond thereto as follows. <u>**First**</u>, I have not "failed to provide any means of contact." On the contrary, I advised you of my current mailing address the day after I was informed that I must do so. The address I provided to you then is the dame address that I provided you over three months ago. It is also the same address to which you sent your June 23, 2023, letter. Moreover, your teams of private investigators have followed me that mailing address on numerous occasions and have even sat outside for an entire day. <u>**Second**</u>, contrary to your assertion, this arbitration is <u>not</u> at my request. It is pursuant to a court order made after you filed a motion to compel arbitration. <u>**Third**</u>, if you truly lacked my current mailing address you could contact one of my attorneys in this matter. As I stated in the first two paragraphs of this letter, I have been waiting for you to provide me the demanded information.

Page 1 of 9

## DEMAND FOR ARBITRATION

1. The names of each of the parties to this demand for arbitration are set forth in the First Amended Complaint ("Complaint") that was filed in the Case on September 30, 2019. The defendants therein are referred to as the Respondents in this Demand for Arbitration ("Demand")

2. For the purposes of this Demand only, the parties' relationship and the nature and circumstances of the parties' disputes giving rise to the Plaintiff's claim are set forth in the Complaint, all pleadings and records on file in the Case.

3. The dispute resolution provision purportedly governing this Demand are as set forth in the Respondent's Motion to Compel Arbitration and the various proceedings relating thereto. Claimant has opposed, and continues to oppose, the applicability of the alleged dispute resolution provision on the grounds, among others, of both procedural and substantive unconscionability, lack of due process, lack of fundamental fairness, and those additional arguments and authorities set forth herein including but not limited to those in section 12 below.

4. Claimant disputes the composition of the Arbitral Tribunal on the grounds, among others, that they are partial, biased and prejudiced due, among other things, institutional coercive indoctrination, and predetermination of outcome.

5. Claimant's claims are as set forth in paragraphs 1-163 of the Complaint.

6. Claimant's claims for relief are set forth in the Prayer For Relief on pages 31-32 of the Complaint. In particular, your attention is directed to paragraphs 1- 2, 4 - 6, 8 – 10 inclusive of that Prayer For Relief. For the purposes of this Demand only, Claimant demands general, compensatory, and other damages in an amount of at least $10,000,000.00.

7. Claimant's Witness List will include the following persons:

   *David Miscavige (Chairman of the Board, Religious Technology Center), Shelly Miscavige, Linda Hamel (Commanding Officer of Office of Special Affairs Church of Scientology International and a trustee of U.S. IAS Members Trust), Julian Swartz, Gary Soter (Claimant's "attorney" for the exit documentation who later revealed was Church of Scientology International's attorney), Kristen Caetano (Person who imprisoned Claimant for 3 months - Office of Special Affairs International), Deidre Brousseau (Claimant's 24 hour security watch "handler" for those 3 months from Golden Era Productions Sea Organization), Mike Sutter (Claimant's "handler" – RTC and Church of Scientology International Sea Organization member), Cathy Fraser (Port Captain Golden Era Productions Church of Scientology International), Miriam DeGrasse (D/Port Captain Golden Era Productions Church of Scientology International), Gerald Duncan (Claimant's imprisonment Officer Golden Era Productions Church of Scientology International), Danny Dunnigan (Claimant's imprisonment Officer Golden Era Productions Church of Scientology International), Kevin Caetano (Claimant's imprisonment Officer Golden Era Productions Church of Scientology International), Tammy Lundeen (Claimant's*

*Imprisonment Officer and "handler" and security auditor Golden Era Productions Church of Scientology International), Emily Jones (Claimant's confederate Sea Org Member in Author Services International for 10 years), Phil & Willie Jones (Claimant's friends and Emily Jones' Parents – ex-Scientologists), Amber O'Sullivan (Claimant's security officer after working for David & Shelly Miscavige - Golden Era Productions Church of Scientology International), Daniel Light (Claimant's ex-husband for 16 years and a Church of Scientology Sea Organization member), Vicki Daugherty (Claimant's handler as a child at Church of Scientology Sea Organization FLAG Land Base), Lara Meghen Anderson (former Church of Scientology Sea Organization Member), Serge Gil (former Church of Scientology Sea Organization member), Clare Headley (former Religious Technology Center Executive & Claimant's auditor), Mike Rinder (former Church of Scientology International Sea Organization Executive), Leah Remini (former employer of the Claimant and former Scientologist), Aaron Smith Levin (former Church of Scientology Sea Organization member), Juan Carlos Quinteros (Psychologist of Claimant), Eden Haney (non-Scientologist sister of Claimant), Yvonne Haney (non-Scientologist sister of Claimant)*

The Arbitrators are hereby requested to schedule a hearing in Los Angeles for the convenience of California residents and Tampa for the convenience of Florida residents.

Claimant now demands the Respondents to promptly provide a preliminary list of their Arbitration witnesses.

8.  Claimant's preliminary Exhibit List will <u>include</u> the following documents (if produced by the Respondents): *all of Claimant's Pre Clear and Ethics folders; Church of Scientology policies on Suppressive Persons and the Handling of Suppressive Persons;* and is to be provided to the Respondents to the Claimant at least 21 days prior to the Arbitration date.

Claimant now demands the Respondents to promptly provide her with their preliminary Exhibit List. This Exhibit List must <u>include</u> *all of Claimant's Pre Clear and Ethics folders; Church of Scientology policies on Suppressive Persons and the Handling of Suppressive Persons;* and is to be provided by the Respondents to the Claimant at least 21 days prior to the Arbitration date.

9.  Claimant will attend the Arbitration with her attorney's Graham Berry & Guy D'Andrea. She demands the presence of a court reporter to record the proceeding and that she also be permitted to record the proceeding by video and audio means.

10. Claimant demands that the Arbitration not be held upon any Church of Scientology premises.

11. Claimant demands that the ICJ immediately provide her, and her legal counsel, with copies of the written rules and/or procedures that will govern the arbitration.

