# Exhibit

# 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER,
and VALESKA PARIS,

    Plaintiffs,

v.

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; and CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

    Defendants.

_____/

Case No. 8:22-cv-00986-TPB-JSS

## DECLARATION OF WILLIAM H. FORMAN IN SUPPORT OF DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 54(B)

In accordance with 28 U.S.C. § 1746, I, William H. Forman, declare as follows:

1. I am over the age of eighteen. I have personal knowledge of the facts stated below (except where stated on information and belief) and, if called upon to do so, could and would competently testify thereto.

2. I am counsel of record for defendant Church of Scientology International ("CSI") in this matter. I submit this declaration in support of CSI's *Opposition to Plaintiffs' Motion for Reconsideration.*

3.      I am also counsel of record for CSI in *Haney v. Church of Scientology Int'l, et. al.,* ("*Haney*") pending in Los Angeles Superior Court. Plaintiff's counsel in that matter is Graham Berry. For almost thirty years now, Mr. Berry has brought frivolous cases against CSI and related entities and persons. In connection with his efforts against the Church, the California State Bar suspended Mr. Berry from practice. A Los Angeles Superior Court judge, presiding over one of Mr. Berry's cases against Scientology, said to him from the bench: "With all due respect, sir, I have to sadly state that if there is such a thing on God's green earth as a vexatious litigant you, sir, sadly, are it."

4.      The *Haney* matter is currently in arbitration pursuant to an agreement by the plaintiff to pursue any claims against the CSI and other Scientology entities exclusively through Scientology's Ethics and Justice procedures, including binding religious arbitration. Pending the outcome of that arbitration, *Haney* is stayed in the Los Angeles Superior Court. In advance of a court hearing regarding the status of the arbitration, on October 24, 2023, Mr. Berry filed a Status Report with the Court. Plaintiffs in this action filed the Status Report in support of their Motion for Reconsideration.

5.      Mr. Berry's Status Report was replete with numerous misrepresentations and falsehoods about the conduct of the arbitration – an arbitration that he has not even participated in. I have filed two status reports with the Los Angeles Superior Court rebutting Mr. Berry's false characterizations of the proceedings. True and correct copies of those status reports are attached hereto as

Exhibits A and B.

6.    At a June 5, 2024 status conference, the Los Angeles Superior Court set a further status conference for February 20, 2025. Because of the burdensome and misleading nature of Mr. Berry's status reports, I requested that the parties not be permitted to file status reports in advance of the next status conference. The court agreed, stating, "I really don't want to see any status reports before February 20th, Mr. Berry. Okay?" A true and correct copy of the June 5, 2024 status conference in *Haney* is attached hereto as Exhibit C.

7.    On information and belief, logs kept in the ordinary course of business on the *Freewinds* show that the three plaintiffs in this matter disembarked and reembarked the *Freewinds* over 3,000 times while they served on the ship. Contemporaneous photographs document Plaintiffs' travels throughout the Caribbean and abroad, including vacations and days off work.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 9, 2024                                 */s/ William H. Forman*
                                                                              William H. Forman