# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/30/2023 1:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

WILLIAM H. FORMAN (State Bar No. 150477)
whforman@winston.com
MARGARET E. DAYTON (State Bar No. 274353)
pedayton@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Defendant,
Church of Scientology International

ROBERT E. MANGELS (State Bar No. 48291)
rmangels@jmbm.com
MATTHEW D. HINKS (State Bar No. 200750)
mhinks@jmbm.com
JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Defendant,
Religious Technology Center

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VALERIE HANEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHURCH OF SCIENTOLOGY INTERNATIONAL; RELIGIOUS TECHNOLOGY CENTER, and DAVID MISCAVIGE; and DOES 1-25,<br><br>　　　　Defendants. | CASE NO. 19STCV21210<br>*Assigned to Hon. Gail Killefer*<br>*Dept. 37*<br><br>DEFENDANTS CHURCH OF SCIENTOLOGY INTERNATIONAL AND RELIGIOUS TECHNOLOGY CENTER'S STATUS CONFERENCE STATEMENT<br><br>*[Declarations of Matthew D. Hinks and Kendrick Moxon and Proof of Service submitted herewith]*<br><br>Hearing Date:<br><br>Date:　　　　November 6, 2023<br>Time:　　　　8:30 a.m.<br>Dept:　　　　37<br><br>Complaint Filed:　　June 18, 2019 |

DEFENDANTS' STATUS CONERENCE STATEMENT

The Court should disregard in its entirety the "Post-Arbitration Status Report" submitted by Plaintiff's attorney Graham Berry ("Berry Report"). It is laden with hearsay and demonstrably false statements and is filed solely to interfere with the in-progress, court-ordered arbitration and to intimidate and harass the arbitrators.

On March 15, 2023, the Court set a status conference for November 6, 2023, to discuss the progress of the arbitration. The Court did not ask the parties for a status conference statement in anticipation of the November 6 conference, and stated its understanding that the arbitration might not be completed by that date:

> **MR. FORMAN**: YOUR HONOR, THINGS ARE VERY DIFFICULT WITH MR. BERRY. I REALLY TRY TO GET ALONG WITH MY OPPOSING COUNSEL, BUT THINGS ARE DIFFICULT. AND I WOULD ASK THAT IT BE NINE MONTHS INSTEAD OF SIX MONTHS.
>
> **MR. BERRY**: YOUR HONOR, THERE'S NO REASON FOR THE ARBITRATION TO TAKE THAT LONG. IT TOOK 50 MINUTES I THINK IN THE GARCIA CASE.
>
> **THE COURT**: I'LL SET IT FOR NOVEMBER 6TH. IF YOU'RE NOT READY THEN, THEN I'LL CONTINUE IT.

(Transcript of March 15, 2023, Hearing, at 9:2-10, attached as Exhibit 1.)

The arbitrators conducted three days of hearings on October 16-18, 2023. With the consent of Plaintiff, the arbitration is to resume on January 10, 2024. In light of the Court's previous statement, the hearing for November 6, 2023, should be taken off-calendar. Defendants request that no further status conference be set as Plaintiff's counsel Graham Berry uses the occasion of status conferences to clog the Court's docket with immaterial, untruthful, and harmful filings.

As stated at the March status conference, Mr. Berry remains, "very difficult." Though no status report was required, Mr. Berry filed a 63-page "Status Report" (and then a 63-page "Errata"), replete with 13 Exhibits, a declaration, and assorted false hearsay statements about the arbitration proceedings, even though Mr. Berry was not present in the arbitration room. This filing unfortunately is nothing new for Mr. Berry. In his decades of litigating against the Church of Scientology, he has been sanctioned several times, suspended from the Bar, and declared a

vexatious litigant.[1] *See* List of Vexatious Litigants, compiled by the California courts, at https://www.courts.ca.gov/documents/vexlit.pdf.[2]

Mr. Berry's "Status Report" of course is a blatant attempt to interfere with the court-ordered arbitration and to prejudice the Court regarding the arbitration proceedings before they are even concluded (and well before the Court has any jurisdiction to consider the proceedings). *Everything* that Mr. Berry says about the conduct of the arbitration is pure hearsay: As per Scientology Ethics and Justice procedures, no attorney was permitted in the arbitration room or to interact with the arbitration panel in any way. Tellingly, Mr. Berry did not submit a declaration from his client, who was present for the arbitration. Mr. Berry's "knowledge" of the arbitration is based only on what he saw or heard in a lobby outside of the arbitration room. Even as to that limited knowledge, Mr. Berry is untruthful. To cite just a few examples:

- "…Scientology attorney Moxon was seen entering the arbitration room at least twice with the three arbitrators still present. Scientology attorney Hinks was observed apparently doing so at least once." (Berry Status Report, 9:2-4.) This is completely false. Kendrick Moxon (attorney for CSI) and Matthew Hinks (attorney for RTC) were present in the lobby of the arbitration site only because Plaintiff announced that she was bringing two of her lawyers to the site. Lawyers have no role whatsoever in Scientology arbitration. Neither Moxon nor Hinks *ever* went into the arbitration room at any time, whether the arbitrators were present or not. *They never had any communications with the arbitration panel whatsoever. See* Declarations of Kendrick Moxon and Matthew Hinks submitted herewith.

