# EXHIBIT B

WILLIAM H. FORMAN (State Bar No. 150477)
whforman@winston.com
MARGARET E. DAYTON (State Bar No. 274353)
pedayton@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant,
Church of Scientology International

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/04/2024 11:49 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VALERIE HANEY,<br><br>    Plaintiff,<br><br>v.<br><br>CHURCH OF SCIENTOLOGY INTERNATIONAL; RELIGIOUS TECHNOLOGY CENTER, and DAVID MISCAVIGE; and DOES 1-25,<br><br>    Defendants. | CASE NO. 19STCV21210<br>*Assigned to Hon. Gail Killefer*<br>*Dept. 37*<br><br>DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S STATUS CONFERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT THEREOF<br><br>Hearing Date:<br><br>Date:        June 5, 2024<br>Time:       8:30 a.m.<br>Dept:        37<br><br>Complaint Filed:    June 18, 2019 |

DEFENDANT CSI'S STATUS CONERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT THEREOF

1    When last before the Court, Defendants implored the Court not to set the matter for
2    another status conference, "as Plaintiff's counsel Graham Berry uses the occasion of status
3    conferences to clog the Court's docket with immaterial, untruthful, and harmful filings."
4    (Defendants October 30, 2023, Status Conference Statement, at 1:21.)

5    Here we are again. Graham Berry has again filed a "Post-Arbitration Status Report No. 2"
6    laden with hearsay and demonstrably false statements, designed to interfere with the in-progress,
7    court-ordered arbitration, and to intimidate and harass the arbitrators. Defendants are forced again
8    to spend the time and money on a rebuttal status report when 1) the Court didn't ask for a report
9    from anyone, and 2) there is now another mass of misinformation and dishonesty from Berry. And
10   this all for a status conference where the Court has no discretion to do anything. *Brock v. Kaiser*
11   *Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796.[1]

12   Moreover, Berry's "Status Report" fraudulently omits the fact he is the very reason for the
13   most recent delay in the arbitration proceeding. As detailed below, Plaintiff canceled the
14   arbitration meetings scheduled for May 20-24 at the eleventh hour because of her "attorney's
15   conflicting schedules." Berry is Plaintiff's attorney and is here in Los Angeles. He has given no
16   explanation of his "conflict," yet he is the reason why the agreed upon dates did not go forward.

17   This time, Berry requests the Court to set an end date for the arbitration – a request that the
18   Court has no power to grant (*Brock, supra*) and depends on a fabricated chronology of the
19   arbitration. As this is a status report, counsel provides below the actual status.

20   This is a religious arbitration in the hands of the arbitrators selected by the parties in
21   accordance with Scientology Ethics and Justice procedures. In accordance with those procedures,
22   attorneys may not participate in Scientology Religious Arbitration.[2]

---

[1] "Once a court grants the petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration. This vestigial jurisdiction over the action at law consists solely of making the determination, **upon conclusion of the arbitration proceedings**, of whether there was an award on the merits (in which case the action at law should be dismissed because of the res judicata effects of the arbitration award) . . . ." *Id*. (emphasis added).

[2] At the request of Plaintiff, her attorneys were provided with a room in the same building as

---

1
DEFENDANT CSI'S STATUS CONFERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT

Except as otherwise noted, the following chronology is based on counsel's review of correspondence between Plaintiff and Mike Ellis, the International Justice Chief ("IJC"), who pursuant to the terms of Plaintiff's agreements is her direct point of contact for the arbitration.

- At the last status conference on November 6, 2023, Defendants informed the Court that the arbitrators conducted three days of hearings on October 16-18, 2023, and that, with the consent of Plaintiff, the arbitration was to resume on January 10-12, 2024. Berry did not appear at the November status conference. (Declaration of William H. Forman ("Forman Dec."), para. 3.)

- On January 2, 2024, Plaintiff wrote to the IJC, "Dear Mike, A further session of the arbitration in my case was scheduled for January 10, 11, and 12, 2024, in Los Angeles, CA.  Due to unforeseen circumstances, it is no longer possible for me to attend the further session previously scheduled."  (Forman Dec., Ex. 1.) Plaintiff requested that the arbitration resume for February 19 through February 23, 2024, inclusive. (*Id.*)

- On January 9, 2024, the IJC responded that the arbitrators were available on February 20 and 21. The IJC further stated, "Your request to reschedule will result in a delay in concluding the arbitration you requested." (Forman Dec., Ex. 2.)

