## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

     Plaintiffs,

v.                    Case No.: 8:22-cv-00986-TPB-JSS

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL, INC.;
RELIGIOUS TECHNOLOGY CENTER, INC.;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.;

     Defendants.

_____/

## DAVID MISCAVIGE'S JOINDER TO OPPOSITION
## TO MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 54(b)[1]

     Defendant Mr. David Miscavige joins Defendants Church of Scientology
International, Inc., Religious Technology Center, Inc., IAS Administrations, Inc.,
Church of Scientology Flag Service Organization, Inc., and Church of Scientology
Flag Ship Service Organization, Inc.'s Opposition to Plaintiffs' Motion for
Reconsideration Under Fed. R. Civ. P. 54(b) and writes separately to address
footnote one of Plaintiffs' motion, in which Plaintiffs incorrectly assert that the

_____

[1] In filing this Joinder to Opposition to Motion for Reconsideration, Mr. Miscavige
reserves all rights and defenses available to him, including, without limitation, all Rule
12(b) defenses, and does not waive any right or defense available to him.

Court's Order compelling arbitration does not apply to Mr. Miscavige and falsely suggest that Mr. Miscavige somehow contests the applicability of that Order to him.   Plaintiffs argue Mr. Miscavige cannot be covered by the Court's Order because it only narrowly addressed the moving Defendants and because Mr. Miscavige did not move to compel arbitration himself and (according to Plaintiffs) has taken the position that he is not covered by the Order.   Plaintiffs' arguments are false and frivolous.   Indeed, the fact that Plaintiffs chose to launch such frivolous and irrelevant attacks against Mr. Miscavige in connection with their Motion for Reconsideration only highlights the harassing and abusive purpose behind their lawsuit.

This Court expressly recognized that the arbitration agreements at issue in this case encompassed Mr. Miscavige, the sole individual Plaintiffs chose to name in this case, holding that: "the agreements reflect an intent to arbitrate disputes and claims against the Church and its related entities *and individuals*."  ECF 188 at 6 n.4 (emphasis added).  It further found that "[t]he agreements broadly cover 'any dispute, claim or controversy' between Plaintiffs and the Church of Scientology *and related individuals* and entities."  *Id*. at 5–6 (emphasis added).  As Mr. Miscavige is the only individual defendant, the Order plainly encompasses Mr. Miscavige, in its express terms and its reasoning.  That is confirmed by the Court's Order staying this proceeding *in its entirety* and closing the docket.

Plaintiffs seem to suggest that whatever the scope of the Court's Order, it cannot apply to Mr. Miscavige because he did not file a motion to compel himself. That assertion too is baseless.

First, Mr. Miscavige could not have joined in the motions to compel because they were briefed well before Mr. Miscavige was deemed served.  Indeed, they were briefed and argued before Plaintiffs even filed proof of service with the Secretary of State.[2]  More significantly, this Court issued its Order deeming Mr. Miscavige served moments before issuing an Order staying these proceedings, ordering Plaintiffs to arbitrate their claims against the entities and "related individuals," and administratively closing the case.  *See* ECFs 187 & 188.  In short, since this Court first ruled that Mr. Miscavige was a party to this case, he had neither the ability nor need to move to compel arbitration—it had already compelled arbitration, and this case was closed.  And as Mr. Miscavige was not a party to the briefing below, he likewise was not a party to the interlocutory appeal of that Order before the Eleventh Circuit.

Second, the suggestion that Mr. Miscavige has ever taken the position that the Order compelling arbitration does not apply to him is patently false.  Mr. Miscavige's counsel has repeatedly made clear to Plaintiffs that he believes the Order compelling arbitration applies to him, and that any position to the contrary is frivolous.  *See* Ex. 1 (J. Terry 5/22/24 email to Plaintiffs' Counsel).

---

[2] The Court ultimately deemed Mr. Miscavige served by service on the Secretary of State.

Third, contrary to Plaintiffs' argument and citations (none of which address the unique circumstances of this case), a court may *sua sponte* compel arbitration without a motion to compel, particularly when the party opposing arbitration has had the opportunity to brief the issue, as is the case here. *See, e.g.*, *Holmes v. Chesapeake Appalachia, LLC*, No. 5:11-cv-123, 2012 WL 3647674, at *12–13 (N.D.W.V. Aug. 23, 2012) (citing *Algodonera de las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345–46 (11th Cir. 2005)).

Finally, the procedure that Plaintiffs seem to demand—that Mr. Miscavige try to file a motion to compel arbitration in a closed matter, after this Court had already issued an opinion which covered him by its express reasoning—would have been a profound waste of the parties' and the Court's resources.

In light of the foregoing, Defendant Mr. David Miscavige joins in the Opposition to Plaintiffs' Motion for Reconsideration Under Fed. R. Civ. P. 54(b) and respectfully requests that the Court deny Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

Dated: July 9, 2024

/s/William J. Schifino, Jr.
William J. Schifino, Jr., Esq.
Florida Bar No. 564338
Justin P. Bennett, Esq.
Florida Bar No. 112833
GUNSTER, YOAKLEY & STEWART, P.A.
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
Telephone: (813) 228-9080
Facsimile: (813) 228-6739
Email- wschifino@gunster.com
Email- jbennett@gunster.com

Joseph M. Terry
Krystal C. Durham
Williams & Connolly LLP
680 Maine Street, S.W.
Washington, D.C. 20024
(202) 434-5000

*Attorneys for David Miscavige*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed on July 9, 2024, with the Clerk of Court via the Court's CM/ECF system which will send a notice of electronic filing and copy to all counsel of record.

_/s/ William J. Schifino, Jr._

William J. Schifino, Jr., Esq.