UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS, | : : : : | |
| Plaintiffs, | : : : | |
| v. | : : | Case No: 8:22-cv-986-TPB-JSS |
| DAVID MISCAVIGE, CHURCH OF SCIENTOLOGY INTERNATIONAL; RELIGIOUS TECHNOLOGY CENTER (RTC); INTERNATIONAL ASSOCIATION OF SCIENTOLOGISTS ADMINISTRATIONS (IASA); CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC. (FSO); and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC. (FSSO), | : : : : : : : : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO CLARIFY ORDER ON
MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE,
TO LIFT THE STAY AS TO DEFENDANT MISCAVIGE**

1. Plaintiffs GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS ("Plaintiffs"), by their undersigned counsel, move to clarify the Court's Order on Motions to Compel Arbitration and to Dismiss (Doc. 188) ("the Order") entered March 31, 2023, or in the alternative, to lift the stay as to Defendant Miscavige ("Miscavige") for the reasons that follow.

1

22287241.5

2.     Plaintiffs and Miscavige (together "the Parties") disagree as to whether the Order requires arbitration of Plaintiffs' claims against Miscavige. Plaintiffs assert that the Order did not compel arbitration of Plaintiffs' claims against Miscavige because Miscavige never moved to compel arbitration, and therefore the court lacked authority under the Federal Arbitration Act ("FAA") to order their claims against him to arbitration, and because Miscavige disclaimed application of the Order to him by asserting that he was not a party to the appeal from the Order in the Eleventh Circuit. *See* Exhibit A, Notice of Nonparticipation of David Miscavige in the appeal of the Order. Even though he never moved to arbitrate, Miscavige asserts that the Order does apply to him because it mentions in a footnote language in the arbitration agreements purporting to cover disputes with "entities and individuals" related to Scientology and because the Court stayed the entire action pending arbitration.

3.     Plaintiffs filed this action against Defendant Miscavige personally and entity Defendants Church of Scientology International; Religious Technology Center (RTC); International Association of Scientologists Administrations (IASA); Church of Scientology Flag Service Organization, Inc. (FSO); and Church of Scientology Flag Ship Service Organization, Inc. (FSSO)) ("Entity Defendants").

22287241.5

4.      While Miscavige was fighting service of process, Entity Defendants alone moved, over Plaintiffs' objections, to compel arbitration. After briefing and a hearing on the Entity Defendants' motions to compel arbitration, the Court granted the motions, stating: "The motions to compel arbitration (Docs. 84; 85; 87; 88; 89) are **GRANTED** to the extent the Court finds that Defendants may enforce the arbitration agreements in this case." (Doc. 188, p. 16).  The Court further ordered, "The case is **STAYED** pending the completion of arbitration. . . ."

5.      Separately, in its discussion of the merits of Plaintiffs' opposition to the Entity Defendants' motions to compel arbitration, in which Plaintiffs argued that the arbitration agreements at issue were signed by only one of the Entity Defendants and thus could not be enforced by the other, non-signatory Entity Defendants, the Court stated in a footnote, "Although Plaintiffs argue that the arbitration provision are not enforceable by third parties, the agreements reflect an intent to arbitrate disputes and claims against the Church and its related entities and individuals." *Id.* at 6, n. 4.

6.      Defendant Miscavige has stated: "As Mr. Miscavige is the only individual defendant, the Order [Doc. 188] plainly encompasses Mr. Miscavige, in its express terms and its reasoning. That is confirmed by the Court's Order staying this proceeding in its entirety and closing the docket."

3

David Miscavige's Joinder to Opposition to Motion for Reconsideration Under Fed. R. Civ. P. 54(b)(1), Doc. 198.

7. Plaintiffs now seek to move forward with their claims against Defendants, but it is not clear from the Order whether they are required to bring their claims against Miscavige in arbitration along with their claims against the Entity Defendants. If the Order does not compel the claims against Miscavige to arbitration, Plaintiffs wish to proceed with their claims against him in Court.

8. Plaintiffs respectfully ask the Court to rule whether the Order compels their claims against Miscavige to arbitration. If not, Plaintiffs move to lift the stay as to Miscavige only and request that the Court set a deadline for him to answer or otherwise respond to the Amended Complaint.

## Conclusion

WHEREFORE, Plaintiffs respectfully ask the Court to decide whether its Order (Doc. 188) granting Entity Defendants' motions to compel arbitration applies to Defendant Miscavige and, if not, to order that Defendant Miscavige answer or otherwise respond to the Amended Complaint within 20 days of the Court's order.

## Local Rule 3.01(g) Certification

In accordance with Local Rule 3.01(g), counsel for Plaintiffs have met and conferred in good faith telephonically and by email with counsel for Miscavige and have been unable to resolve this matter.

Dated:  October 2, 2024                                   Respectfully submitted,

| | |
|---|---|
| Joseph C. Kohn | /s/ Gregory P. Hansel |
| Zahra R. Dean | Gregory P. Hansel (Fla. Bar No. 607101) |
| Elias A. Kohn | Shana M. Solomon |
| KOHN, SWIFT & GRAF, P.C. | Elizabeth F. Quinby |
| 1600 Market Street, Suite 2500 | PRETI FLAHERTY BELIVEAU & |
| Philadelphia, PA 19103 | PACHIOS, CHARTERED, LLP |
| (215) 238-1700 | One City Center |
| jkohn@kohnswift.com | P.O. Box 9546 |
| zdean@kohnswift.com | Portland, ME 04112-9546 |
| ekohn@kohnswift.com | (207) 791-3000 |
| | ghansel@preti.com |
| | ssolomon@preti.com |
| | equinby@preti.com |

Theodore Leopold (Fla. Bar No. 705608)
Manuel J. Dominguez (Fla. Bar No. 0054798)
COHEN MILSTEIN SELLERS
 & TOLL PLLC
11780 U.S. Highway One
Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstien.com
jdominguez@cohenmilstein.com

Agnieszka M. Fryszman (#459208)
Brendan Schneiderman (#1780968)
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave.,N.W., Fifth Floor
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com
bschneiderman@cohenmilstein.com

Shelby Leighton
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
sleighton@publicjustice.net

Warren A. Zimmerman (Fla. Bar No. 652040)
WARREN A. ZIMMERMAN, P.A.
4114 Sparrow Ct
Lutz, FL  33558-2727
(813) 230-1465

6

22287241.5