**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS, | : : : : |
|  | : CIVIL ACTION |
| *Plaintiffs,* | : : |
|  | : NO. 8:22-cv-00986 |
| *v.* | : : |
| DAVID MISCAVIGE; CHURCH OF SCIENTOLOGY INTERNATIONAL, INC.; RELIGIOUS TECHNOLOGY CENTER, INC.; IAS ADMINISTRATIONS, INC.; CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.; and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC., | : : : : : : : : : : |
| *Defendants.* | : : |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 1.11, Plaintiffs Gawain Baxter, Laura Baxter, and Valeska Paris, by and through undersigned counsel, respectfully request that this Court grant leave to provisionally file under seal Plaintiffs' Motion for Reconsideration and exhibits attached thereto. In support of this Motion, Plaintiffs state as follows:

1

1.      Plaintiffs participated in a Scientology arbitration commencing January 19, 2026.

2.      At the beginning of the arbitration, the arbitration panel presented Plaintiffs with a confidentiality agreement. Plaintiffs were told they could not proceed with the arbitration without signing the confidentiality agreement. Plaintiffs were not allowed to take copies of the confidentiality agreement outside the arbitration room, nor allow their counsel inside the room to review it, but Plaintiffs' notes indicate that the confidentiality agreement provided as follows:

> I acknowledge that this religious arbitration is a confidential proceeding. None of those involved should be communicating to anyone other than their attorneys about the proceedings. This includes all documents, unless it is otherwise a public document, witness testimony, testimony of the parties, and statements of the arbitrators. Once a decision has been made, the proceedings themselves are still confidential. None of those involved, parties, witnesses, arbitrators, may make the arbitration public in any way or discuss with the media or release any findings to the public or the media before, during, or after the proceedings.

3.      Plaintiffs agreed to sign this confidentiality agreement only because the arbitrators told them it was necessary in order to proceed with the arbitration.

4.      Plaintiffs added the following language to the confidentiality agreement before signing:

> I am signing only because the arbitrators have ruled that we cannot go forward with the arbitration without signing. We have an amendment to the confidentiality agreement that we intend to file information about the arbitration in court. The court has retained jurisdiction over this case.

5.      During the parties' meet and confer regarding the Motion for Reconsideration, Plaintiffs also raised the sealing issue and attempted in good faith to reach agreement on this motion to seal under Local Rule 3.01(g).  Plaintiffs expressed their concerns that they not violate the confidentiality agreement.  Both sets of parties are aware that the Courts are generally open to the public and that sealing is disfavored.  But Plaintiffs' hands are tied by the confidentiality agreement. Defendants did not offer to waive their rights under or release Plaintiffs from any obligations under the confidentiality agreement.  For this reason, Plaintiffs file this motion to seal.  Plaintiffs have informed Defendants that, if they are willing to stipulate that the provisional seal be lifted, Plaintiffs are open to such a stipulation. Any right to enforce the confidentiality agreement belongs to Defendants and is not Plaintiffs' right to waive.

6.      Pursuant to Local Rule 1.11(b)(2), in addition to the motion itself, the items Plaintiffs request be sealed include:

    a.  Exhibit 1 (Declaration of Dennis R. Nolan)

    b.  Exhibit 2 (November 15, 2024 letter)

    c.  Exhibit 3 (March 4, 2025 letter)

    d.  Exhibit 4 (April 1, 2025 letter)

    e.  Exhibit 5 (May 29, 2025 letter)

    f.  Exhibit 6 (July 12, 2025 letter)

g.  Exhibit 7 (October 10, 2025 letter)

h.  Exhibit 8 (January 2, 2026 letter)

i.  Exhibit 9 (November 30, 2024 letter)

j.  Exhibit 10 (Declaration of Laura Baxter)

k.  Exhibit 11 (January 19, 2026 transcript)

l.  Exhibit 12 (August 23, 2024 letter)

m. Exhibit 13 (Declaration of Valeska Paris)

n.  Exhibit 14 (February 2, 2025 letter)

o.  Exhibit 15 (November 18, 2025 letter)

p.  Exhibit 16 (October 21, 2024 letter)

q.  Exhibit 17 (April 4, 2025 letter)

r.  Exhibit 18 (December 15, 2025 letter)

s.  Exhibit 19 (Declaration of Gawain Baxter)

t.  Exhibit 20 (Declaration of Dr. Chitra Raghavan)

u.  Exhibit 21 (Declaration of Catherine Fraser in Support of Motion to Compel Religious Arbitration)

v.  Exhibit 22 (July 29, 2025 letter)

w. Exhibit 23 (February 10, 2026 letter)

7.    In an abundance of caution, Plaintiffs file this Motion for Leave to File Under Seal their motion and attached exhibits, but take the position that the materials herein are not properly subject to sealing.

Dated: March 24, 2026

Respectfully submitted,

*/s/* Gregory P. Hansel
Gregory P. Hansel
(Fla. Bar No. 607101)
Shana M. Solomon
Elizabeth F. Quinby
**PRETI FLAHERTY BELIVEAU & PACHIOS, LLP**
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com

Shelby Leighton
**PUBLIC JUSTICE**
1620 L St. NW, Suite 630
Washington, DC 20036
(202) 797-8600
sleighton@publicjustice.net

Manuel J. Dominguez
(Fla. Bar No. 0054798)
Theodore Leopold
(Fla. Bar No. 705608)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One,
Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400

5

tleopold@cohenmilstien.com
jdominguez@cohenmilstein.com

Agnieszka M. Fryszman
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
1100 New York Ave., N.W.,
Suite 800
Washington, DC 20005
(202) 408-4600
afryszman@cohenmilstein.com

Brendan Schneiderman
**COHEN MILSTEIN SELLERS & TOLL**
**PLLC**
88 Pine St., 14th Floor
New York, NY 10005
(212) 838-7797
bschneiderman@cohenmilstein.com

Joseph C. Kohn
Zahra R. Dean
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 238-1700
jkohn@kohnswift.com
nglazer@kohnswift.com
zdean@kohnswift.com
ekohn@kohnswift.com

Warren A. Zimmerman
(Fla. Bar No. 652040)
**WARREN A. ZIMMERMAN, P.A.**
4114 Sparrow Ct
Lutz, FL 33558-2727
(813) 230-1465
warren@wzimmermanlaw.com

6

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), counsel for Plaintiffs contacted counsel for Defendants and met virtually to discuss the motion on March 12, 2026 and again telephonically on March 20, 2026 and also exchanged emails and correspondence. The parties were unable to agree on the resolution of the motion. Counsel for Defendants oppose the filing of the motion and the relief sought.

## CERTIFICATE OF SERVICE

I hereby certified that a true copy of the foregoing was served via email on the ECF service list in this action this 24th day of March, 2026.

Respectfully submitted,

/s/ Gregory P. Hansel
Gregory P. Hansel

7