# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

        Plaintiffs,

v.

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL;
RELIGIOUS TECHNOLOGY
CENTER; IAS ADMINISTRATIONS,
INC.; CHURCH OF SCIENTOLOGY
FLAG SERVICE ORGANIZATION,
INC.; and CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

        Defendants.

/

Case No. 8:22-cv-00986-TPB-SPF

## DEFENDANTS CHURCH OF SCIENTOLOGY INTERNATIONAL AND CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.'S COMBINED: (I) MOTION TO SEAL CERTAIN PORTIONS OF THE PARTIES' FILINGS; AND (II) RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Defendants Church of Scientology International ("CSI") and Church of Scientology Flag Service Organization ("FSO"), pursuant to Local Rules 1.11(b) and 1.11(c), respectfully submit this combined: (i) Motion for Leave to File Certain Portions of the Parties' Filings Under Seal; and (ii) Response to Plaintiffs' Motion for Leave to File Under Seal [Dkt. 209] ("Plaintiffs' Motion to Seal").[1]

---

[1] All emphasis in this Response is added and internal citations and quotations are omitted unless otherwise noted.

1

**PRELIMINARY STATEMENT**

As explained below, the Court need not consider any confidential information whatsoever in resolving Plaintiffs' Motion for Reconsideration Under Fed. R. Civ. P. 54(b) [Dkt. 209-1] ("Plaintiffs' Second Reconsideration Motion") because, as a matter of law, the Federal Arbitration Act ("FAA") bars interlocutory judicial review of an ongoing arbitration. For that reason, Plaintiffs' Motion to Seal—which seeks a blanket seal of Plaintiffs' Second Reconsideration Motion and its twenty-three exhibits—should be denied as moot. Accordingly, the Court should direct the Clerk of Court to strike and expunge from the record Plaintiffs' unredacted Second Reconsideration Motion and all exhibits thereto [Dkts. 209-1 through 209-24, inclusive].

However, in the event the Court elects to consider the parties' substantive submissions in their entirety, CSI and FSO respectfully move for leave to file under seal certain narrowly defined portions of both parties' filings that reflect confidential information concerning the religious arbitration proceedings at issue, with corresponding redacted versions to be filed publicly. This approach, rather than the blanket seal Plaintiffs seek, strikes the appropriate balance between the public's right of access to judicial records and the parties' agreed obligation to preserve the confidentiality of the ongoing confidential religious arbitration proceedings.

I.      **BACKGROUND**

This action involves a dispute between the defendant religious organizations and the plaintiff former members of the religion's clergy. As a condition of their religious service and participation in Scientology, Plaintiffs executed multiple

2

agreements—including both Enrollment and Departure Agreements signed after the purported conduct they now complain of—requiring them to resolve "any dispute, claim or controversy" with Scientology entities "solely and exclusively through Scientology's Internal Ethics, Justice and binding religious arbitration procedures." Dkt. 188 at 5–6. In executing the agreements, the parties also undertook confidentiality obligations in connection with their broader relationship with the Scientology religion, including in the Staff Departure Release Agreements executed by Plaintiffs Gawain Baxter and Laura Baxter and the Agreement and General Release executed by Plaintiff Valeska Paris. *See* Declaration of Kenneth Weber ("Weber Decl.") [Dkt. 84-2] Exs. E, F, H. These obligations remain in place today.

On March 31, 2023, this Court applied the FAA and referred all issues raised in this matter for resolution through confidential binding religious arbitration, as provided in the parties' written agreements. *See* Order on Motions to Compel Arbitration and to Dismiss [Dkt. 188] (the "Arbitration Order"). Just before the commencement of the arbitration, all parties—including Plaintiffs—signed another confidentiality agreement under which they acknowledged that "this religious arbitration is a confidential proceeding," that "[n]one of those involved should be communicating to anyone other than their attorneys about the proceedings," and that "[n]one of those involved, parties, witnesses, arbitrators, may make the arbitration public in any way or discuss with the media or release any findings to the public or the media before, during, or after the proceedings." *See* Pls.' Motion to Seal, p. 2, ¶ 2. The

arbitration remains pending and incomplete because Plaintiffs abandoned the proceedings and have not provided any information regarding their potential return.

