GAWAIN BAXTER, LAURA BAXTER
and VALESKA PARIS,

     Plaintiffs,

v.

                            Case No. 8:22-cv-00986-TPB-SPF

DAVID MISCAVIGE; CHURCH OF
SCIENTOLOGY INTERNATIONAL;
RELIGIOUS TECHNOLOGY CENTER;
IAS ADMINISTRATIONS, INC.; CHURCH
OF SCIENTOLOGY FLAG SERVICE
ORGANIZATION, INC.; and CHURCH OF
SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION, INC.,

     Defendants.

_____/

**DEFENDANT CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE
ORGANIZATION'S NOTICE OF ADOPTION AND JOINDER IN CHURCH
OF SCIENTOLOGY INTERNATIONAL AND CHURCH OF SCIENTOLOGY
FLAG SERVICE ORGANIZATION'S RESPONSE TO
PLAINTIFFS' SECOND MOTION FOR RECONSIDERATION AND
OBJECTION TO DECLARATION OF DENNIS R. NOLAN [DKT. 209-2]**

     Defendant Church of Scientology Flag Ship Service Organization, Inc. adopts

and joins in Defendants Church of Scientology International's and Church of

Scientology Flag Service Organization's Response ("Response") (Dkt. 213) to

Plaintiffs' Second Motion for Reconsideration (Dkt. 209) as to this Court's March 31,

2023, Order Compelling Arbitration (Dkt. 188).

FSSO writes separately for the limited purpose of objecting to—and requesting that the Court strike or otherwise disregard—the improper, unsworn "declaration" of Dennis R. Nolan (Dkt. No. 209-2) (the "Nolan Declaration").

**ARGUMENT**

**FSSO Objects to and Requests to Strike the Unsworn "Declaration" of Dennis R. Nolan as Improper, Unreliable, and Inadmissible.**

The Court should disregard the purported unsworn Nolan Declaration (Dkt. No. 209-2) submitted with Plaintiffs' Motion for Reconsideration for several reasons: (i) Plaintiffs have made no attempt to qualify Nolan as an expert under Fed. R. Evid. 702; (ii) the Nolan Declaration improperly opines on a purely legal question and ultimate issue reserved to the Court and thus cannot assist in deciding Plaintiffs' Motion for Reconsideration; and (iii) the Nolan Declaration lacks any foundational reliability and is inadmissible under the Federal Rules of Evidence.

a. <u>Plaintiffs have made no attempt to qualify Nolan as an expert, nor can they.</u>

As a threshold matter, the Court should disregard the Nolan Declaration because Plaintiffs have not even attempted to qualify Nolan as an expert—nor could they. Nolan lacks even baseline expertise to opine on religious arbitration in the first instance. *See* Fed. R. Evid. 702(a) (requiring that an "expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"). Plaintiffs offer no explanation, analysis, or evidentiary support demonstrating how Nolan's background satisfies Rule 702's threshold requirements, including relevance or specialized knowledge. *United States v. Frazier*,

2

387 F.3d 1244, 1261 (11th Cir. 2004) ("The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'") (citation omitted); *Chapman v. Procter & Gamble Distrib., LLC*, 766 F.3d 1296, 1315 (11th Cir. 2014) (finding testimony inadmissible where proposed expert lacked the requisite expertise concerning the precise issue presented).

While Nolan purports to have experience with *secular* arbitration, any such experience does not extend to, and does not qualify him to opine on, *religious* arbitration. *See generally* Dkt. No. 209-2 (Nolan Decl. and Curriculum Vitae). Indeed, the word "religious" does not appear anywhere in Nolan's seventeen-page submission, and his declaration never identifies any training, scholarship, or professional experience concerning religious arbitration. Instead, Nolan evaluates the challenged arbitration process by reference to generalized norms derived from secular arbitration systems, without explaining *why* those standards apply to a religious arbitration framework or *how* the Scientology process meaningfully differs from other religious arbitration systems. *Id.* Nor does Nolan claim to have any familiarity with—much less any experience in—Scientology's internal Ethics, Justice, and binding religious arbitration procedures that govern the pending arbitration at issue here. *Id.*

