# Exhibit 2

November 15, 2024

**VIA U.S. MAIL**

Mike Ellis, International Justice Chief
6331 Hollywood Boulevard
Los Angeles, CA 90028

   **RE:** **Baxter, et. al. v. Miscavige, et al., USDC, Florida Middle District Case No. 8:22-cv-00986-TPB-JSS**

Dear Mr. Ellis:

   While reserving all rights and objections to arbitration, Plaintiffs in the above-captioned matter intend to commence arbitration with Church of Scientology International (CSI); Religious Technology Center (RTC); International Association of Scientologists Administrations (IASA); Church of Scientology Flag Service Organization, Inc. (FSO); and Church of Scientology Flag Ship Service Organization, Inc. (FSSO) (collectively "Defendants" or "Respondents") pursuant to the Court's March 31, 2023, order (ECF 188)—as affirmed by its July 31, 2024 order (ECF 199)—granting entity Defendants' motions to compel arbitration (ECF 84, 85, 87, 88, and 89) and staying the case.[1] Accordingly, attached, please find Claimants' Statement of Claim.[2] We are concurrently mailing this cover letter and attached Statement of Claim to all Respondents.

---

[1] Plaintiffs expressly reserve our rights to pursue litigation in Court, including without limitation any appeal of the Order granting Defendants' motion to compel arbitration (Doc. 188), challenge to the jurisdiction of the arbitrators, motion to vacate or overturn of the results of arbitration, or otherwise challenge the legitimacy of the arbitration. Plaintiffs expressly do not waive our rights to do so by initiating arbitration pursuant to the Court's Order. In addition, Plaintiffs make the following express objections to arbitrating against any of the Defendants: Plaintiffs object to the jurisdiction and the authority of the International Justice Chief or any Scientology-affiliated person to arbitrate Plaintiffs' claims. Plaintiffs object to participating in Scientology arbitration without counsel. Plaintiffs object to participating in Scientology arbitration without a court reporter. Plaintiffs object to participating in Scientology arbitration without discovery and without the ability to call witnesses.

[2] We, through our attorneys, first attempted to commence arbitration by mailing you and CSI's attorneys a Statement of Claim via certified mail, return receipt requested. Delivery was refused on October 9, 2024. CSI's attorney responded to our attorneys in a letter dated October 21, 2024 and received via U.S. Mail on October 28, 2024, stating that "parties are not represented by attorneys in Scientology ecclesiastical arbitration" and that parties "must personally contact the IJC to initiate any such proceedings." Without waiving our right to counsel, under protest, and reserving all rights to appeal and challenge any procedure not allowing us to be represented by counsel, we are initiating arbitration directly.

November 15, 2024
Page 2

*First*, as noted in our briefing in court (*see* ECF 111 (attached) at 4, 4 n.3, 10-11), the parties disagree as to whether it is clear which of the purported contracts govern any arbitration of this dispute, and the agreements relied on by Defendants conflict as to key procedures, including whether the dispute will be resolved in front of a panel of three arbitrators, as provided in the Enrollment Agreements, or in front of the IJC only, as provided in the later-signed Departure Agreements and Covenants. Accordingly, we request an initial ruling as to which contract governs each Claimant's respective dispute.

Furthermore, as made clear in the Statement of Claim, whether this matter may proceed in Scientology arbitration first requires a finding of whether the purported agreements between the parties are legally valid and enforceable. Accordingly, we also request a preliminary ruling on that question.

*Second*, FSSO's Motion to Compel Arbitration states that the Enrollment Agreements provide that disputes must be resolved through "Scientology Ethics and Justice procedures" (*see* ECF 84 (attached) at 4-5, 7). FSSO's Motion further states that the sole substantive law to be applied is the religious law of Scientology. *Id.* at 4-8 (citing ECF 67-2 ("Weber Decl.") (attached) Exs. A, B, G (signatories are "bound exclusively by the . . . ecclesiastical rule, custom, and law of the Scientology religion" and arbitration will occur "[i]n accordance with" the same); E, F (arbitration "solely by Scientology ecclesiastical authorities applying the principles of the Scientology system of Ethics and Justice")). Please confirm that this list represents the entirety of authority that purportedly governs this arbitration or whether there are other sources of law that may apply.

Additionally, we have not been able to find any such documents through publicly available sources, nor have they been provided to us by Respondents. Please provide us with any and all documents memorializing and codifying these procedural and substantive sources of law. If there are other documents, such as rules of procedure or rules of evidence, that govern this dispute, please provide said documents. For each document, please advise when it first became effective and the dates of any amendments.

*Finally*, while we understand it is Defendants' position that, in Scientology arbitration, Claimants are not allowed to communicate with the IJC or Defendants through our attorneys, we have identified nothing in the purported agreements or publicly available Scientology documents to support a showing that we agreed to waive our right to counsel. If such a document purportedly exists, please provide it to us, as we object to any requirement that we communicate with the IJC, Scientology arbitrator(s), and/or Defendants without counsel.

Regardless of whether that requirement is express in the documents governing Scientology arbitration, we believe such a waiver would be legally invalid under federal law because it would amount to a substantive waiver of one's rights. *See, e.g.*, *Rembert v. Ryan's Fam. Steak Houses, Inc.*, 596 N.W.2d 208, 230 (Mich. Ct. App. 1999) (retaining counsel necessary to "have a fair opportunity to vindicate effectively statutory rights"); *Powell v. Alabama*, 287 U.S. 45, 69 (1932) (recognizing that "refus[ing] to hear a party by counsel, employed by and appearing for him" is "a denial of a hearing, and, therefore, of due process in the constitutional sense"); *F.T.C. v. Lalonde*,

November 15, 2024
Page 3

545 F. App'x 825, 832 (11th Cir. 2013) ("A civil litigant has the right to retain counsel of his choice under the Fifth Amendment's Due Process Clause."); *see also* 28 U.S.C. § 1654.

Furthermore, because we experienced and endured harassment and intimidation since the filing of our lawsuit, we request that any prohibition of counsel be lifted in this matter. In particular, we have been followed by strange cars from our places of employment to our homes; been threatened by erratic and dangerous driving from said vehicles (often with children present), including being driven off the road in at least one instance; been watched by strange men; received threatening notes from strangers; and had family members threatened. We have had goods stolen from our shops and been physically attacked upon confronting shoplifters. We have observed men surveilling our places of work nearly forty times over the course of 18 months and experienced what likely amounts to tortious interference with business, by way of appointments repeatedly being booked, rescheduled, and ultimately cancelled. Accordingly, we request that we be permitted to: (1) communicate with Defendants and the arbitrator(s) through counsel; (2) participate in this matter, to the extent necessary, remotely; and (3) have a court reporter present for any and all hearings, whether virtual or in-person.

To avoid unreasonable delay, we also request that all communications from the IJC and Respondents relating to this arbitration be emailed to the following addresses: gbaxterlegal@proton.me (Gawain Baxter), lbaxterlegal@proton.me (Laura Baxter), and valparis13@myyahoo.com (Valeska Paris).

Sincerely,

*/s/Gawain Baxter*
Claimant

*/s/Laura Baxter*
Claimant

*/s/Valeska Paris*
Claimant

CC:    Church of Scientology International
       Religious Technology Center
       International Association of Scientologists Administrations
       Church of Scientology Flag Service Organization, Inc.
       Church of Scientology Flag Ship Service Organization, Inc.