# Exhibit 8

Gawain Baxter
Laura Baxter
Valeska Paris
Suite 205, Unit 72
3003 W. Olympic Blvd.
Los Angeles, CA 90006-6511

January 2, 2025

**VIA U.S. MAIL**

Mike Ellis, International Justice Chief
6331 Hollywood Boulevard
Los Angeles, CA 90028

> **RE:    Baxter, et. al. v. Church of Scientology International, Inc., et al., Arbitration
> before Church of Scientology International**

Dear Mr. Ellis,

We are writing in response to your recent letter of December 23, 2025. Unfortunately, it does not address the real problems we are facing in this arbitration.

Most importantly, we still do not have **dates** for when our witnesses can testify. Without actual dates, we cannot prepare or move forward in any fair way. We have asked for this information multiple times and still have not received it.

This lack of scheduling is also making the arbitration **very expensive**. Our experts cannot sit around waiting indefinitely. Keeping experts on standby without knowing when they will testify costs a great deal of money. That is not reasonable and makes it very hard for us to continue.

You have stated that this forum is supposed to be efficient and inexpensive. In reality, it has been neither. The way this arbitration is being handled is disorganized and is hurting our ability to present testimony. Without clear direction, structure, or timing, it is becoming impossible to proceed fairly.

A major part of the problem is that there are **no clear rules**. Each time we ask for help or guidance, we are told only that "the rules of Scientology apply." However, no one has explained what those rules are, how they work, or where we can find them. We are being asked to follow rules that have never been clearly stated.

The only real guidance you seem to want to provide is to tell us that if we do not like how the arbitration is being handled, we can quit. That does not help us move the case forward and does not replace basic rules or scheduling.

We also want to address your statement that our December 11, 2025 letter was not received until December 19, 2025. This is exactly why we have asked to communicate by **email**. Email would have avoided this delay entirely. The refusal to agree to email communication only adds to the inefficiency and confusion. It gives the clear impression that the process is being made harder on purpose, rather than easier, and that the goal is to pressure us to give up and leave the arbitration.

At this point, the process is costly, unclear, and unfair. We again ask for:

- Specific dates for witness testimony;
- A clear explanation of the rules that apply; and
- Practical help so this arbitration can move forward in an organized and fair way.

We are still asking for basic cooperation so that testimony can be presented properly. We hope you will finally address these issues directly.

As a courtesy, we are resending you our Request for Production of Documents to All Respondents and our Interrogatories to All Respondents, originally attached to our March 4, 2025 letter.


Sincerely,

*/s/Gawain Baxter*
Claimant

*/s/Laura Baxter*
Claimant

*/s/Valeska Paris*
Claimant


CC:    Church of Scientology International
       Religious Technology Center
       International Association of Scientologists Administrations
       Church of Scientology Flag Service Organization, Inc.
       Church of Scientology Flag Ship Service Organization, Inc.

# CHURCH OF SCIENTOLOGY INTERNATIONAL

|  |  |
|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS,<br><br>　　　　　Claimants,<br><br>　　v.<br><br>DAVID MISCAVIGE; CHURCH OF SCIENTOLOGY INTERNATIONAL, INC.; RELIGIOUS TECHNOLOGY CENTER, INC.; IAS ADMINISTRATIONS, INC.; CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.; and CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC.,<br><br>　　　　　Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CLAIMANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL RESPONDENTS[1]

1. All records relating to Claimants, including internal files, documents, communications, photographs, video recordings, and audio recordings.

2. All travel records relating to Claimants, including flight and accommodation records.

3. All communications relating to Claimants, including communications to and from David Miscavige.

---

[1] Unless otherwise stated, the relevant time period for these requests is from December 12, 1977, to present.

4.     All records of payment or compensation made by Respondents to Claimants.

5.     All records relating to labor and services performed by Claimants for Respondents, including records of hours worked, work assignments, and tasks performed.

6.     All documents signed by Claimants.

7.     All records related to documents signed by Claimants, including any related communications, photographs, video recordings, or audio recordings.

8.     All records relating to the Enrollment Agreements and Covenants signed by Gawain Baxter on July 29, 2001, and February 13, 2003, by Laura Baxter on March 27, 2004, and September 12, 2004, and by Valeska Paris on May 10, 1996, and February 13, 2003, including all records related to the circumstances under which these agreements were signed and any related video or audio recordings.

9.     All records related to conditions experienced by Gawain Baxter, Laura Baxter, and Valeska Paris while aboard the Freewinds, including but not limited to confinement, forced labor, crew work assignments, surveillance, sleep deprivation, discipline, and punishment.

