# Exhibit 12

COHENMILSTEIN

Cohen Milstein Sellers & Toll PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
cohenmilstein.com

Manuel John Dominguez
**O:** 561.515.1400
**D:** 561.515.2604
jdominguez@cohenmilstein.com

August 23, 2024

**<u>VIA EMAIL</u>**

William H. Forman
Winston & Strawn, LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
whforman@winston.com
**Attorneys for CSI**

Christopher G. Oprison
DLA Piper, LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, FL 33131-5341
chris.oprison@dlapiper.com
**Attorneys for Religious Technology
Center, Inc.**

Robert V. Potter, Jr.
Johnson Pope Bokor Ruppel &
Burns, LLP
911 Chestnut Street
Clearwater, FL 33756
BobP@jpfirm.com
**Attorneys for IAS Administrations, Inc.**

Charles M. Harris
Trenan Law
200 Central Avenue, Suite 1600
St. Petersburg, FL 33701
charris@trenam.com
**Attorneys for Church of Scientology Flag
Service Organization, Inc., and Flag Ship Service Organization, Inc.**

COHENMILSTEIN

David B. Weinstein
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602
weinsteind@gtlaw.com

        Re:    *Baxter, et al. v. Miscavige, et al*., USDC, Florida Middle District
                Case No. 8:22-cv-00986-TPB-JSS and U.S. Court of Appeals Case,
                Eleventh Circuit No. 23-90013

Dear Counsel:

While reserving all rights and objections to arbitration, Plaintiffs intend to commence arbitration with the entity Defendants pursuant to the Court's March 31, 2023, order (ECF 188)— as affirmed by its July 31, 2024 order (ECF 199)-- granting entity Defendants' motions to compel arbitration (ECF 84, 85, 87, 88, and 89) and staying the case.

FSSO's Motion to Compel Arbitration states that, under the "Enrollment Agreements," "[t]o effectuate a religious arbitration, the Baxters agreed to submit a request for arbitration to the IJC and designate one arbitrator to hear and resolve the matter." ECF 84 at 5 (quoting Enrollment Agreements ¶ 6.e.i, ii.). Please confirm that is your position regarding the procedure to initiate arbitration. California Rule of Professional Responsibility 2–100, [1] and Rule 4-4.2 of the Rules of Professional Conduct of the Florida Bar preclude direct or indirect contact with a represented party, absent consent of the party's counsel. Please advise whether you consent to us communicating directly with the IJC or whether we should direct communications to the IJC to Mr. Forman, as counsel of record for CSI.

Section 6.e.i of the Enrollment Agreements also require Plaintiffs to submit their request to the entity with whom they have the dispute. Please advise whether you represent the entity Defendants in connection with our Statement of Claim in Arbitration. If you do represent them in connection with our Statement of Claim in Arbitration, please let us know if you are willing to accept service of the Statement of Claim on their behalf.

As noted in Plaintiffs' briefing in court, the Parties disagree as to whether it is clear which of the purported contracts govern any arbitration of this dispute, and the agreements relied on by Defendants conflict as to key procedures, including whether the dispute will be resolved in front of a panel of three arbitrators, as provided in the Enrollment Agreements, or in front of the IJC only, as provided in the later-signed Departure Agreements and Covenants. Accordingly, please inform us as to your position regarding which contract governs each Plaintiff's respective dispute.

1

**COHEN**MILSTEIN

FSSO's Motion to Compel Arbitration asserts that the relevant Scientology Beliefs and Practices are the "Scientology internal Ethics and justice system", "Scientology religious justice codes", the "Scientology jurisprudence system" and the "Church's ethical code of conduct" (ECF 84 at 3-4). FSSO's Motion also states that the Enrollment Agreements provide that disputes must be resolved through "Scientology Ethics and Justice procedures, including, if necessary, binding religious arbitration." ECF 84 at 4-5, 7. Likewise, FSSO's Motion stated that the sole substantive law to be applied is the religious law of Scientology. ECF 84 at 4-8 citing Weber Decl. Exs. A, B, G (signatories are "bound exclusively by the . . . ecclesiastical rule, custom, and law of the Scientology religion" and arbitration will occur "[i]n accordance with" the same); E, F (arbitration "solely by Scientology ecclesiastical authorities applying the principles of the Scientology system of Ethics and Justice"). Please confirm whether your position is that these documents are the sole procedures and substantive law that will govern this arbitration, or whether there are other sources of law that may apply.

Additionally, we have not been able to find any such documents on publicly available sources. Please provide us with all these sources of law. If there are other documents, such as rules of procedure or rules of evidence, that Defendants believe govern this dispute, please provide us with said documents. For each document, please advise when it first became effective and the dates of any amendments.

Sincerely,

Manuel John Dominguez

:

2