12. <u>In addition to the arguments made and authorities previously cited to the court, the Plaintiff submits the following arguments and authorities to supplement the record herein:</u>

A. **The First Amendment Guarantees Absolute Freedom of Religion Including the Right to Exit:**

The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof." (First Amendment. U.S. Constitution (emphasis added). The right to believe as one chooses is absolute. *Cantwell v. State of Connecticut* (1940) 310 U. S. 296, 303 Long-settled constitutional doctrine "guarantee[s] religious liberty and equality to the infidel, the atheist, or the adherent of a non-Christian faith." *City of Allegheny v. ACLU* (1989) 492 U.S. 573, 590 The inalienable liberty interest protected by the religion clauses is, at its core, the individual's right to "freedom of conscience" which encompasses the right to "select any religious faith or none at all." See generally . Const. Amend. I; *Emp't Div v. Smith* (1990) 494 U.S. 872, 877; *Vanb. et v. Turner* (1961) 374 U. S. 398, 404; (*West Virginia State Board of Education v. Barnette* (1943) 319 U S 624, 634; *Cantwell v. Connecticut* (1940) 310 U.S. 296 303-04; *Reynolds v. United States* (1878) 98 U S. 145,164; see also *Wallace v. Jaffree*, 472 U.S. 38, 50, 53 (1985); *In re Marriage of Haass*, 49 Cal. Rptr. 2d 339, 341 347 (Cal. Ct. App. 1996)(Declining to enforce a pre-nuptial agreement because, to do so, would "encroach[] upon the fundamental right of individuals to question, to doubt, and to change their religious convictions."); *Zummo v. Zummo*, 574 A.2d 1130, 1146-48 (Pa. Super. Ct 1990)(recognizing the "fundamental [constitutional]right of individuals to question, to doubt, and to change their religious convictions" and that the "[r]eligious freedom... recognized by our founding fathers [was] to be inalienable" and thus could not be bargained way). There can be no meaning to the right to join a particular religion under the concepts of *Barnett, Cantwell, Employment Division v. Smith*, and *Reynolds*, if the freedom of conscience does not also comprehend the freedom to change one's religious beliefs and to exit from one's religious faith as Claimant argues here. Religion is a "lifelong dynamic process" and "the First Amendment specifically preserves the essential religious freedom for individuals to grow, to shape, and to amend this important aspect of their lives" and these freedoms "may not be bargained away." *Zummo* at 1146-48 As the court in *Dba* explains, "[w]e would reduce the right **to the free exercise of religion by half if we did not recognize the right to change one's religious mind.** 660 So.2d at 1154. The Religious Services Arbitration agreement in this case is unenforceable because Claimant has the inalienable right to change her mind about religion, and she has. The trial court has compelled the Claimant to adhere to a faith she now rejects, which is a plain violation of the First Amendment. The Religious Services Arbitration agreement signed by the Claimant in this case is unenforceable because it bargained away her inalienable religious freedoms, including her right to change her religious mind. The Plaintiff's adherence to the arbitration agreement is not a result of her own free conscience, because the trial court has compelled her to adhere to the same. The government act of compelling an individual to follow a particular religion's principles and practices, by itself, results in the denial of one's religious freedom.

B.   The  Right to Leave a Religion is Protected by the First Amendment:

"An important free exercise right is the right to exit a religion." Marianne Grano, *Divine Disputes, Why and How Michigan Courts Should Revisit Church Property Law*, 64 Wayne L. Rev. 269, 284 (2018). Plaintiff is a church outsider, not an insider; outsiders "have constitutional rights to be free from the power of other peoples' churches." *Lund, supra* at 1204. If Plaintiff's case went to arbitration, it would be subject to other peoples' churches power. "An important aspect of church autonomy is how every insider has the right to leave, the right to become an outsider. Maybe this is part of the church autonomy principle itself; maybe it describes the limits of church autonomy. But either way, church autonomy implies a constitutional right of exit from religious organizations." Id. at 1203.

States have long recognized the difference between a church outsider and a church insider. In Oklahoma, for example, Marian Guinn left the Church of Christ after they subjected her to discipline. Although Guinn had abandoned her church membership, the church nonetheless read its disparaging remarks about Guinn to church members. Church Elders believed one can *never* withdraw from church membership.

The Oklahoma Supreme Court disagreed, and upheld the jury's verdict for actual and  punitive  damages  for  the  torts  of  outrage  and  invasion  of privacy, *Guinn v. Church of Christ of Collinsville*.  775 P.2d 766, 768  (Okla. 1989). The "shield from liability evaporates for claims that arise after a member has separated from the church and is no longer a church member." Id. Three years later, the court repeated its recognition that "the church has no power over those who live outside of the spiritual community." *Hadnot v. Shaw*, 826 P.2d 978, 988 (Okla. 1992).

In a 2017 case citing *Guinn*, the court noted "we were *unequivocal*. '[J]ust as freedom to worship is protected by the First Amendment, so also is the liberty to recede from one's religious allegiance.' ... We went further: 'The First Amendment clearly safeguards the freedom to worship *as well as the freedom not to worship*'" *Doe v. First Presbyterian Church U.S.A. of Tulsa*, 421 P.3d 284, 290 (2017) (citing *Guinn*, 775 P.2d at 776) (emphasis added). All courts should be unequivocal that the right to exit a church is constitutionally protected, as it must be for the Plaintiff here.

C.   **Courts  Have  Inconsistently  Applied  First  Amendment  Principles  to  Religious Arbitration Agreements and None Has Considered the Right To Exit Under A First Amendment Analysis**

1. Majority of Court Opinions re: Enforceability do not address this issue at all

a) *Nestel v. Nestel*, (N.Y. Super. Ct. Mar. 6, 1972) 38 A.D.2d 942 ("[J]udicial process is more broadly gauged and better suited [than arbitration] in protecting [a child's best interests]")

b) *Matter of Jacobovitz*, (N.Y. Sur. Ct. Dec. 9, 1968) 58 Misc.2d 330

c) *Matter of Goldmar Hotel Corp.*, (N.Y. Sup. Ct. May 25, 1954) 283 A.D. 935

d) *Matter of Berger,* (N.Y. Sup. Ct. April 6, 1981) 81 A.D.2d 584

e) *Ortiz v. Hobby Lobby Stores, Inc.,* (E.D.Cal. 2014) 52 F.Supp.3d 1070

**2. Other Courts side-step First Amendment analysis, refusing to enforce religious arbitration agreements on public policy grounds**

a) *Matter of Teitelbaum,* 662 (N.Y. Sup. 2005) 10 Misc.3d 659, ("Arbitration agreements are unenforceable where substantive rights, embodied by statute, express a strong public policy which must be judicially enforced") (citing *Matter of Wertheim & Co. v. Halpert,* (1979) 48 NY2d 681, 683).

**3. Courts that have acknowledged the First Amendment concerns have reached opposite conclusions re: the application of neutral principles of law**

a) Unenforceable: *Sieger v. Sieger,* (Sup. Ct., June 29, 2005) 2005 WL2031746, *50 (refusing to compel arbitration because the court could not apply neutral principles to the provision requiring any dispute be settled "in accordance with the 'regulations of Speyer, Worms, and Mainz'")

b) Unenforceable: *Aflalo v. Aflalo,* (N.J. Super. Ct. Ch. Div. Feb. 29, 1996) 685 A.2d 523, 541 (refusing to enforce an agreement to arbitrate a religious divorce dispute before a beth din)

c) Unenforceable: *In re Ismailoff,* (N.Y. Sur. Ct. Feb. 1, 2007) No. 342207, 2007 WL431024, slip op. at 1 (concluding that the arbitrator qualification provision which required dispute be submitted to arbitration before a panel consisting of three persons of the Orthodox Jewish faith, was unenforceable under the First Amendment)

d) Unenforceable: *Abbo v. Briski,* (Fla. 4th D. Ct. App. Sept. 27,1995) 660 So. 2d1157, 1159-61 (declining to require divorcing spouse to rear children in a certain faith despite the fact that, as condition of the marriage, the spouse agreed to convert to the faith in question).