---

[1] By way of one example, Mr. Berry sued the ecclesiastical leader of the Scientology religion, and also named as a co-defendant Mr. William J. Clinton, then-President of the United States, as well as the U.S. National Security Advisor, U.S. Secretary of State, U.S. Secretary of Treasury, U.S. Secretary of Commerce, Commissioner of the Internal Revenue Service, and a U.S. Ambassador, accusing them of engaging in a conspiracy. Needless to say, the case was dismissed, and Mr. Berry was sanctioned.

[2] In finding Mr. Berry to be a vexatious litigant within the meaning of Code of Civil Procedure § 391, Judge Alexander H. Williams III of this Court held: "With all due respect, sir, I have to sadly state that if there is such a thing on God's green earth as a vexatious litigant you, sir, sadly, are it."

Mr. Berry untruthfully and unfairly maligned the integrity of Mr. Hinks and Mr. Moxon – attorneys who, unlike Mr. Berry, have never been sanctioned or suspended from practice.

- "Defendant's [sic] three arbitrators. . . ." (Berry Status Report, 3:6.) The panel is not "Defendant's three arbitrators." Pursuant to the terms of Plaintiff's arbitration agreements, Defendants and Plaintiff each selected an arbitrator. The two party-selected arbitrators then picked the third arbitrator *who was on Plaintiff's list of potential arbitrators*. Thus*, two of the three arbitrators were nominated by Plaintiff*. Mr. Berry knows this. Nevertheless, he told this Court that all of the arbitrators were "Defendants' arbitrators."

- "Defendants … will not provide Plaintiff with a copy of the policies and procedures for the religious arbitration…" (Berry Status Report, 3:21-22.) The policies and procedures were included in Defendants' motion to arbitrate and supporting exhibits. In addition, by letter of August 16, 2023, the International Justice Chief ("IJC") advised Plaintiff of the Scientology writings that applied to the proceeding.

- Perhaps most egregious of all, Mr. Berry disclosed the identities of the three arbitrators. (Berry Report, 3 and 6.) As Mr. Berry well knows, the identities of the arbitrators were kept confidential because either Mr. Berry or his client previously disclosed to the press the identities of her previous selections, who were then subject to harassment and intimidation.

Defendants could go on. The point is that Mr. Berry will use every opportunity – even a status conference – to submit masses of documents and false statements to the Court. The effect, if not the intention, is to interfere with the conduct of a religious arbitration and to intimidate the arbitrators. There is no need to set a further status conference just to go through this wasteful and harmful exercise again. Before the arbitration is final, the Court does not have jurisdiction to

consider any of Mr. Berry's unfounded complaints. "Once a court grants the petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration. This vestigial jurisdiction over the action at law consists solely of making the determination, **upon conclusion of the arbitration proceedings**, of whether there was an award on the merits (in which case the action at law should be dismissed because of the res judicata effects of the arbitration award." *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796 (emphasis added). This Court has already stated it will not interfere with the arbitration process, yet Mr. Berry continues his vexatious and disruptive submissions. (*See* Exhibit 1 at 8:18-22.)

The arbitration is resuming on January 10, 2024. After the arbitration is complete, one party might petition this Court to affirm or vacate the award. Or maybe neither will, and the Court will never hear from these parties again. But there is nothing that this Court can do until the arbitration is concluded and a petition seeking to affirm or vacate an award is filed with the Court. Accordingly, Defendants request the Court to take the November 6, 2023, Status Conference off-calendar, and then wait to see what happens. This Court should not set any hearing – even a status conference – that gives Mr. Berry the opportunity to interfere with and disrupt the ongoing arbitration.

Dated: October 30, 2023                         Respectfully submitted,

WINSTON & STRAWN LLP

By:   /s/ *William H. Forman*
         William H. Forman

         *Attorneys for Defendant*
         DEFENDANT CHURCH OF SCIENTOLOGY
         INTERNATIONAL

| | | |
|---|---|---|
| 1 | Dated: October 30, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 4 | | By:  /s/ Matthew D. Hinks |
| 5 | | Matthew D. Hinks |
| 6 | | *Attorneys for Defendant*<br>DEFENDANT RELIGIOUS TECHNOLOGY CENTER |