- The arbitration resumed on February 20-21, 2024. The correspondence makes clear that on February 21, Plaintiff agreed that the next meetings would be May 20-24, 2024; Plaintiff "explicitly confirmed her availability for those dates and wrote them down." (Forman Dec., Ex. 4 (May 13, 2024, letter from the IJC to Plaintiff, at 1).) The correspondence also notes that at the conclusion of the February meetings, the arbitrators stated that they "were hopeful [they] could complete all witnesses and evidence pertaining to the remaining claims during the May 20-24 arbitration meeting." (*Id.*)

- On May 8, 2024, Plaintiff wrote to the IJC that she would not appear at the

---

which the arbitration is held. Plaintiff is permitted to confer with her attorneys during breaks, and has done so.

2

DEFENDANT CSI'S STATUS CONFERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT THEREOF

meetings scheduled for May 20-24. She claimed that she had never received "written confirmation" of the dates – though not denying she agreed to the dates in the presence of the arbitrators – and that there was a conflict in her attorneys' schedule. (Forman Dec., Ex. 3 (May 8, 2024, letter from Plaintiff to IJC, at 1).) Plaintiff did not explain what this conflict was or when it arose.

- Faced with another last-minute cancellation from Plaintiff, the arbitrators (per the correspondence) noted that Plaintiff had previously confirmed the dates, and that this was not the first time Plaintiff had unilaterally cancelled the arbitration: "When Ms. Haney abruptly cancelled arbitration dates in January with only a few days' notice, we adjusted our calendars to accommodate new dates in February for Ms. Haney. We have now arranged our schedules for May 20-24 to facilitate completing the arbitration. Ms. Haney agreed to May 20-24." Nonetheless, the arbitrators offered to either keep the May 20-24 arbitration dates available to Plaintiff, or to "propose three different weeks to reschedule the continuance of the arbitration proceedings." (Forman Dec., Ex. 4 (May 13, 2024, letter from the IJC to Plaintiff), at 2.)

- On May 17, 2024, Plaintiff responded with dates that she would be available in July and August, including August 19-23. By letter of May 28, the IJC confirmed the August 19-23 dates for resumption of the arbitration, and related the following from the arbitrators: "This is the second time Ms. Haney has cancelled arbitration dates at the last minute. Ms. Haney notes she does not live in Los Angeles and must make travel arrangements. One of the arbitrators must do the same. As this arbitration is being held at Ms. Haney's request, consideration on her part of our time and schedules would be appreciated." (Forman Dec., Ex. 5, at 1.)

The arbitration should resume on August 19, **a date of Plaintiff's choosing**. Berry does not share much of this chronology, choosing to attach illegible copies of the IJC letters to his status report **to obscure the delay caused by Plaintiff.**

The chronology also shows the absurdity of the relief sought by Berry – that the Court set a