Rather than conclude the arbitration so that the arbitrators could reach a decision on the merits and issue an award, Plaintiffs filed their Second Reconsideration Motion asking the Court to intervene in an ongoing religious arbitration. *See* Pls.' Second Reconsideration Motion [Dkt. 209-1]. Such interlocutory court intervention is barred by the FAA. *See* Defendants' Response to Plaintiffs' Second Reconsideration Motion, filed contemporaneously herewith as Exhibit 8-A. In connection with the Second Reconsideration Motion, Plaintiffs filed twenty-three exhibits, including declarations purporting to recount what allegedly occurred during the ongoing confidential religious arbitration.

In connection with those filings, Plaintiffs filed a Motion to Seal, seeking leave to file the Second Reconsideration Motion and all twenty-three exhibits thereto in their entirety under seal pursuant to Local Rule 1.11. As detailed herein, while Defendants do not believe a blanket seal is appropriate, certain ***portions*** of Plaintiffs' filings reflect confidential information protected by the parties' confidentiality agreements and the confidential nature of the religious arbitration. In response to the Second Reconsideration Motion, Defendants have submitted a brief and exhibits that also contain confidential information. As a result, Defendants have filed this Motion for Leave to file certain ***portions*** of their filings under seal.

4

## II.   ARGUMENT

### A. The Court Need Not Consider Any Confidential Information, and Plaintiffs' Motion to Seal Should Be Denied and Its Exhibits Stricken and Expunged.

The Court should strike and expunge Plaintiffs' filing from the record because confidential information is not necessary for the Court to rule on the Second Reconsideration Motion. Local Rule 1.11(b)(3)(A) requires that a motion to seal "establish . . . that filing the item is necessary." Accordingly, courts reject unnecessary filings. *See, e.g.*, *Ironworkers Local Union No. 68 v. AstraZeneca Pharm. LP*, 585 F. Supp. 2d 1339, 1341 n.1 (M.D. Fla. 2008) (noting magistrate had denied plaintiff's motion to file a document under seal in opposition to defendant's motion to dismiss because the document was not necessary to a determination on the merits of the dismissal motion); *Vampire Family Brands, LLC v. Dracula's Legacy, LLC*, 805 F. Supp. 3d 1214, 1222 n.6 (M.D. Fla. 2025) (Barber, J.) (noting the Court previously had denied a party's motion to seal an entire deposition transcript and instructed the party to re-file only such portions as were relevant to the issues to be decided).

Plaintiffs' Motion to Seal cannot make that showing because, as a matter of well-settled law, the Court has no authority to grant the relief Plaintiffs seek in their Second Reconsideration Motion at this stage of the proceedings, and therefore there is no need to consider any of the confidential information Plaintiffs propose to file. *See* Redacted Defs.' Response in Opp. to Pls.' Second Reconsideration Motion, attached as Ex. 8-B, at 6-9 (setting forth authority establishing that trial courts are "without jurisdiction" to review ongoing arbitration proceedings and arbitrators' interim

decisions—including for the purpose of ruling on a claimant's objection that the arbitration process is insufficient to permit "effective vindication" of its federal statutory rights—and that any such challenges must await a final award).

Accordingly, Plaintiffs' Motion to Seal fails Local Rule 1.11(b)(3)'s threshold requirement that the proposed filings be "necessary" to the Court's decision on the underlying substantive motion.   Therefore, the Court should deny Plaintiffs' Motion to Seal, direct the Clerk of Court to strike and expunge from the record all materials Plaintiffs attached as exhibits thereto, and consider only the redacted versions of Plaintiffs' Second Reconsideration Motion.