Accordingly, because Nolan lacks any "scientific, technical, or other specialized knowledge" relevant to religious arbitration or to the specific arbitration framework at issue, his opinions are incapable of assisting the Court. *See* Fed. R. Evid. 702(a). The

unsworn Nolan Declaration therefore fails at this threshold of admissibility and must be rejected on this basis alone.[1]

    b. <u>The Court should reject the Nolan Declaration because it opines on an ultimate legal issue.</u>

The Court should disregard Nolan's "Declaration" for the additional reason that it consists almost entirely of legal conclusions asserting that the challenged proceeding does not constitute "arbitration" within the meaning of the FAA. The ultimate issue of whether a particular dispute-resolution process qualifies as arbitration is a legal question reserved to the Court, and it is well established that such legal determinations "are not subject to expert testimony." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1128–29 (11th Cir. 2018). Consistent with this principle, an expert may not "testify to the legal implications of conduct" *Dudash v. S.-Owners Ins. Co.*, No. 8:16–cv–290–T–27AEP, 2017 WL 1969671, at *2 (M.D. Fla. May 12, 2017), and may certainly not "tell the [factfinder] what result to reach" *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (holding the district court abused its discretion in allowing "expert" testimony that "was a legal conclusion and therefore should not have been admitted."). Yet the Nolan Declaration does precisely that.

Here, the Nolan Declaration sets forth a series of purported legal propositions and then concludes that the "Scientology system" is "inconsistent with the basic

---

[1] Notably, Nolan does not even purport to be a neutral expert. He states that his motivation was to "depriv[e] unfair and unethical systems of judicial backing" (Nolan Decl. ¶ 4), language that reveals a predetermined conclusion rather than an objective expert assessment and provides an independent basis to disregard the declaration entirely.

principles of arbitration." Nolan Decl. ¶ 8. Relying exclusively on Plaintiffs' self-serving statements about what occurred during the arbitration—which Nolan did not witness—he further concludes that the procedures fall "well short of the procedural minimums required for an arbitration system" under the FAA. *Id.* ¶¶ 9–10. These assertions do not reflect factual opinions grounded in specialized expertise. Instead, they amount to legal conclusions purportedly offered to guide the Court's interpretation and application of the FAA. Courts routinely reject such submissions because they function as improper "argument brief" to supplement a motion, rather than admissible evidence. *Griffin v. City of Clanton*, Ala., 932 F. Supp. 1357, 1359 (M.D. Ala. 1996) (striking expert affidavit that does not comply with the Federal Rules of Civil Procedure).

Nolan likewise offers legal conclusions concerning the supposed lack of "neutrality" of the arbitration panel. *See* Nolan Decl. ¶ 12. His opinion that the alleged partiality of the arbitration panel nullifies the proceedings is another impermissible attempt to substitute his own legal judgment for that of the Court. Notably, this conclusion is also contrary to settled precedent recognizing that arbitrator neutrality is defined by the parties' agreement and is thus wrong as a matter of law—underscoring precisely why experts are not to testify to legal issues. *See Garcia v. Church of Scientology Flag Service Organization*, No. 18-13452, 2021 WL 5074465, at *12 (11th Cir. Nov. 2, 2021) ("no problem with the predispos[ition] of the arbitrators" because Plaintiffs "agreed that their 'specific intention' was that 'all . . . arbitrators be Scientologists in good standing'" and a "Scientologist in good standing would naturally be expected to

have bias (or even a great deal of bias) in favor of the church"); *NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 548 (2d Cir. 2016) ("arbitration is a matter of contract, and consequently, the parties to an arbitration can ask for no more impartiality than inheres in the method they have chosen").