10.    All records relating to mistreatment or physical or sexual abuse or assault of Claimants, including any related reports or communications.

11.    All records relating to raiding, breaking into, sneaking into, forcibly entering, or otherwise entering Claimants' residences without permission, whether on the Freewinds or otherwise.

12.    Without respect to the relevant time period, all policies related to the conduct alleged in the Statement of Claim, including but not limited to: payment or compensation of Sea Org members; labor performed by Sea Org members; surveilling, disciplining, or punishing Sea Org members; the confiscation of personal property or documents (including passports, immigration documents, and identification documents) of Sea Org members; the process for a Sea Org member to leave the Freewinds and/or Scientology; and "fair gaming."

13.    Any Scientology laws or procedures that Claimants were shown, taught, or agreed to.

2

14. All records relating to Claimants' auditing sessions, including auditors' notes, audio recordings, and video recordings.

15. All records of confessions or admissions made or written by Claimants.

16. The Pre-Clear ("PC") folder maintained for each Claimant.

17. The ethics folder maintained for each Claimant, including all records of ethics handlings.

18. All records of "overts and withholds" or "OWs" relating to Claimants.

19. All records of "success stories" relating to Claimants.

20. All records relating to "lower conditions," "security checks," "handlings," "ethics investigations," and interrogations of Claimants.

21. All orders issued by Respondents relating to Claimants, including "non-enturbulation" orders and orders posted on the Freewinds' notice board.

22. All records relating to the EPF program completed by any Claimant.

23. Letters written by Claimants while at Flag Base or aboard the Freewinds, including but not limited to the letters written by Valeska Paris to Shelly Miscavige and Eran Bucci and the letter written by Gawain Baxter to Javier Martinez, and any related communications or records.

24. All records relating to the departures of Claimants from the Freewinds.

25. All records related to the circumstances under which Claimants were permitted to leave the Freewinds, including but not limited to any related policies, such as being sent to an RPF site for "rehabilitation," and any related to the pregnancy of any Claimant.

26. All records relating to the Departure Agreements signed by Claimants, including all records related to the circumstances under which the agreements were signed and any related video or audio recordings.

27. All documents and data captured from Claimants' computers while in the Sea Org.

3

28.   All records, including documents, communications, photographs, video recordings, and audio recordings relating to Valeska Paris while at "RFP ANZO" or in the Sea Org at ANZO.

29.   All documents and communications relating to any "fair gaming" of Claimants, including but not limited to surveillance, business interference, communications with Claimants' families, any contracting, interviewing, hiring, or payment to private investigators tasked with investigating or following Claimants, and any other intimidation or harassment of Claimants.

30.   All records and communications related to the creation and maintenance of the website http://www.valeskaparis.com.

31.   Organizational charts relating to each Respondent.

32.   All documents or records related to any Claimant being declared a "suppressive person."

## CHURCH OF SCIENTOLOGY INTERNATIONAL

|  |  |
|---|---|
| GAWAIN BAXTER, LAURA BAXTER and VALESKA PARIS, | : : : : |
| Claimants, | : : |
| v. | : : : |
| DAVID MISCAVIGE; CHURCH OF SCIENTOLOGY INTERNATIONAL, INC.; RELIGIOUS TECHNOLOGY CENTER, INC.; IAS ADMINISTRATIONS, INC.; CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.; AND CHURCH OF SCIENTOLOGY FLAG SHIP SERVICE ORGANIZATION, INC., | : : : : : : : : : : : |
| Respondents. | : : |

## CLAIMANTS' INTERROGATORIES TO ALL RESPONDENTS

1.   Identify all persons who you believe have any information or knowledge about records relating to Claimants, including internal files, documents, communications, photographs, video recordings, and audio recordings.

2.   Identify all persons who you believe have any information or knowledge about travel records relating to Claimants, including flight and accommodation records.

3.   Identify all persons who you believe have any information or knowledge about communications relating to Claimants, including communications to and from David Miscavige.

4.    Identify all persons who you believe have any information or knowledge about payment or compensation made by Respondents to Claimants during the relevant time period, and state with specificity what information and knowledge you believe they have.

5.    Identify all persons who you believe have any information or knowledge about labor and services performed by Claimants for Respondents, including records of hours worked, work assignments, and tasks performed.

6.    Identify all persons who you believe have any information or knowledge about documents signed by Claimants.

7.    Identify all persons who you believe have any information or knowledge about documents signed by Claimants, including any related communications, photographs, video recordings, or audio recordings.