**4. Cases that are materially distinguishable and do that stand for the proposition that forcing a non-believer into religious arbitration is permitted under the First Amendment**

Defendants, in previous submissions and cases, have cited to cases where no parties objected to the religious arbitration itself

a) *Ortiz v. Hobby Lobby Stores, Inc.,* (E.D.Cal. 2014) 52 F.Supp.3d 1070.

b) *Dial 800 v. Fesbinder,* (2004) 118 Cal. App. 4th 13, 26 (emphasis added) (seeking interpleader of funds in secular court).

c) *Jabri Abri v. Qaddura,* (Tex. App. 2003) 108 S.W.3d 404, 412-14 (involving disagreement over whether certain claims fell within the scope of the agreement but where both parties favored religious arbitration).

d) *Abd Alla v. Mourssi,* (Minn. Ct. App. 2004) 680 N.W.2d 569, 574 (confirming an arbitrationaward where the party seeking vacatur was unable to establish fraud but

where the parties agreed to arbitrate their differences before an Islamic arbitration committee).

## 5. Cases that involve internal religious disputes.

a) *Gen. Conference of Evangelical Methodist Church v. Faith Evangelical Methodist Church*, (Iowa Ct. App. 2011) 809 N.W.2d 117, 124 (one church seeking to enforce arbitration agreement against another church).

b) *Elmora Hebrew Ctr., Inc. v. Fishman*, (N.J. 1991) 593 A.2d 725, 731-32 (a synagogue challenging a rabbinical court determination regarding the contractual employment rights of a rabbi and other members of congregation).

c) *Meshel v. Ohev Sholom Talmud Torah*, (D.C. 2005) 869 A.2d 343, 346 (internal dispute between members of a Jewish congregation concerning the congregation's governing structure and the ownership of its property).

d) *Jenkins v. Trinity Evangelical Lutheran Church*, (2005) 356 Ill. App. 3d 504 (enforcing an agreement between an associate pastor with a church and the head pastor and church to resolve disputes under church bylaws).

## 6. Cases where courts enforced religious arbitration over a party's objection but where the court did not consider a Free Exercise Challenge.

a) *Easterly v. Heritage Christian Schs., Inc.*, (S.D. Ind. Aug. 26, 2009) 2009 WL 2750099 at *1 (compelling arbitration under the Rules of Christian Conciliation but holding that the party opposing arbitration could challenge the validity of the arbitral decision on the ground it "manifestly disregards" the law).

b) *Gen. Conference of Evangelical Methodist Church*, 809 N.W.2d 117.

c) *Spivey v. Teen Challenge of Fla., Inc.*, (Fla. Dist. Ct. App. 2013) 122 So.3d 986 (holding that the plaintiff-representative could not claim the legal right for her personal religious views to nullify and thereby supersede the religious arbitration agreement into which the decedent and the facility voluntarily entered.).

d) *Encore Prods., Inc. v. Promise Keepers*, (D. Col. 1999) 53 F.Supp.2d 1101 (acknowledging that "it may not be proper for a district court to refer civil issues to a religious tribunal," the court concluded, with little analysis, that doing so would be proper "when the parties agree to do so.").

## 7. Public Policy Considerations

*Zummo v. Zummo*, 574 A.2d 1130, 1146-48 (Pa. Super. Ct. 1990):
- Refusing to enforce a similar pre-nuptial agreement over the objections of one of the parties for reasons that "enforcement would be contrary to a public policy embodied in the First Amendment Establishment and Free Exercise Clauses (as well as their state equivalents) that parents be free to doubt, question, and change their beliefs."574 A.2d at 1144; see also, Abo,, 660 So. 2d at1159 (explaining that the concerns related to enforcement are even greater "when the parent to be compelled later suffers. . .a genuine, good faith change of religious conscience.").

*Rakoszynski v. Rakoszynski* , 174 Misc. 2d 509 (N.Y. Sup. Ct. 1997):

- Involves the denial of an arbitration award but includes discussion re: public policy exceptions to religious arbitration.

- "[O]ver the years, the Court of Appeals, while repeatedly holding that arbitration is a favored method of dispute resolution, has carved out exceptions to the arbitration process, and continues to permit a challenge to arbitration on public policy grounds. ( *Board of Educ. v. Christa Constr.*, 80 N.Y.2d 1031). Custody of children, while once a proper subject for arbitration, is so no longer based upon the public policy of this State as it has evolved over the years."

-"The court concludes that the historical authority for confirmation of child support awards made through an arbitration process, which does not employ the principles established in Domestic Relations Law § 240 (1-b), has been eroded, if not supplanted, by the strong public policy of this State set forth in that statute. Confirmation is therefore denied upon the ground that the child support award in this case, which fails to provide any information whatsoever as to how the amount was arrived at, is not in the best interests of the children and does not comply with current public policy.

- "An arbitration award may not be confirmed if it directs acts which are contrary to public policy or would deprive parties of their constitutional right to seek redress or protection in the future under civil law (see, e.g. *Mikel v. Scharf*, 85 A.D.2d 604, 444 N.Y.S.2d 690; *Mantell v. Unipak* Aviation Corp., 28 A.D.2d 1134, 284 N.Y.S.2d 640). While the parties may elect to arbitrate their differences in a religious tribunal, the tribunal cannot abrogate to itself exclusive jurisdiction over all civil and criminal matters involving the parties."

**8. Miscellaneous:**

**a) Public policy should favor survivors of sexual assault and harassment.**

Cal. Penal Code §680.2(a).

**b) Sexual Assault Survivor's Bill of Rights.**

*Stroehmann Bakeries, Inc. v . Local 776,  Intern. Broth. of Teamsters* (3rd Cir. 1992) 969 F.2d 1436, 1438 (court found an award reinstating a sexual abuser violated public policy);

*Hooters of America, Inc. v. Phillips* (4th Cir. 1999) 173 F.3d 933, 939 (where the parties had to choose a list of arbitrators from a pre-approved list, the American Arbitration Association found it "inconsistent with the concept of fair and impartial arbitration").

**c) The First Amendment does not immunize a religious organization from civil liability for intentional tortious acts.**

*Wollersheim v. Church of Scientology,*(1989) 212 Cal. App. 3d 872, review den. Oct.26, 1989, cert. granted, vacated and remanded on other grounds 499 U.S. 914, amended by (1992)15 Cal.App.4th 1426; see also, *Molko v. Holy Spirit Assn.*,(1988) 46 Cal. 3d 1092,1118, cert. den.(1989) 490U.S. 1084 (state has a compelling interest in 'protecting individuals and families from the substantial threat to public safety, peace and order

coercive persuasion[,]"and no less restrictive alternative is available to imposing tort liability for fraudulent recruiting practices.

This request for arbitration is made under protest and is not to be construed as a waiver of any rights, remedies or relief (either procedural or substantive) that would otherwise be available to me in my above captioned case (currently 'stayed' pending this arbitration), or of any of the other procedures, rights, remedies or relief that may otherwise be available to me under the laws of the United States and the States of California and Florida, all of which are expressly reserved.