3
DEFENDANT CSI'S STATUS CONFERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT THEREOF

1  deadline for this religious arbitration. Aside from the Court lacking the jurisdiction to do so, or to
2  impose any relief if the "deadline" is not met, *the reason the arbitration is not completed is*
3  *because Plaintiff keeps cancelling meetings*. A "deadline" encourages more of this misbehavior.
4     This isn't just a matter of a misleading chronology by Berry. His account of the arbitration
5  – 100% hearsay as he did not attend – is one fabrication after another, designed to scuttle the
6  agreed-upon religious arbitration before it can be completed.   He is trying to interfere with the
7  arbitration by telling this Court his version of the arbitration to date, which is blatantly false.
8     To take up just three examples.
9  - The record shows that Plaintiff nominated two of the arbitrators. (Defendants'
10    10/30/23 Status Conference Statement, at 3:4-11.) But Berry complains that two of
11    the three arbitrators are also fact witnesses, *without mentioning these are Plaintiff's*
12    *hand-picked arbitrators and her witnesses.* (Plaintiff's 5/30/24 Status Conference
13    Statement, at 4:18-19.)
14  - Per the correspondence between the IJC and Plaintiff, all but one of the witnesses
15    interviewed during the five days of arbitration were on Plaintiff's witness list.
16    (Forman Dec., Ex. 4, at 1 (5/13/24 letter from IJC to Plaintiff).) Yet Berry *falsely*
17    claims that the arbitrators have interviewed ten witnesses of which Plaintiff has had
18    "zero" notice. (Plaintiff's 5/30/24 Status Conference Statement, at 6:12.).
19  - The correspondence shows that Plaintiff listed her entire Scientology Ethics folder
20    on her exhibit list. (Forman Dec., Ex. 4, at 1 (5/13/24 letter from IJC to Plaintiff.)
21    But Berry falsely claims Plaintiff was "forced" to go through "box after box" of her
22    Ethics folders. (Plaintiff's 5/30/24 Status Conference Statement, at 4.)
23     To recap, the uncontradicted correspondence shows: Plaintiff nominated two of the three
24  arbitrators; those same arbitrators were also on her witness list; the arbitrators have called
25  Plaintiff's witnesses; they have reviewed the documents on her exhibit list; Plaintiff has
26  unilaterally, on short notice, cancelled two separate weeks of arbitration without any justification,
27  and the arbitrators nonetheless accommodate her schedule. Berry's false, hearsay summary of the
28  undisputed record is an attempt to assault the independence of the arbitrators and undermine the

4

DEFENDANT CSI'S STATUS CONFERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT THEREOF

integrity of the court-ordered religious arbitration.

This is the point where lawyers usually say, "Enough is enough," but enough *was* enough well over a year ago when Defense said at another status conference:

> **MR. FORMAN**: YOUR HONOR, THINGS ARE VERY DIFFICULT WITH MR. BERRY. I REALLY TRY TO GET ALONG WITH MY OPPOSING COUNSEL, BUT THINGS ARE DIFFICULT.

(Forman Dec., Ex. 6, at 9:2-10 (Transcript of March 15, 2023, Hearing).)

Every status conference costs Defendants thousands in unnecessary legal fees just to rebut the volume of falsehoods Berry pours into the record with his unsolicited and unnecessary filings. The Court must stop this abuse by *not* setting a further status conference. The religious arbitration is resuming on August 19, 2024. After the arbitration is complete, one party might petition this Court to affirm or vacate the award. Or maybe neither will, and the Court will never hear from these parties again. But there is nothing that this Court can do until the arbitration is concluded and a petition seeking to affirm or vacate an award is filed with the Court. Setting a further status conference will lead to more pointless consumption of the Court's and the parties' resources.

If the Court is inclined to set a further status conference, Defendant CSI respectfully requests the Court order that the parties may NOT submit status reports in advance of the conference, and may NOT request "leave" to submit a report. Defendant CSI further requests that any party submitting such filings will be subject to sanctions in the amount of the opposing party's attorneys' fees incurred in responding to such unauthorized filings.

Dated: June 4, 2024                    Respectfully submitted,

WINSTON & STRAWN LLP

By:  */s/ William H. Forman*
     William H. Forman

*Attorneys for Defendant*
DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL

# PROOF OF SERVICE

## Superior Court of California, County of Los Angeles

### Case No. 19STCV21210

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On June 4, 2024, I served the following documents:

**DEFENDANT CHURCH OF SCIENTOLOGY INTERNATIONAL'S STATUS CONFERENCE STATEMENT; DECLARATION OF WILLIAM H. FORMAN IN SUPPORT THEREOF**

☒ by a court-approved electronic filing service provider, by electronically transmitting a true and correct copy of the above documents to the electronic filing service provider's system, which in turn electronically transmits the documents or sends electronic notice of service with hyperlinks to the documents via the electronic mail system to the recipients set forth below, pursuant to Code of Civil Procedure section 1010.6(d) and California Rule of Court Rule 2.253(b)(1)(A) or court order.

Graham E. Berry
**LAW OFFICE OF GRAHAM E. BERRY**
1935 N. Serrano Ave.
Los Angeles, CA 90027-1621
Telephone: (310) 745-3771
Email: grahamberryesq@gmail.com

Robert E. Mangels
Matthew D. Hinks
**JEFFER MANGELS BUTLER & MITCHELL LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567
Emails: rmangels@jmbm.com
mhinks@jmbm.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed: _____
Pamela Tanigawa

Dated: June 4, 2024

PROOF OF SERVCE