### B. If the Court Considers the Parties' Submissions, Only Certain Narrowly Defined Portions Warrant Sealing.

Certain portions of both parties' submissions reflect confidential information concerning the ongoing religious arbitration proceeding and are protected by both the parties' confidentiality agreements and the confidential nature of the religious arbitration itself.[2] Accordingly, in the event the Court determines that it will consider all of the parties' submissions in resolving Plaintiffs' Second Reconsideration Motion, Defendants seek leave to file under seal the specific, narrowly defined portions of both parties' filings identified herein, leaving available for public view redacted versions of

---

[2] Plaintiffs' submission, which contained confidential information, necessitated a responsive filing by Defendants that likewise includes confidential information. Had Plaintiffs not introduced confidential material into the record, Defendants would have had no occasion to file anything requiring redaction or limited sealing.

those filings as well as unsealed versions of all materials that do not contain confidential information.

### i. Good Cause Exists to Seal the Confidential Portions of the Parties' Filings.

Good cause exists to seal the portions of the parties' filings reflecting confidential information. While there is a "common law right to inspect and copy judicial records and public documents" (*In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)), litigants "may overcome" that right if they are "able to show good cause exists." *MEDAI, Inc. v. Quantros, Inc.*, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012); *see Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In making this determination, "courts have found that … the terms of confidentiality agreements often outweigh the public right of access" and "the Eleventh Circuit has recognized that 'a party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.'" *MEDAI*, 2012 WL 2512007, at *2, quoting *Romero*, 480 F.3d at 1246; *see Mayer v. Holiday Inn Club Vacations Inc.,* 2022 WL 22868459, at *1 (M.D. Fla. Feb. 25, 2022) (granting motion to seal where "the documents pertain to confidential, internal, proprietary policies and procedures maintained by Defendant, as well as a private contractual agreement entered into between [the parties]"). Here, good cause exists for limited, partial sealing.

*First,* all parties—including Plaintiffs—agreed in writing that the religious arbitration proceedings at issue are confidential and must be maintained as such before, during, and after the proceedings. Courts "tend to honor parties' decisions to

7

enter into confidential arbitration; thus, they keep those proceedings, including awards, confidential, particularly because: (1) parties often enter into them to maintain confidentiality; and (2) it promotes the voluntary execution of private arbitration agreements–a sound public policy objective." *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817, *2 (M.D. Fla. Oct. 8, 2015) (granting motion to seal arbitration-related filings and collecting cases); *see ITT Indus. v. Rayonier, Inc.*, 2005 WL 1744988, *2 n.4 (S.D.N.Y. July 20, 2005) (noting that the court ordered arbitration-related filings sealed because "[o]ne of the principal reasons people agree to arbitrate rather than litigate, is to maintain confidentiality"); *see also Maoying Song v. Defendant 1*, 2024 WL 5186881, at *1 (M.D. Fla. Dec. 20, 2024) (granting motion to seal "based on the confidentiality stipulation between" the parties); *Harvey-Valdes v. Home Depot U.S.A., Inc.*, 2024 WL 730477, at *1 (M.D. Fla. Feb. 22, 2024) (granting motion to "file material under seal pursuant to the parties' confidentiality stipulation").

*Second*, where, as here, the parties' dispute is "not related to 'public officials or public concerns,'" the public interest in accessing the court document is lessened. *MEDAI*, 2012 WL 2512007, at *2, quoting *Romero*, 480 F.3d at 1246.  There is nothing public about the dispute between two former clergy members and the religious institutions they used to work for.  Moreover, the arbitration hearing at issue is not a commercial dispute resolution mechanism; it is a religious process governed by Scientology's religious arbitration procedures. The confidentiality of the proceedings is not merely a contractual convenience; it is an integral aspect of the religious process itself. There is nothing about these private religious arbitration proceedings that is

8

related to "public officials or public concerns." *See Aerosonic LLC v. Joby Aero, Inc.*, 2025 WL 3442786, at *1 (M.D. Fla. Dec. 1, 2025) (granting motion to seal where information was "not of public concern"). The religious nature of the proceedings is an independent and compelling basis supporting the protection of confidential information.