In short, the Nolan Declaration amounts to a series of legal conclusions regarding the supposed "sufficiency" of each element of the religious arbitration procedures, culminating in the ultimate legal conclusion that those procedures do not constitute an "arbitration" under the FAA. That is precisely the kind of testimony "replete with legal opinion" that courts have held to be unhelpful and inadmissible under Fed. R. Evid. 702. *Commodores Entm't Corp.*, 879 F.3d at 1129 (explaining that "courts must remain vigilant against the admission of legal conclusions"); *see also Feldman v. Target Corp.*, No. 3:19-cv-419-MMH-PDB, 2021 WL 1172794, at *2 (M.D. Fla. Mar. 29, 2021) ("courts have excluded expert testimony that employs terminology with legal import"). The Nolan Declaration should therefore be rejected on this independent basis.

    c. <u>The Court should reject the Nolan Declaration because it is not admissible evidence for opposing a Motion to Compel Arbitration.</u>

The "Declaration" is also inadmissible under the rules of evidence applicable to a motion to compel arbitration, under which "courts apply the same standard as that applied to a motion for summary judgment." *Sparrow v. EK Real Est. Servs. of NY, LLC*, NO. 4:22-CV-00046-SDJ-CAN, 2023 WL 5166390, at *2 (E.D. Tex. Jan. 20, 2023) (quotation omitted); *see also Martin v. Equifax Info. Servs., LLC*, No. 2:24-CV-1071-SPC-

KCD, 2025 WL 729274, at *2 (M.D. Fla. Mar. 5, 2025) (in context of motion to compel arbitration, noting that "[a] party can object to any material cited to support a fact, including a declaration, if that material cannot be presented in a form that would be admissible in evidence.") (quotation omitted). Consistent with Federal Rule of Civil Procedure 56(c)(4), any declaration relied upon "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the . . . declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Nolan's submission fails these requirements for multiple, independent reasons.

*First*, the Nolan Declaration is not verified and, thus, is not reliable and not admissible. It is not an affidavit because it is not sworn or notarized, and it is not a declaration because Nolan did not execute it in accordance with the requirements of 28 U.S.C. § 1746. Indeed, at the most basic level, the Nolan Declaration lacks any indicia of reliability. It fails to comply with § 1746 because it contains no statement that it is made under penalty of perjury. That defect alone precludes the Court from considering it under the summary judgment standard applicable here. *See Udoinyion v. Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (reversing order that relied on documents that did not satisfy the "standard for an unsworn declaration under § 1746").

*Second*, the Nolan Declaration constitutes inadmissible hearsay (and hearsay upon hearsay). Nolan affirmatively acknowledges that his opinions are based on materials supplied by Plaintiffs, including Plaintiffs' submissions and declarations describing what purportedly occurred during the arbitration. Dkt. No. 209-2 ¶¶ 1, 12.

Nolan was not present at the arbitration, did not witness the proceedings, and does not claim any firsthand knowledge of the facts he purports to analyze. Plaintiffs fundamentally fail to appreciate that a "party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141823, at \*5 (M.D. Fla. Oct. 6, 2014). The Nolan Declaration is precisely such a conduit for inadmissible hearsay: it repeats Plaintiffs' self-serving statements with no indicia of reliability and appends legal conclusions to them. That is the function of advocacy and briefing, not admissible evidence, and it fails Federal Rule of Civil Procedure 56's requirement of personal knowledge and admissible facts.

Accordingly, for these independent reasons, the Nolan Declaration should be disregarded in its entirety.

## **CONCLUSION**

For all of the foregoing reasons, and the reasons stated in the Response, the Second Motion for Reconsideration should be denied and the Declaration of Dennis R. Nolan should be excluded.

Dated: April 7, 2026

/s/ David B. Weinstein
David B. Weinstein (FBN 604410)
weinsteind@gtlaw.com
Brian C. Porter (FBN 0120282)
brian.porter@gtlaw.com
**GREENBERG TRAURIG, P.A.**
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Church of Scientology Flag Ship Service Organization, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 7 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a true and correct copy to all counsel of record.

/s/ *David B. Weinstein*
Attorney