8.    Identify all persons who you believe have any information or knowledge about the Enrollment Agreements and Covenants signed by Gawain Baxter on July 29, 2001 and February 13, 2003, by Laura Baxter on March 27, 2004 and September 12, 2004, and by Valeska Paris on May 10, 1996 and February 13, 2003, including all records related to the circumstances under which these agreements were signed and any related video or audio recordings.

9.    Identify all persons who you believe have any information or knowledge about conditions experienced by Gawain Baxter, Laura Baxter, and Valeska Paris while aboard the Freewinds, including but not limited to confinement, forced labor, crew work assignments, surveillance, sleep deprivation, discipline, and punishment.

10.    Identify all persons who you believe have any information or knowledge about mistreatment or physical or sexual abuse or assault of Claimants, including any related reports or communications.

11.    Identify all persons who you believe have any information or knowledge about raiding, breaking into, sneaking into, forcibly entering, or otherwise entering Claimants' residences without permission, whether on the Freewinds or otherwise.

12.    Identify all persons who you believe have any information or knowledge about policies related to the conduct alleged in the Statement of Claim, including but not limited to: payment or compensation of Sea Org members; labor performed by Sea Org members; surveilling, disciplining, or punishing Sea Org members; the confiscation of personal property or documents (including passports, immigration documents, and identification documents) of Sea Org members; the process for a Sea Org member to leave the Freewinds and/or Scientology; and "fair gaming."

13.    Identify all persons who you believe have any information or knowledge about Scientology laws or procedures that Claimants were shown, taught, or agreed to.

14.    Identify all persons who you believe have any information or knowledge about records relating to Claimants' auditing sessions, including auditors' notes, audio recordings, and video recordings.

15.    Identify all persons who you believe have any information or knowledge about confessions or admissions made or written by Claimants.

16.    Identify all persons who you believe have any information or knowledge about the Pre-Clear ("PC") folders maintained for each Claimant.

17.    Identify all persons who you believe have any information or knowledge about ethics folders maintained for each Claimant, including all records of ethics handlings.

18.    Identify all persons who you believe have any information or knowledge about "overts and withholds" or "OWs" relating to Claimants.

19.    Identify all persons who you believe have any information or knowledge about "success stories" relating to Claimants.

20.    Identify all persons who you believe have any information or knowledge about "lower conditions," "security checks," "handlings," "ethics investigations," and interrogations of Claimants.

21.    Identify all persons who you believe have any information or knowledge about orders issued by Respondents relating to Claimants, including "non-enturbulation" orders and orders posted on the Freewinds' notice board.

22.    Identify all persons who you believe have any information or knowledge about the EPF program completed by any Claimant.

23.    Identify all persons who you believe have any information or knowledge about letters written by Claimants while at Flag Base or aboard the Freewinds, including but not limited to the letters written by Valeska Paris to Shelly Miscavige and Eran Bucci and the letter written by Gawain Baxter to Javier Martinez, and any related communications or records.

24.    Identify all persons who you believe have any information or knowledge about the departures of Claimants from the Freewinds.

25.    Identify all persons who you believe have any information or knowledge related to the circumstances under which Claimants were permitted to leave the Freewinds, including but not limited to any related policies, such as being sent to an RPF site for "rehabilitation," and any related to the pregnancy of any Claimant.

26.    Identify all persons who you believe have any information or knowledge relating to the Departure Agreements signed by Claimants, including all records related to the circumstances under which the agreements were signed and any related video or audio recordings.

27. Identify all persons who you believe have any information or knowledge about documents and data captured from claimants' computers while in the Sea Org.

28. Identify all persons who you believe have any information or knowledge about records, including documents, communications, photographs, video recordings, and audio recordings relating to Valeska Paris while at "RFP ANZO" or in the Sea Org at ANZO.

29. Identify all persons who you believe have any information or knowledge relating to any "fair gaming" of Claimants, including but not limited to surveillance, business interference, communications with Claimants' families, any contracting, interviewing, hiring, or payment to private investigators tasked with investigating or following Claimants, and any other intimidation or harassment of Claimants.

30. Identify all persons who you believe have any information or knowledge about records and communications related to the creation and maintenance of the website http://www.valeskaparis.com.

31. Identify all persons who you believe have any information or knowledge about organizational charts relating to each Respondent.

32. Identify all persons who you believe have any information or knowledge related to any Claimant being declared a "suppressive person."

33. Identify all persons who analyzed or investigated Plaintiff's claims as set forth in the Statement of Claims.

34. State whether Defendants have had any contact with any of the persons identified above with respect to this litigation and/or arbitration.