Please promptly respond to this Demand for Arbitration with the information and documents requested no later than June 30, 2023, so that this Arbitration can be completed by September 30, 2023, and the result reported back to the court having jurisdiction in the Case.

Sincerely,

Valerie Haney

cc: Gary Soter, Esq., attorney for Church of Scientology International, et.al.,

My attorneys in this case.

# EXHIBIT 5

**VALERIE BANEY**
**1901 W. CLEVELAND STREET**
**TAMPA, FL 33606**

August 8, 2021

The International Justice Chief
Church of Scientology International
6331 Hollywood Boulevard
Los Angeles, CA 90028-6329

Re: Valerie Haney v. Church of Scientology Religious Technology Center and David Miscavige

Los Angeles Superior Court Case No. 19STCV21210

To Whom It May Concern,

As you know, I am the plaintiff (the "Plaintiff" or the "Claimant") in the above-captioned case ("the Case") which the court has ordered into mandatory arbitration before "three Scientologists in good standing."

On June 10, 2021, I mailed you another formal Demand for Arbitration. The final paragraph on page 9 of that letter stated:

"Please promptly respond to this Demand for Arbitration with the information and documents demanded no later than July 1st 2021 so that the Arbitration can be completed by September 9th, 2021, and the result reported back by the Court's hearing completion in the Case."

I had requested your response as my June 10, 2021 letter by July 1st, 2021, so that this arbitration can be completed by September 10, 2021. As you need no doubt aware, the Court has scheduled a "post-arbitration conference" for November 9, 2021 at 8:30 A.M.

Sincerely,



Valerie Baney

# EXHIBIT 6



# CHURCH OF SCIENTOLOGY
### I N T E R N A T I O N A L

## INTERNATIONAL JUSTICE CHIEF

August 16, 2023

Valerie Haney
1001 W. Cleveland St.
Tampa, FL 33606-1913

RE: ARBITRATION

Dear Ms. Haney,

I am in receipt of your letters dated June 30, 2023 and August 8, 2023.

I have no record of correspondence from you advising me of your Florida address. I received no correspondence from you following the March 15 hearing, nor did I receive anything "over three months ago," a date that is not clear to me in any event. I have learned that you admit to a blogger that you provided your address to your attorney, and not directly to me. Your attorney never complied with the Court order to provide me with the address.

I previously informed you how I located an alternative address after my correspondence was returned as undeliverable. Thank you for confirming this Tampa address is your current mailing address. Your further statements regarding how I found your address are false.

Your June 30 letter is filled with legalese and appears to be written by an attorney. It raises legal objections to Scientology arbitration already raised and rejected by the civil courts. Those courts ruled that your avenue of recourse is resolution through Scientology Ethics and Justice codes, policies and procedures, as you agreed.

Your June 30 letter repeatedly says that the arbitration is not at your request. Pursuant to your agreements, arbitration is *only* at your request. No one is making you do anything against your will. Scientology Ethics and Justice requires your

---

active and willing participation. Religious arbitration will only be conducted at your request, as clearly stated in your agreements. You may avail yourself of it if you so wish. If you do not wish to proceed with your request for religious arbitration, that is your choice. Please confirm your choice:

You request to proceed with religious arbitration.           _____
You wish to drop your claims.                                _____

If you do request to proceed, the procedures are well known to you. You have studied the *Introduction to Scientology Ethics* and you have completed the *Ethics Specialist Course*. You are well versed in Scientology Ethics and Justice procedures. If you need refreshing, you may take it up with the arbitrators when they meet.

You have needlessly delayed this arbitration with your failure to provide me a means to contact you. Should you wish to proceed with your arbitration request, the arbitrators have reviewed their availability and have advised they are available on one of the following dates to begin the arbitration in Los Angeles:

September 12-14, 2023
October 16-18, 2023
October 24-27, 2023
November 13-15, 2023
November 27-30, 2023

Once you advise me which of the above dates you are available, the arbitrators will finalize the schedule and I will let you know which date was selected and where the arbitration will be held.

You should set aside plenty of time and bring to the first meeting all of the evidence you wish to present to the arbitrators, including a list of witnesses you would like heard by the Arbitration Committee.

My role here is to facilitate the scheduling of the arbitration. All other aspects of the proceeding are in the hands of the Arbitration Committee.

I am not providing you with the names of the Arbitration Committee. The arbitrators have requested their names be kept confidential at this time for their safety due to past harassment of potential arbitrators on the Internet and through the media following your dissemination of their names.

You will meet the arbitrators when the proceeding commences. Just to be clear, you selected one arbitrator, the Church parties selected a second arbitrator, and the two of them selected the third arbitrator, who is another one of your suggested arbitrators.

*In other words, two out of the three arbitrators were selected by you.*

3

Please advise me whether you wish to drop your claims or proceed with religious arbitration. Should you request to proceed, please advise which of the dates listed in this letter you are available to begin the arbitration. If you do not intend to pursue arbitration, the matter may be terminated.

I remind you that you have made certain promises in the agreements you signed with the Church. I repeatedly have informed you that your actions of going to the media violate the promises you made in your agreements.

Sincerely,

Mike Ellis
International Justice Chief

# EXHIBIT 7

 Gmail

**Graham Berry <grahamberryesq@gmail.com>**

___

## HANEY v. CSI
2 messages

___

**Graham Berry** <grahamberryesq@gmail.com>
To: "Forman, William H." <WHForman@winston.com>
Cc: "Mangels, Robert E." <REM@jmbm.com>, "Hinks, Matt" <MH2@jmbm.com>, Margaret Dayton
<pedayton@winston.com>
Bcc: "Brian D. Kent" <bkent@laffeybuccikent.com>, Guy D'Andrea <GDAndrea@laffeybuccikent.com>, Marci Hamilton
<hamilton.marci@gmail.com>, Jeff Fritz <jfritz@lawsz.com>, Graham Berry <grahamberryesq@gmail.com>, Valerie Haney
<valhaneylight@gmail.com>

Tue, Aug 22, 2023 at 7:40 PM

Mr. Forman:

On August 16, 2023, your client's International Justice Chief complained that he had not received any information from <u>me</u> regarding Valerie Haney's address. I am sure you would have objected if I had written to the ICJ directly.

Further to my March 15, 2023, email to you, I was advised by my client that the ICJ already had her address. In fact, on June 30, 2023, my client wrote the following in a letter to the ICJ:

"On June 28, 2023, I received a letter from you dated June 23, 2023. I respond thereto as follows. **First**, I have not "failed to provide any means of contact." On the contrary, I advised you of my current mailing address the day after I was informed that I must do so. The address I provided to you then is the same address that I provided you over three months ago. It is also the same address to which you sent your June 23, 2023, letter. Moreover, your teams of private investigators have followed me from this mailing address on numerous occasions and have even sat outside for an entire day."