*Finally*, the confidential religious arbitration remains pending and incomplete. Additional witnesses have yet to testify, and the arbitrators have not yet reached a decision on the merits or issued an award. The arbitration has been interrupted by Plaintiffs' unilateral refusal to participate, but it has not concluded. Permitting confidential arbitration information to be placed in the public record at this interim stage would undermine the integrity of ongoing proceedings that the Court itself ordered, prejudice the parties' ability to complete those proceedings, and contravene the public policy in favor of arbitration. *See Mayer,* 2022 WL 22868459, at *1 (M.D. Fla. Feb. 25, 2022) (granting motion to seal where "the documents pertain to confidential, internal, proprietary policies and procedures maintained by Defendant").

### ii. The Specifically Identified Portions of the Parties' Filings Should be Sealed.

Defendants do not seek a blanket seal. They seek protection only for those discrete portions of the parties' filings that actually reflect the substance of the evidence and testimony submitted in the course of the confidential religious arbitration proceedings. Specifically, CSI and FSO seek leave to file under seal those documents filed by Plaintiffs that are listed in the attached Schedule A-I, with the sealed versions

9

identified as Exhibit #-A and the corresponding redacted versions to be made available for public view identified as Exhibit #-B.  All remaining materials filed by Plaintiffs, including the pre-arbitration secular correspondence and the publicly filed California declaration (Dkt. 209-3 through 209-10, 209-13, 209-15 through 209-19, and 209-22 through 209-24 (Exhibits 2-9, 12, 14-18, and 21-23 to Plaintiffs' Second Reconsideration Motion)), would be unsealed and made available in the public record.

Similarly, CSI and FSO seek leave to file under seal certain portions of Defendants' Response in Opposition to Plaintiffs' Second Motion for Reconsideration and of the Declaration of Peter Mansell submitted in support thereof, as listed in Schedule A-II, with the versions to remain sealed identified as Exhibits 8-A and 9-A and the corresponding redacted versions to be made available for public view identified as Exhibits 8-B and 9-B.

This approach strikes the appropriate balance between the public's right of access to judicial records and the parties' interest in maintaining the confidentiality of a private religious arbitration, which all parties agreed would be confidential. *See Barkley*, 2015 WL 5915817, at *2 ("conducting the balancing test between the public's right of access and the parties' interest in keeping information confidential" and determining that documents revealing "confidential arbitration proceedings" should be sealed because, inter alia, "it promotes the voluntary execution of private arbitration agreements–a sound public policy objective") (collecting cases).

Defendants have complied with the procedural requirements of Local Rule 1.11. They have furnished both unredacted versions (to be maintained under seal for

the Court's review, to the extent necessary) and redacted versions (to be unsealed and made available for public view) of all documents at issue. Defendants have further demonstrated that good cause exists for the limited, partial sealing they request. Accordingly, the Court should grant Defendants leave to file the identified portions under seal.

## CONCLUSION

Defendants CSI and FSO respectfully request that the Court strike Plaintiffs' filings as unnecessary to its resolution of the Second Reconsideration Motion and/or grant Defendants' leave for partial sealing.