Therefore, our client also informed the ICJ of her current address via the top of page 1 of her June 30, 2023, and August 8, 2023, letters to the ICJ. In addition, the ICJ's August 16, 2023, letter to Ms. Haney also acknowledges receipt of her letters dated June 30, 2023, and August 8, 2023. Consequently, the ICJ's accusations of delay by the plaintiff appear to be either without foundation or without consequence.

Ms. Haney's June 30, 2023, Demand for Arbitration also requested that the ICJ respond by July 17, 2023, and promptly commence the arbitration so that it could be concluded by September 30, 2023. Ms. Haney's Demand for Arbitration and request for a response by July 17, 2023, was ignored by the ICJ.

In accordance with the ICJ's subsequent August 16, 2023, request, Ms. Haney has selected October 16-18, 2023, as the dates for the "religious arbitration."

In case your client continues to feign ignorance of our client's current address, it is 1001 W. Cleveland Street, Tampa, FL 33606.

Sincerely,

Graham Berry

LAW OFFICE OF GRAHAM E. BERRY
1935 N. SERRANO AVENUE
LOS ANGELES, CA 90027-1621
TELEPHONE: (310) 745-3771
CELL PHONE:(310) 902-6381
EMAIL:grahamberryesq@gmail.com

___

**Forman, William H.** <WHForman@winston.com>
To: Graham Berry <grahamberryesq@gmail.com>

Tue, Sep 5, 2023 at 5:55 PM

Cc: "Mangels, Robert E." <REM@jmbm.com>, "Hinks, Matt" <MH2@jmbm.com>, "Dayton, Peggy"
<PEDayton@winston.com>

Mr. Berry:

The purpose of your e-mail is clear. You never complied with the Court's order to provide your client's mailing address and you are now trying to explain away that failure. That "explanation" is patently false. You never informed us your client would be providing her address, and in fact she never did. Your failure to comply unaccountably delayed the arbitration.

In the end nothing excuses your failure to obey a clear and simple Court order. This contempt for the law is nothing new. It is just another example of the conduct that led to you being declared a vexatious litigant and suspended by the bar.

You have raised with the Court many times your objections to the arbitration procedures. The Court made clear that your client's Agreements stand and that she must follow the procedures she agreed to. She can and should communicate directly at all times with the IJC regarding the arbitration. *Period.*

-Bill.

**William H. Forman**

**Partner**

Winston & Strawn LLP

T: +1 213-615-1700

D: +1 213-615-1992

M: +1 626-422-7118

F: +1 213-615-1750

winston.com



[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

# EXHIBIT 8

VALERIE HANEY

1001 W. CLEVELAND STREET

TAMPA, FL 33606

August 26, 2023

The International Justice Chief

Church of Scientology International

6331 Hollywood Boulevard

Los Angeles, CA 90028-6329

Re: *Arbitration – Valerie Haney v. CSI, RTC & Miscavige*

To Whom It May Concern:

Responding to your August 16, 2023, letter addressed to me:

There was no need for my attorneys to provide you with my current address (on the top of this page) since you already had it. For example, on June 23, 2023, you wrote to me at this very same address. In addition, how else do you explain your multiple private investigators being parked outside this address, and following me from this address, on numerous prior occasions as I stated on page 1 of my June 30, 2023, letter to you? At the very least, CSI's Office of Special Affairs had the necessary resources to quickly locate my whereabouts at almost any given time. In addition, you were also informed of my current address via the top of page 1 of my June 30, 2023, letter to you. Furthermore, your August 16, 2023, letter under reply also acknowledges receipt of my June 30, 2023 and August 8, 2023, letters expressly written from my current address. In addition, you could have had your attorneys reach out to my attorneys as I have been requesting you do directly or by cc. You have refused to do so. Moreover, the final paragraph of my June 30, 2023, "Demand for Arbitration" to you requested that you respond "no later than July 17, 2023, so that this Arbitration can be completed by September 30, 2023, and the result reported back to the court having jurisdiction in the Case." You failed to do so. In those circumstances you can hardly claim that it is I who has delayed the arbitration.

It is also a travesty for you to continue to refuse to disclose the identity of the "Arbitration Committee" until "the proceeding commences." However, the alleged Scientology arbitration procedures are simply a Scientology "Committee of Evidence" which is an internal disciplinary and punishment proceeding absent of any impartial administration of justice and inherently unable

to rule in favor of one as plaintiff because I am now deemed by the church to be a "suppressive person" who is to be destroyed by any means possible. Indeed, the three church Committee of Evidence members would themselves be declared and expelled from the church as "suppressive persons" if they decided any aspect of my claims in my favor.

Item 11 of my June 50, 2023, "Demand for Arbitration" stated, _a claimant requests that the IJO immediately provide her and her legal counsel with copies of the written rules and of procedures that will govern the arbitration._" Six weeks later, in your August 16, 2023, letter you responded and stated: "If you do require to proceed, the procedures are well known to you. You have studied the Introduction to Scientology Ethics and you have completed the LRH's Specialized Courses. Your are well versed in Scientology Ethics and Justice Procedures. If you need help doing this then take it up with the arbitrators when they meet." You are wrong. Any knowledge I would have regarding Scientology practices was acquired more than seven years ago when I was a member. During my twenty-plus years of Scientology studies I had never read or heard of a Scientology arbitration. If you are telling me what I have studied covers Scientology "religious arbitration" then I can inform you that there was no such thing in what I read. In fact, you are also in violation of the Ethics Review policy letter written by L. Ron Hubbard, stating that you must issue a Bill of Particulars to the respective party [ ] which is me. It would state the committee members, the secretary, the convening authority, and the chairman of the committee. It would also state my suppressive acts, and all of your made-up definitions of Scientology High Crimes.

I have since left Scientology and rejected the belief system and its practices. From what I understood at the time of my membership there is no reference to the procedures for a "religious arbitration" in any of the documents you refer to. Undoubtedly that is because the Ethics and Justice Procedures have nothing to do with the arbitration of civil disputes according to the laws of the United States and the State of California. These Scientology procedures are part of a convoluted and artificial belief system which does not follow any United States or California law. In fact Scientology teaches its members that the "wog" [ ] government judicial system doesn't work so science fiction writer and Scientology founder L. Ron Hubbard had to completely invent

[ ] Scientology refers to non-Scientologists and non-Scientology entities and institutions as "Wogs." Both the Scientology Technical Dictionary (1978) defines as a "worthy Oriental gentleman" — a common nickname run in the mill garden variety humanoid. However, the Merriam-Webster dictionary clues that "Wog is used as an insulting and contemptuous term for a dark-skinned foreigner and especially for one from the Middle East or Far East

fraudulent Committee of Evidence procedures with which to discipline any member or former member.