/s/ Jeffrey L. Steinfeld
Jeffrey L. Steinfeld
*Pro Hac Vice*
California Bar No. 294848
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
Telephone: (213) 620-7700
Facsimile: (213) 452-2329
Jeff.Steinfeld@whitecase.com

W. Dylan Fay
Florida Bar No. 125673
WHITE & CASE LLP
Southeast Financial Center
200 S Biscayne Blvd, Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Dylan.Fay@whitecase.com

*Attorneys for Defendant*
*Church of Scientology International*

/s/ Charles M. Harris Jr.
CHARLES M. HARRIS, FBN 967459
charris@trenam.com | lmclaughlin@trenam.com
BRIGID A. MERENDA, FBN 320500
bmerenda@trenam.com | ranctil@trenam.com
101 E. Kennedy Blvd., Suite 2700
Tampa, FL 33602
Telephone: (813) 223-7474
Facsimile: (813) 229-6553

*Attorneys for Defendant*
*Church of Scientology Flag Service Organization, Inc.*

11

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel certifies that he conferred by telephone with counsel for Plaintiffs regarding the relief requested in this motion but the parties were unable to agree on the resolution of all or part of the motion. In our conference, Plaintiffs' counsel stated that they opposed the relief sought to the extent it requested that the Court issue a ruling on Plaintiffs' motion for reconsideration as a matter of law without considering any confidential material, but would neither support nor oppose the motion's request for limiting sealing.  Thereafter, Plaintiffs requested that I inform the Court that "Plaintiffs maintain the position stated in their motion to file provisionally under seal, namely that the materials herein are not properly subject to sealing."

*/s/ Charles M. Harris Jr.*
Charles M. Harris, Jr.

12

## SCHEDULE A
## TO DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

I.  Plaintiffs' Second Reconsideration Motion and Certain Exhibits Thereto

Ex. 1-A      Unredacted Version of Plaintiffs' Second Reconsideration Motion
Ex. 1-B      Redacted Version of Plaintiffs' Second Reconsideration Motion

Ex. 2-A      Unredacted Version of Ex. 1 to Plaintiffs' Second Reconsideration Motion
Ex. 2-B      Redacted Version of Ex. 1 to Plaintiffs' Second Reconsideration Motion

Ex. 3-A      Unredacted Version of Ex. 10 to Plaintiffs' Second Reconsideration Motion
Ex. 3-B      Redacted Version of Ex. 10 to Plaintiffs' Second Reconsideration Motion

Ex. 4-A      Unredacted Version of Ex. 11 to Plaintiffs' Second Reconsideration Motion
Ex. 4-B      Redacted Version of Ex. 11 to Plaintiffs' Second Reconsideration Motion

Ex. 5-A      Unredacted Version of Ex. 13 to Plaintiffs' Second Reconsideration Motion
Ex. 5-B      Redacted Version of Ex. 13 to Plaintiffs' Second Reconsideration Motion

Ex. 6-A      Unredacted Version of Ex. 19 to Plaintiffs' Second Reconsideration Motion
Ex. 6-B      Redacted Version of Ex. 19 Plaintiffs' Second Reconsideration Motion

Ex. 7-A      Unredacted Version of Ex. 20 to Plaintiffs' Second Reconsideration Motion
Ex. 7-B      Redacted Version of Ex. 20 to Plaintiffs' Second Reconsideration Motion

II.  Defendants' Response in Opposition to Reconsideration and Mansell Declaration

Ex. 8-A      Unredacted Version of Defendants' Response in Opposition to Plaintiffs' Second Reconsideration Motion
Ex. 8-B      Redacted Version of Defendants' Response in Opposition to Plaintiffs' Second Reconsideration Motion

Ex. 9-A      Unredacted Version of Declaration of Peter Mansell in Support of Defendants' Response in Opposition to Plaintiffs' Second Reconsideration Motion
Ex. 9-B      Redacted Version of Declaration of Peter Mansell in Support of Defendants' Response in Opposition to Plaintiffs' Second Reconsideration Motion

**CERTIFICATE OF SERVICE**

I certify that on April 7, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a true and correct copy of the foregoing, without exhibits, to all counsel of record, and served via email an electronic copy of the foregoing, with its exhibits, and a copy of the Notice of Electronic Filing of same, to all email addresses listed in the CM/ECF service list.

*/s/Charles M. Harris Jr.*
Attorney