L. Ron Hubbard's Scientology ethics and justice procedures turn the commonly understood meaning of Ethics on its head and redefine it to mean doing the "greatest good for the greatest number of dynamics [Scientologists]." Anything which promotes or benefits Scientology is ethical and anything that is against Scientology is unethical. The book "'Introduction to Scientology Ethics" does not deal in any way with the resolution of civil disputes. Instead, the Ethics Codes deal with the classes of crimes and offenses in Scientology: 'Errors, Misdemeanors, Crimes and High Crimes." The book states that a High Crime includes "[b]ringing suit against any Scientology Organization or Scientologist" and "[t]estifying as a hostile witness against Scientology in public." Because I have sued a Scientology organization and a Scientologist I would be assigned the "condition" of "treason." L. Ron Hubbard, Introduction to Scientology Ethics ('Printed May 1974') pp. 34-37, 49-50. Consequently, I am subject to Scientology's policies and practices for handling suppressive persons (a/k/a "Fair Game"). Being "Fair Game" I can be "deprived of property or injured by any means by any Scientologist without any discipline of the Scientologist. [I] [m]ay be tricked, sued or lied to or destroyed." That is the very antithesis of justice and arbitration as understood by the courts of the United States and the State of California. So, to be completely clear, I am not a practicing Scientologist and I have not been for at least seven years. Scientology is a belief system I left pursuant to my right to exit a belief system and to choose my own beliefs. Any assumption by the Scientology Defendants that I morally or personally condone being forced into their misrepresented "religious arbitration" is false. I am participating because Judge Richard J. Burdge Jr., ordered that I do so pursuant to my filing of a civil lawsuit seeking justice under California law for the harm done to me.

You are creating a Catch 22 situation by continuing to insist that the "[r]eligious arbitration" will only be conducted at [my] request. This is a lie. I filed a lawsuit against the defendants CSI, RTC, and David Miscavige. Those defendants filed a successful motion to compel "religious arbitration" of my lawsuit. I continue to object to this "religious arbitration" because it is nothing more than a Scientology Committee of Evidence tasked per written policy with subjecting me to punitive penalties. However, in the first instance, I must comply with the court's order compelling "religious arbitration."

I do not wish to drop my claims, and I do not waive my rights to seek judicial review of the "religious arbitration" proceeding and decision if I deem that to be necessary in my pursuit of an impartial, proper and just determination of my claims as set forth in my pleadings. Until I escaped from Scientology I did not know the applicable United States and California laws because I was restricted and restrained from receiving a proper education according to law. I was only taught Scientology's fictitious and clandestine rules. Therefore, under those circumstances and with those express explanations and reservations, I must request we proceed with the "religious arbitration" in compliance with the court's order and as I demanded on June 30, 2023, and in earlier communications with you.

My lawyer Guy D'Andrea is now unavailable during September. However, he will be available from October 16-18, 2023, which are therefore the dates I request for the Committee of Evidence. He, and another of my attorneys, will be accompanying me to the arbitration as observer (s).

I now await your prompt notifications as set forth on the lower half of page 2 of your August 16, 2023, letter.

Sincerely,

Valerie Haney

# EXHIBIT 9



# CHURCH OF SCIENTOLOGY
### I N T E R N A T I O N A L

## INTERNATIONAL JUSTICE CHIEF

September 4, 2023

Valerie Haney
1001 W. Cleveland St.
Tampa, FL 33606-1913

RE: ARBITRATION

Dear Ms. Haney,

I am in receipt of your letter of August 26, 2023.

I reject your self-serving diatribe and recitation of falsehoods regarding both my actions and Scientology Ethics and Justice procedures.

- As you well know, the arguments you are making were already made by you, through your attorneys, and were rejected by the Court.

- As for the cause for delay in holding the arbitration, the record is likewise clear. You have needlessly delayed this arbitration for three years, most recently by your failure to provide me a contact address.

- Moreover, you have mischaracterized the entire proceeding as a proceeding *against you*. In fact, it is *you* who have asserted claims *against* other parties. Those claims—*your* claims—are what is to be arbitrated.

- Finally, you continue to claim this is a "forced arbitration." There is no such thing as a "forced arbitration." As has been explained to you, religious arbitration will only be conducted at your request, as clearly stated in your agreements. You may avail yourself of it if you so wish.

2                                    9/4/23

1) If you do wish to proceed, your allegations and complaints are properly presented to the Arbitration Committee, not to me. The information you provided me in your previous correspondence, including your letter of August 26, 2023, has been provided to the Arbitration Committee.

As I advised you in my letter of August 16, 2023:

"You should set aside plenty of time and bring to the first meeting all of the evidence you wish to present to the arbitrators, including a list of witnesses you would like heard by the Arbitration Committee.

"My role here is to facilitate the scheduling of the arbitration. All other aspects of the proceeding are in the hands of the Arbitration Committee."

2) You have indicated your availability to begin the arbitration on October 16 – 18, 2023.

The arbitrators have confirmed those dates. The date and time the arbitration will begin is:

October 16, 2023
1:00 pm

3) The arbitration will be held at the Church of Scientology International Dissemination and Distribution Center. Scientology religious services are not ministered in this building and therefore you will not run into or interact with Scientology parishioners. Conference facilities are located at the front of the building, just past reception, and therefore you will also not run into or interact with any Church staff except representatives of the parties and any witnesses who may be called.

This facility was previously accepted as a suitable location for a Scientology Arbitration by a Federal District Court judge.

As I stated in my August 16, 2023, letter, the arbitrators have requested their names be kept confidential until the arbitration begins. Likewise, the arbitrators request that you keep the location of the arbitration confidential (except for your attorneys) so as to prevent any harassment of the arbitrators.

The address is:

6130 Sheila Street
Commerce, CA 90040

4) You state that one of your attorneys will be accompanying you to the arbitration "as observer(s)."

A) Your attorneys are welcome to accompany you to the location where the arbitration will be held. They will be seated in a public space. If you need to consult with them, a private conference room will be provided to do so.

B) However, as you are aware, attorneys do not play a role in Scientology Ethics and Justice procedures and they will not be observing the Arbitration Committee or the proceedings and nor will they in any way interact with the arbitrators.

In summary, you are free to consult with your attorneys, but in a private setting.

———————————

Please remember, this is a Scientology Religious Arbitration. The agreements you signed, over a period of many years, provide that you would pursue dispute resolution through Scientology Ethics and Justice procedures.

The arbitrators who have agreed to do this arbitration are doing so pursuant to your agreements. Contrary to your assertions, your status as a Scientologist or non-Scientologist will have no bearing on the Arbitration Committee's deliberations and findings. The arbitrators have a duty, and are required, to be objective and fair.

I remind you that, as I explained in my August 16, 2023 letter, two of the three arbitrators were selected by you.

## CONCLUSION

Please acknowledge receipt of this letter.

My participation in this matter is otherwise concluded and your next communication will be with the Arbitration Committee on the date and location given above.

Sincerely,

Mike Ellis
International Justice Chief

# EXHIBIT 10

**VALERIE HANEY**

**1001 W. CLEVELAND STREET**

**TAMPA, FL 33606**

September 29, 2023

The International Justice Chief

Church of Scientology International

6331 Hollywood Boulevard

Los Angeles, CA 90028-6329

Re: *Arbitration – Valerie Haney v. CSI, RTC & Miscavige*

To Whom It May Concern:

I have received your letter dated September 4, 2023.

I don't appreciate the constant misconception and lies with the statements you make on the first page of that communication.

Furthermore, I am not in agreement with your designation of the address of 6130 Sheila Street, Commerce, CA 90040.   This is the address of the Church of Scientology International Dissemination & Distribution Center. It is not near any normal establishments and it is isolated from normal society. It is an industrial facility and large printing plant with many dangerous machines. It is staffed by members of the Scientology Sea Organization which is comprised of the most dedicated of Scientologists. It is not a neutral location and is therefore, for the record, objected to.

In addition, for the record, I also object to the scope of the purported arbitration provision, the selection and appointment of the arbitrators ("three Scientologists in good standing"), the refusal to disclose the identity of the arbitrators prior to the arbitration, the absence of sufficient information regarding arbitration procedures, and the refusal to permit any form of record to be made of the proceeding. This is not a normal, neutral and unbiased arbitration proceeding. Notwithstanding, I will be at the specified location on October 16, 2023, at 1 pm accompanied by two of my attorneys, Guy D'Andrea and Graham Berry.

I am afraid to be alone in any room with representatives of the organization and individuals that engaged in the horrific and outrageous conduct against me as alleged in the First Amended Complaint in this case. Among other things, and in the jargon of Scientology, it will be 'restimulative' and extremely distressing. Accordingly, I insist that both Guy D'Andrea and Graham Berry be permitted to be present in the arbitration room with me at all times. I/we accept that they may not participate in the proceeding in any way, although they may quietly take notes regarding the proceeding.

This letter is written, and my participation in the purported arbitration, is without waiver of any of rights and remedies at law all of which are expressly preserved and none of which are waived.





# EXHIBIT 11



# CHURCH OF SCIENTOLOGY
## INTERNATIONAL

### INTERNATIONAL JUSTICE CHIEF

October 6, 2023

Valerie Haney
1001 W. Cleveland St.
Tampa, FL 33606-1913

RE: ARBITRATION

Dear Ms. Haney,

Thank you for confirming you will attend the arbitration on the designated date and time as set out in my September 4, 2023, letter.

Your self-serving letter once again attempts to make a false record. By way of example:

1. Contrary to your description, that the Scientology Dissemination and Distribution Center is "not near any normal establishments and it is isolated from normal society," a rapid review of Google maps shows there are 23 restaurants and 7 hotels located within 5 minutes of the center, and it is located directly across the street from a Del Taco, a Subway sandwich shop and an AM/PM convenience store.

2. You also state your attorneys will be in the room observing the Arbitration Committee. As I made clear in my September 4, 2023, letter:

   "A) Your attorneys are welcome to accompany you to the location where the arbitration will be held. They will be seated in a public space. If you need to consult with them, a private conference room will be provided to do so.

   "B) However, as you are aware, attorneys do not play a role in Scientology Ethics and Justice procedures and they will not be observing the Arbitration Committee or the proceedings and nor will they in any way interact with the arbitrators.

6331 Hollywood Boulevard, Los Angeles, CA 90028-6329



"In summary, you are free to consult with your attorneys, but in a private setting."

I remind you this is a Scientology Religious Arbitration. The agreements you signed, over a period of many years, provide that your parties dispute resolution through Scientology Ethics and Justice procedures. You are familiar with these procedures.

Sincerely,

Mike Ellis
International Justice Chief

# EXHIBIT 12

 Gmail

Graham Berry <grahamberryesq@gmail.com>

# Valerie Haney

3 messages

**Graham Berry** <grahamberryesq@gmail.com>                                    Fri, Oct 6, 2023 at 3:47 PM
To: "Forman, William H." <WHForman@winston.com>, Margaret Dayton <pedayton@winston.com>
Cc: Guy D'Andrea <GDAndrea@laffeybuccikent.com>, Valerie Haney <valhaneylight@gmail.com>, "Brian D. Kent"
<bkent@laffeybuccikent.com>

Mr. Forman and/or Ms. Dayton:

Would you please advise the International Justice Chief of CSI of the following:

My/our client Valerie Haney has just advised me that she is in the process of moving between Tampa, Florida
and her new location in another state where she does not have an address yet. If the ICJ has written to her
Florida address in the last two weeks she will be informed of the fact and the contents by a person at her old
address. Going forward, the ICJ can reach Ms. Haney through her email address which he has already.
However, in case he has mislaid it, it is valhaneylight@gmail.com. The ICJ can also copy me for any
communication to be immediately forwarded to her. She will be at the "religious arbitration" as previously
arranged.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Graham Berry

LAW OFFICE OF GRAHAM E. BERRY
1935 N. SERRANO AVENUE
LOS ANGELES, CA 90027-1621
TELEPHONE: (310) 745-3771
CELL PHONE:(310) 902-6381
EMAIL_grahamberryesq@gmail.com
Encrypted Emails:
grahamberryesq@protonmail.com
berrylawi@hushmail.com

**Forman, William H.** <WHForman@winston.com>                                    Mon, Oct 9, 2023 at 6:58 PM
To: Graham Berry <grahamberryesq@gmail.com>, "Dayton, Peggy" <PEDayton@winston.com>
Cc: Guy D'Andrea <GDAndrea@laffeybuccikent.com>, Valerie Haney <valhaneylight@gmail.com>, "Brian D. Kent"
<bkent@laffeybuccikent.com>

Mr. Berry: You were ordered by the Court to provide contact information for your client and you failed to. You again are
trying to cover your tracks for your disobedience of court orders. Neither I, nor the IJC, have "mislaid" your client's email
address. Neither she nor you ever gave it to me or the IJC before. If it is in some prior correspondence, I am sure you will
have no problem showing that to me. I'm not holding my breath.

**William H. Forman**

Partner

Winston & Strawn LLP

T: +1 213-615-1700

D:: +1 213-615-1992

M: +1 626-422-7118

F: +1 213-615-1750



winston.com

WINSTON
&STRAWN

[Quoted text hidden]

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations

**image002.png**
1K

**Graham Berry** <grahamberryesq@gmail.com>                                    Tue. Oct 10, 2023 at 2:38 PM
To: "Forman, William H." <WHForman@winston.com>
Cc: "Dayton, Peggy" <PEDayton@winston.com>, "Brian D. Kent" <bkent@laffeybuccikent.com>, Guy D'Andrea
<GDAndrea@laffeybuccikent.com>
Bcc: Valerie Haney <valhaneylight@gmail.com>

Mr. Foreman:

You wouldn't misquote and mislead the court, would you?

In case you and your clients plan on doing just that I suggest you review the March 15, 2023, hearing transcript on page
3:22-24:

"THE COURT: Mr. Berry, I'm going to ask that you are sure that your client gives her correct address to the IJC. That is an
order." Emphasis added.

And that is what I did. I made sure that my client gave her correct address to the IJC.

Attached hereto are copies of letters by Ms. Haney to the ICJ dated June 30, 2023, and August 8, 2023, and confirmation
of their receipt by the ICJ on August 16, 2023. Their contents speak for themselves. In particular, I refer you to the first
page of my client's June 30, 2023, letter. I also refer you to the last paragraph of that same letter. My client wanted
documents provided "no later than July 17, 2023, so that this Arbitration can be completed by September 30, 2023, and
the result reported back to the court having jurisdiction in the Case." Your client ignored this communication which, five
weeks later, prompted my client to send an August 8, 2023, letter. Consequently, if there has been delay it has been due
to your client's tardy responses to my client's letters.

I am not going to argue with you as to what information the ICJ has regarding my client. Her email address is not an issue.
I merely sent it to you in order to facilitate immediate communication between our respective clients because Ms. Haney

has recently moved away from Florida and she does not have a new mailing address yet. Apparently, 'no good deed goes unpunished.'

There seems little reason for you to be so consistently confrontational with me, making mountains out of molehills. However, since you have stated that your billing rate is $1,295.00 per hour, and your clients are said to have $2-3 billion in reserves, I suppose it financially benefits you and your firm to do so. Nonetheless, this continuing correspondence by you is what in Scientology is called Developed Traffic ("Dev-T") which is defined to include "a waste of time."

Graham Berry

LAW OFFICE OF GRAHAM E. BERRY
1935 N. SERRANO AVENUE
LOS ANGELES, CA 90027-1621
TELEPHONE: (310) 745-3771
CELL PHONE:(310) 902-6381
EMAIL:granamberryesq@gmail.com
Encrypted Emails:
granamberryesq@protonmail.com
berrylaw@hushmail.com
Encrypted phone calls: https://www.whatsapp.com/

[Quoted text hidden]

**3 attachments**

 **23_06_30_Haney to ICJ with Fed Ex evidence.pdf**
2764K

 **23_08_08_Haney to ICJ with UPS evidence.pdf**
867K

 **23_08_16_ICJ letter to Haney.pdf**
813K

# EXHIBIT 13

**VALERIE HANEY c/o**
**GRAHAM E. BERRY**
**1935 N. SERRANO AVENUE**
**LOS ANGELES, CA 90027-1621**
**Telephone: (310) 745-3771**
**Email:** GrahamBerryEsq@gmail.com

October 16, 2023

BY HAND

The International Justice Chief
Church of Scientology International
6331 Hollywood Boulevard
Los Angeles, CA 90028-6329

Re: Valerie Haney vs. Church of Scientology International – Mandated Religious Arbitration

Dear Sir:

First, as I recently informed you, I have just moved from Tampa, Fl., to Las Vegas, NV., where I have yet to rent my own apartment. In that regard, I have advised you that I may be contacted by my email address valhaneylight@gmail.com. I shall advise you of my new address as soon as I obtain it. In the meantime, if you need to send me a hard copy of any communication you may mail or deliver it to the above address where Graham Berry will immediately scan and send it to me.

Second, I am transmitting four copies the following documents to you: three copies for each of the arbitrators and one copy for you and your files:

1. My Demand for Arbitration dated June 30, 2023.
2. My First Amended Complaint filed September 30, 2019.
3. Declaration of Valerie Haney signed October 15, 2023, and Exhibits 1-17.
4. Declaration of Valerie Haney signed June 27, 2018.
5. Declaration of Mr. Mitch Brisker dated October 13, 2023.
6. Declaration of Ms. Rosemary Chicwak dated October 14, 2023.
7. Declaration of Ms. Rachael Hastings Adair dated October 16, 2023, and Exhibit 1.

Sincerely,

Valerie Haney

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA          )
                             )   ss.:
COUNTY OF LOS ANGELES        )
                             )

Re: *VALERIE HANEY v. Church of Scientology, et. al;*

*Los Angeles Superior Court Case:19STCV21210*

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am not a party to the within action. My business address is 1935 N. Serrano Avenue, Los Angeles, California 90027.

     On October 24, 2023, I served on the interested parties in this action the within:

<u>**ERRATA**</u>

**PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT,**

**DECLARATION OF GRAHAM E. BERRY AND EXHIBITS**

     (<u>Only by Electronic Means</u>): I caused such document (s) to be delivered by an electronic e-filing and electronic service provider (One Legal LLC)) pursuant to court rules, court order, or agreement of the parties.

     Executed on October 24, 2023, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                 //Graham E. Berry//

Graham E. Berry
  (Type or print name)                       (Signature)

<u>**SERVICE LIST (Page1)**</u>

Re: *VALERIE HANEY . Church of Scientology, et. al;  Los Angeles Superior Court Case:19STCV21210*

<u>**Defendant's Counsel:**</u>

William H. Forman, Esq.
Margaret E. Dayton, Esq.
WINSTON & STRAWN
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Tel: (213) 615-1700 / Fax: (213) 615-1750
Email: whforeman@winston.com
Email: pedayton@winston.com

*Attorneys for Defendant Church of Scientology International*

Robert E. Mangels, Esq.
Matthew D. Hinks, Esq.
JEFFER, MANGELS, BUTLER & MITCHELL, LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Tel: (310) 203-8080 / Fax: (310) 203-0567
Email: rmangels@jmbm.com
Email: mhinks@jmbm.com

*Attorneys for Defendant Religious Technology Center*

<u>**Plaintiff's Counsel**</u>

Graham E. Berry, Esq. (SBN:128503)
LAW OFFICE OF GRAHAM E. BERRY
1935 N. Serrano Ave.
Los Angeles, CA 90027
Tel: (310) 745-3771
Email: grahamberryesq@gmail.com

Brian D. Kent, Esq. (Pro Hac Vice Admission Pending)
Gaetono D'Andrea, Esq. (Pro Hac Vice Admission Pending)
M. Stewart Ryan, Esq. (Pro Hac Vice Application Pending)
LAFFEY, BUCCI & KENT, LLP
1435 Walnut Street, Suite 700
Philadelphia, PA 19102
Tel: (215) 399-9255 / Fax: (215) 241-8700
Email: bkent@laffeybuccikent.com
Email: GDAndrea@laffeybuccikent.com
Email: sryan@laffeybuccikent.com

-14-

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT

Jeffrey P. Fritz, Esq. (Pro Hac Vice Application Pending)
SOLOFF & ZERVANOS, P.C.
1525 Locust Street, 8th Floor
Philadelphia, PA 19102
Tel: (215) 732-2260 / Fax: (215) 732-2289
Email: jfritz@lawsz.com

Marci Hamilton, Esq. (Pro Hac Vice Application Pending)
University of Pennsylvania [7]
Fox-Fels Building
3814 Walnut Street
Philadelphia, PA 19104
Tel: (215) 353-8984 / Fax: (215) 493-1094
Email: hamilton.marci@gmail.com

---

[7] This address is solely for delivery purposes. It does not indicate support for any lawsuit or case by the University of Pennsylvania.

-15-

PLAINTIFF'S POST ARBITRATION STATUS CONFERENCE STATEMENT